UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHEL SKOLNICK, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 2:24-cv-00326-MRP |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | LEAD PLAINTIFF'S MOTION AND MEMORANDUM OF LAW TO STRIKE EXHIBITS 1-2, 38-40, AND 43-44 TO THE |
| EVOLUTION AB (publ), et al., | ) ) | DECLARATION OF DAVID M.J. REIN IN SUPPORT OF DEFENDANTS' MOTION TO |
| Defendants. | ) ) ) | DISMISS THE AMENDED COMPLAINT |

4924-1152-7949.v1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ....................................................................................................1

II.   LEGAL STANDARD..............................................................................................3

III.  ARGUMENT..........................................................................................................3

        A.     Counsel-Generated Charts Containing Argument Outside of the Pleadings (Exhibits 1 and 2)........................................................................4

        B.     Evolution Meeting Minutes and Proposed Resolution (Exhibits 38-40).................5

        C.     Undated Screenshot of Evolution's Website (Exhibit 43)......................................7

        D.     Flutter Entertainment plc Form 10-K Filed on March 26, 2024 (Exhibit 44)........8

        E.     Documents Unopposed for Limited Judicial Notice................................................9

IV.  CONCLUSION.....................................................................................................10

4924-1152-7949.v1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Binder v. PPL Corp.*,
  2024 WL 1096819 (E.D. Pa. Mar. 12, 2024) (Perez, J.).............................................................9

*Doe v. Princeton Univ.*,
  30 F.4th 335 (3d Cir. 2022) ...................................................................................................3, 7

*Durnack v. Ret. Plan Comm. of Talen Energy Corp.*,
  2021 WL 4149145 (E.D. Pa. Sept. 13, 2021) ........................................................................3, 6

*Enrunda Trading Co. Ltd. v. MTM Trading LLC*,
  2018 WL 11241079 (D.N.J. Mar. 29, 2018).............................................................................6

*Glob. Outreach, LLC v. YA Glob. Invs., L.P.*,
  2013 WL 1339173 (D.N.J. Mar. 28, 2013)...............................................................................6

*Hall v. Johnson & Johnson*,
  2019 WL 7207491 (D.N.J. Dec. 27, 2019)............................................................................6, 9

*Healey Alt. Inv. P'ship v. Royal Bank of Can.*,
  2010 WL 5055804 (D.N.J. Dec. 2, 2010)..................................................................................7

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997)...................................................................................................3

*In re: Enzymotec Sec. Litig.*,
  2015 WL 8784065 (D.N.J. Dec. 15, 2015)................................................................................5

*In re New Century TRS Holdings, Inc.*,
  502 B.R. 416 (Bankr. D. Del. 2013) .......................................................................................10

*In re Synchronoss Sec. Litig.*,
  705 F. Supp. 2d 367 (D.N.J. 2010)...........................................................................................8

*In re Viropharma, Inc. Sec. Litig.*,
  2003 WL 1824914 (E.D. Pa. April 7, 2003)..............................................................................7

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ...................................................................................................1

*Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*,
  26 F.3d 375 (3d Cir. 1994)........................................................................................................2

*McDermid v. Inovio Pharms., Inc.*,
  520 F. Supp. 3d 652 (E.D. Pa. 2021) .......................................................................................8

4924-1152-7949.v1

**Page**

*Moss v. Sal Lapio, Inc.*,
    467 F. Supp. 3d 259 (E.D. Pa. 2020) .......................................................6

*Pa. Dep't of Human Servs. v. United States*,
    897 F.3d 497 (3d Cir. 2018).....................................................................3

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192 (3d Cir. 1993)...................................................................6

*Ricoh Co. Ltd. v. Oki Data Corp.*,
    2010 WL 3908603 (D. Del. Sept. 30, 2010).............................................6

*Ryanair DAC v. Booking Holdings Inc.*,
    636 F. Supp. 3d 490 (D. Del. 2022)........................................................10

*Schmidt v. Skolas*,
    770 F.3d 241 (3d Cir. 2014).....................................................................3

*Silverman v. Crown Cork & Seal Co. Pension Plan*,
    2007 WL 9812749 (E.D. Pa. Aug. 24, 2007) ..........................................8

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007)...............................................................................4, 7

*Todd v. Tempur-Sealy Int'l, Inc.*,
    2016 WL 5746364 (N.D. Cal. Sept. 30, 2016) ........................................4

*Tomaszewski v. Trevena, Inc.*,
    482 F. Supp. 3d 317 (E.D. Pa. 2020) ......................................................1

## STATUTES, RULES, AND REGULATIONS

Federal Rule of Civil Procedure
    Rule 12(f)...............................................................................................1, 3

Federal Rules of Evidence
    Rule 201 ..........................................................................................2, 3, 5, 7
    Rule 201(b) ............................................................................................3, 8

4924-1152-7949.v1

Lead Plaintiff St. Clair County Employees' Retirement System and City of Sterling Heights Police & Fire Retirement System ("Plaintiff"), by and through its undersigned counsel, will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") for an order striking Exhibits 1-2, 38-40, and 43-44 to the Declaration of David M.J. Rein in Support of Defendants' Motion to Dismiss the Amended Complaint (ECF 44) (the "Rein Declaration").[1]  In support of this motion, Plaintiff respectfully submits the below memorandum of law.

**MEMORANDUM OF LAW**

## I.    INTRODUCTION

Defendants[2] ask this Court to take judicial notice of 44 separate exhibits in connection with their Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint (ECF 43-1) (the "Motion" or "MTD").  As a court in this District recently recognized, however, such efforts by defendants to present their own version of the facts at the pleading stage has become a "'concerning pattern in securities cases'" like this one that burdens the court and prejudices plaintiffs. *Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 329 (E.D. Pa. 2020) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)).  While the Court may consider certain materials referenced in the Complaint for the limited purpose of acknowledging their contents, Defendants have submitted a significant amount of extrinsic material in support of irrelevant or disputed factual arguments that are improperly considered at the pleading stage.

---

[1]    All "Exhibit __" or "Ex. __" references are to Defendants' exhibits attached to the Rein Declaration.  All "¶_" or "¶¶_" references are to the Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF 40) ("Complaint").

[2]    Defendants in this case are Evolution AB (publ) ("Evolution"), Martin Carlesund ("Carlesund"), and Jacob Kaplan ("Kaplan").  Carlesund and Kaplan are collectively referred to herein as the "Individual Defendants."  The Individual Defendants and Evolution are collectively referred to herein as "Defendants."

- 1 -

First, Plaintiff objects to the Court's consideration of Exhibits 1-2, 38-40, and 43-44, as these documents are not referenced in the Complaint and are not proper subjects of judicial notice under Federal Rule of Evidence 201 ("Rule 201").  Defendants' Motion reveals that the purported "facts" Defendants cite these materials for are irrelevant, unnecessarily duplicative, or subject to reasonable dispute – and have been offered in support of fact-dependent arguments that cannot be resolved on a motion to dismiss.  The Court should therefore strike Exhibits 1-2, 38-40, and 43-44, along with all references in the Motion based on those materials.

Second, Defendants' attempt to introduce any extrinsic evidence here was procedurally improper.  They did not submit a motion for judicial notice—or even request judicial notice in their brief.  Instead, without any analysis, Defendants impliedly claimed in a footnote on page 3 of their Motion that all 44 exhibits attached to the Rein Declaration are properly subject to judicial notice. MTD 3 n.1.  By failing to move for judicial notice of their exhibits in conjunction with their Motion—or meaningfully raise the argument—Defendants have waived it.  *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994).  ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'") (alteration in original).

Nevertheless, pursuant to the doctrine of incorporation by reference, Plaintiff does not object to the Court taking judicial notice of Exhibits 3-37, and 41-42.  While Defendants unnecessarily lard the record with hundreds of pages that are irrelevant to the Complaint and Motion, Plaintiff has quoted or otherwise relied upon portions of these documents in the Complaint.  Still, the Court may not consider these exhibits for the truth of the matters asserted therein or to resolve factual disputes at this stage.

4924-1152-7949.v1

## II.    LEGAL STANDARD

Pursuant to Rule 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  As a general rule, courts ruling on a motion to dismiss may "'consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.'" *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).  There are two narrow exceptions to this rule.  First, a court can consider the text of an undisputedly authentic document that is integral to a plaintiff's claim. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  In this context, "what is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Durnack v. Ret. Plan Comm. of Talen Energy Corp.*, 2021 WL 4149145, at *2 (E.D. Pa. Sept. 13, 2021).  Second, Rule 201 permits a court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Even when a court does properly consider extraneous materials, its consideration "only goes so far." *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022).  If a court takes judicial notice under either of the above exceptions, it must not take notice of the truth of any matters that can be reasonably contested. *See Pa. Dep't of Human Servs. v. United States*, 897 F.3d 497, 514 (3d Cir. 2018) (no clear error in district court's refusal to take judicial notice of regulatory interpretation that provided some support for one party's position but was not "indisputable").

## III.    ARGUMENT

Exhibits 1-2, 38-40, and 43-44 are not referenced or relied upon in the Complaint and do not meet the requirements of Rule 201.  These documents each contain contested facts that are not "generally known" or "accurately and readily" determined. Fed. R. Evid. 201(b).  As discussed

- 3 -

below, the Court should strike these exhibits from the record, along with all references based on those materials.

**A.    Counsel-Generated Charts Containing Argument Outside of the Pleadings (Exhibits 1 and 2)**

Defendants improperly offer Exhibits 1 and 2 for the sole purpose of presenting additional arguments against falsity and scienter which they could not fit into their 25-page limited Motion. Exhibit 1 is a 9-page, counsel-generated chart of the alleged misstatements that claims to list "certain of the grounds on which Defendants seek dismissal." Rein Declaration at 1. Defendants have transformed what could be a useful organizational tool into an opportunity to present counterfactuals and affirmative defenses on the motion to dismiss. This is patently improper at this stage. *See*, *e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (holding that courts must accept all allegations in the complaint as true and draw all inferences in plaintiffs' favor in securities fraud cases). For example, other than providing a general citation to Exhibit 1 (MTD at 6), Defendants' Motion only briefly mentions two of the five alleged misstatements regarding Evolution's customers' compliance with local gambling regulations. *See* MTD at 15 (citing ¶¶52, 56). Even then, as discussed in more detail in Lead Plaintiff's Opposition to Defendants' Motion to Dismiss the Amended Complaint (the "Opposition"), filed concurrently, Defendants' only analysis of the misstatement at ¶52 is that the word "full" renders the entire statement inactionable opinion. *See* MTD at 15. Yet, Exhibit 1 purports to mount seven ***additional*** defenses against Defendants' liability for ¶52. Ex. 1 at 2-3. The chart also contains a significant amount of extraneous underlined text Defendants added to the misstatements that do not appear in the Complaint. Exhibit 1 is clearly prejudicial as Plaintiff must respond to each of Defendants' arguments, whether or not they actually appear in Defendants' Motion, and still adhere to the stipulated page limit for Plaintiff's Opposition. *See Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 5746364, at *4, n.3 (N.D. Cal. Sept. 30, 2016) ("It is difficult to view this appendix as anything other than an unsubtle vehicle for deliberately

- 4 -

circumventing the page limits imposed on the parties' briefing."). The Court should strike Exhibit 1 in its entirety.

Exhibit 2 is another 23-page chart of counsel's creation that purports to summarize some of Evolution's risk disclosures between February 14, 2019 and October 12, 2023 ("the Class Period") through a cut and paste of material contained in other exhibits submitted by Defendants. Similar to Exhibit 1, Defendants rely on Exhibit 2 to infuse facts outside the Complaint and to bolster their falsity arguments by claiming that certain statements were allegedly accompanied by the applicable cautionary language. But, whether Defendants' alleged risk disclosures were sufficient is an inherently factual issue inappropriate for resolution on a motion to dismiss. *In re: Enzymotec Sec. Litig.*, 2015 WL 8784065, at *15 (D.N.J. Dec. 15, 2015) ("whether disclosure was required is best left to the trier of fact, since whether a prior disclosure is inaccurate, incomplete, or misleading in light of all of the evidence is a mixed question of law and fact"). If anything, Exhibit 2 is burdensome to the Court as it is unnecessarily duplicative of the voluminous panoply of exhibits Defendants seek to judicially notice. The Court should strike Exhibit 2.

### B.    Evolution Meeting Minutes and Proposed Resolution (Exhibits 38-40)

Exhibits 38 and 39 purport to be minutes of Evolution's Extraordinary General Meeting, dated January 16, 2020, and Evolution's 2022 Annual General Meeting, dated April 8, 2022, respectively, translated from Swedish to English. Exhibit 40 purports to be Evolution's Board of Directors' proposal regarding the Company's re-purchase of warrants. The Complaint does not reference or rely upon any of these exhibits. This Court's consideration of Exhibits 38-40 is also not appropriate under Rule 201 as they do not contain adjudicative facts and they are subject to reasonable dispute.

Defendants erroneously argue Exhibit 38 is judicially noticeable because it is an "undisputedly authentic document." MTD at 10 n.6. This is simply false. In fact, courts in this

- 5 -

Circuit routinely find documents like Exhibits 38 and 39 unsuitable for judicial notice because they contain a significant amount of translated text and fail to provide any certification as to the authenticity of the translation. *See Ricoh Co. Ltd. v. Oki Data Corp.*, 2010 WL 3908603, at *4 (D. Del. Sept. 30, 2010) (declining to take judicial notice of English translations of Japanese documents "as they are neither generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *Glob. Outreach, LLC v. YA Glob. Invs., L.P.*, 2013 WL 1339173, at *4 (D.N.J. Mar. 28, 2013) (judicial notice of translated documents improper "because the authenticity, veracity, and contents of the documents were never tested through any discovery"); *Enrunda Trading Co. Ltd. v. MTM Trading LLC*, 2018 WL 11241079, at *4 n.7 (D.N.J. Mar. 29, 2018) (similar).[3]  Even if Exhibits 38 and 39 were undisputedly authentic (they are not), consideration of these materials is still inappropriate because Plaintiff's claims are not based on these documents. *See Durnack*, 2021 WL 4149145, at *2.

At bottom, the Court should decline to consider Exhibits 38-40 because Plaintiff contests Defendants' version of the purported "facts" contained therein. Defendants attempt to use Exhibits 38-40 to further their argument that Carlesund and Kaplan's insider sales do not indicate their scienter because the sales "were approved by Evolution shareholders[.]" *See* MTD at 10, 21.  The propriety of Defendants' sales is a key factual dispute in this case, and thus, is not subject to judicial notice at this stage. *See Hall v. Johnson & Johnson*, 2019 WL 7207491, at *11 (D.N.J. Dec. 27,

---

[3]   Defendants' citation to *Moss v. Sal Lapio, Inc.*, 467 F. Supp. 3d 259, 264 (E.D. Pa. 2020). (MTD at 10, n.6) is entirely unhelpful.  There, the exhibit attached to the defendant's motion to dismiss was a consent assessment authored by the Commonwealth of Pennsylvania Department of Environmental Protection written entirely in English. *See* 2:19-CV-03210, ECF 12-3 at 6-11.  Additionally, *Sal Lapio* clarified that "'[c]ourts have defined a public record, for purposes of what properly may be considered on a motion to dismiss, to include ... letter decisions of government agencies ... and published reports of administrative bodies.'" *Id.* at 267, n.2 (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993)).  As documents authored by a foreign corporation, Exhibits 38 and 39 do not meet this definition of "public record."

4924-1152-7949.v1

2019) (declining a request to take judicial notice of document that would require the court to "delve" into factual matters at the center of the parties' contest). While a defendant may raise opposing inferences on the element of scienter, the Supreme Court has clearly held that any such inferences must be "rationally drawn from the facts alleged." *Tellabs*, 551 U.S. at 314; *see also In re Viropharma, Inc. Sec. Litig.*, 2003 WL 1824914, at *1 (E.D. Pa. April 7, 2003) ("If a court adopted the approach of considering such documents for the truth of the matter asserted therein, it would be authorizing a trial by public documents, and thus imprudently expanding the scope of 12(b)(6) motions."). Accordingly, Exhibits 38-40 should be stricken from the record.

> ### C.      Undated Screenshot of Evolution's Website (Exhibit 43)

Exhibit 43 is an undated screenshot of Evolution's website purporting to show the "shareholdings of Messrs. Carlesund and Kaplan." Rein Declaration at 5. The Complaint does not reference or rely upon this exhibit. It is thus only judicially noticeable if it complies with Rule 201. It does not, for several reasons.

First, Defendants cite Exhibit 43, evidence outside the pleading, for its truth to assert that "[t]he Individual Defendants also continued to hold Evolution shares separate and apart from the warrants program." MTD at 22 n.16. As described above, where (as here) Defendants solely offer documents to contest the Complaint's well-pled factual allegations, they are inappropriate for judicial notice. *See Healey Alt. Inv. P'ship v. Royal Bank of Can.*, 2010 WL 5055804, at *1 (D.N.J. Dec. 2, 2010) (denying request for judicial notice where "[t]he documents address the merits of Plaintiff's claims, are not relied upon or integral to the Complaint, and are of disputed authenticity and relevance"); *Doe*, 30 F.4th at 342 ("The proper place to resolve factual disputes is not on a motion to dismiss, but on a motion for summary judgment.").

There is also no basis for the Court to judicially notice Exhibit 43 for the more limited purpose of its existence. Other than the ECF stamp at the top of the document showing the date

Defendants filed Exhibit 43, there is no indication of what point-in-time this screenshot was captured.[4]  Neither Defendants' Motion nor the Rein Declaration offer an answer to this question. Moreover, the contents of Exhibit 43 are unclear on its face.  Without any explanation in the exhibit itself, or Defendants' Motion, Exhibit 43 purports to show the Individual Defendants' "[r]ights through warrant program 2023/2026."  *See* Exhibit 43.  These "facts" are not "generally known" or "accurately and readily" determined.  Fed. R. Evid. 201(b); *see In re Synchronoss Sec. Litig.*, 705 F. Supp. 2d 367, 390 (D.N.J. 2010) ("accurate records or other sources of a judicially-noticed fact must necessarily exist and be known to the court to enable even the very consideration of whether the fact is amenable to judicial notice"); *Silverman v. Crown Cork & Seal Co. Pension Plan*, 2007 WL 9812749, at *1 n.1 (E.D. Pa. Aug. 24, 2007) ("Because at least some dispute exists as to the authenticity and completeness of the documents, the Court is unwilling to consider their substance for the purpose of ruling on Defendant's Motion to Dismiss.").

Finally, judicial notice of Exhibit 43 is inappropriate because, absent a date, it is unclear whether this document was ever in the public realm, let alone at any point during the Class Period. Courts do not take judicial notice of documents that are "irrelevant to [p]laintiffs' claims . . . during the class period." *McDermid v. Inovio Pharms., Inc.*, 520 F. Supp. 3d 652, 658 n.1 (E.D. Pa. 2021). For all of these reasons, the Court should decline to take judicial notice of Exhibit 43.

**D.    Flutter Entertainment plc Form 10-K Filed on March 26, 2024 (Exhibit 44)**

Defendants seek judicial notice of Exhibit 44, a third-party SEC Form 10-K published on March 26, 2024, to confusingly argue that "the Complaint provides no explanation of how Evolution

---

[4]    Every other exhibit Defendants seek to judicially notice, other than the two counsel-generated charts (Exhibits 1 and 2), are dated.

- 8 -

4924-1152-7949.v1

'joined' Flutter [Entertainment plc]."[5]  MTD at 8 n.5.  Defendants' literal interpretation of the word

"joined" as Plaintiff used it in the Complaint is an illogical reading of Plaintiff's allegations and

attempts to divert the Court's attention from assessing Plaintiff's well-pled Complaint.  As explained

in Plaintiff's Opposition, Plaintiff alleges that Evolution entered into a deal with Flutter

Entertainment plc in October 2019 to establish a relationship with Betfair, the world's largest online

betting exchange.  ¶63(f)(ii).  Of course, the Complaint does not reference or rely upon Exhibit 44 as

it is irrelevant to these allegations.  Moreover, judicial notice of Exhibit 44 is inappropriate because

it post-dates the Class Period.  *See Hall*, 2019 WL 7207491, at *10 (declining to take judicial notice

of an exhibit "issued . . . three months after the close of the Class Period . . . [because] it arguably

ha[d] minimal relevance to the claims at issue").  In sum, Exhibit 44 was not issued to the market

during the Class Period, and none of its contents have any actual bearing on the issues presented by

Defendants' Motion.  The Court should therefore decline to take judicial notice of Exhibit 44.

## E.    Documents Unopposed for Limited Judicial Notice

Plaintiff does not oppose judicial notice of Exhibits 3-37, and 41-42 as they include

documents Plaintiff cited or relied on in the Complaint, or documents that contain facts that Plaintiff

does not currently contest.  But to the extent Defendants cite to these exhibits for the truth of

contested matters discussed in support of their Motion, the Court should not take notice of those so-

called "facts."  *See Binder v. PPL Corp.*, 2024 WL 1096819, at *2 (E.D. Pa. Mar. 12, 2024) (Perez,

J.) (declining to take judicial notice where "Defendants undoubtedly attach the twenty-four exhibits

for the truth of the facts therein to support their defense on the merits.").  Additionally, although

consideration of Exhibits 3-26 is proper under the doctrine of incorporation by reference, Defendants

selectively seek judicial notice of certain pages within those documents.  If the Court considers these

---

[5]   The Rein Declaration incorrectly lists the publication date of Exhibit 44 as March 24, 2024. The actual publication date is March 26, 2024.

4924-1152-7949.v1

documents at all, it should review them in their entirety. *See Ryanair DAC v. Booking Holdings Inc.*, 636 F. Supp. 3d 490, 498 (D. Del. 2022) (declining to take judicial notice of defendant company's 10-K because it was missing pages); *In re New Century TRS Holdings, Inc.*, 502 B.R. 416, 424 (Bankr. D. Del. 2013) (declining to take judicial notice of an SEC filing that was missing six pages).

IV.    **CONCLUSION**

For the reasons stated herein, the Court should strike Exhibits 1-2, 38-40, and 43-44.

DATED:  January 13, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)

s/ DEBRA J. WYMAN
DEBRA J. WYMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

BERGER MONTAGUE PC
MICHAEL DELL'ANGELO
ANDREW D. ABRAMOWITZ
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215/875-3000
mdellangelo@bm.net
aabramowitz@bm.net

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

- 10 -

4924-1152-7949.v1

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion is made following a conference of counsel pursuant to Judge Perez's Policies and Procedures Section III(B), which took place on January 7, 2025. *See* Declaration of Jessica E. Robertson in Support of Lead Plaintiff's Motion and Memorandum of Law to Strike Exhibits 1-2, 38-40, and 43-44 to the Declaration of David M.J. Rein in Support of Defendants' Motion to Dismiss the Amended Complaint, filed concurrently herewith.

4924-1152-7949.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 13, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DEBRA J. WYMAN
DEBRA J. WYMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  dwyman@rgrdlaw.com

4924-1152-7949.v1

# Mailing Information for a Case 2:24-cv-00326-MRP SKOLNICK v. EVOLUTION AB (publ) et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **GULLIVER BRADY**
  bradyg@sullcrom.com

- **MICHAEL C. DELL'ANGELO**
  mdellangelo@bm.net,eyork@bm.net,sleo@bm.net,courtmail@bm.net,csimon@bm.net,jgionnette@bm.net

- **WILLIAM B FEDERMAN**
  wbf@federmanlaw.com,law@federmanlaw.com,7874193420@filings.docketbird.com

- **MARK W. FIDANZA**
  mfidanza@reedsmith.com,docketingecf@reedsmith.com,reed-smith-2312@ecf.pacerpro.com,mark-fidanza-8486@ecf.pacerpro.com,jhenry@reedsmith.com,eselfridge@reedsmith.com

- **ROBERT J. GIUFFRA , JR**
  giuffrar@sullcrom.com

- **Julia Lueddeke**
  jlueddeke@reedsmith.com,julia-lueddeke-1525@ecf.pacerpro.com,gplover@reedsmith.com

- **JULIA A. MALKINA**
  MALKINAJ@SULLCROM.COM

- **SHANNON ELISE MCCLURE**
  smcclure@reedsmith.com,Docketingecf@reedsmith.com,reed-smith-2312@ecf.pacerpro.com,shannon-mcclure-1157@ecf.pacerpro.com,eselfridge@reedsmith.com

- **DAVID M. PROMISLOFF**
  david@prolawpa.com

- **DAVID M.J. REIN**
  reind@sullcrom.com

- **Jessica E. Robertson**
  jrobertson@rgrdlaw.com,e_file_sd@rgrdlaw.com,TerreeD@rgrdlaw.com

- **RACHEL SKOLNICK**
  wbf@federmanlaw.com

- **LAURA SABRINA STEIN**
  lstein@rgrdlaw.com,e_file_sd@rgrdlaw.com,DWatts@rgrdlaw.com

- **DEBRA J. WYMAN**
  debraw@lerachlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)