**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| RACHEL SKOLNICK, individually and on behalf of all others similarly situated, <br><br>            Plaintiff, <br><br>     v. <br><br> EVOLUTION AB (PUBL), MARTIN CARLESUND, and JACOB KAPLAN, <br><br>           Defendants. | Civ. Action No. 2:24-cv-00326-MRP |

**MEMORANDUM OF LAW IN OPPOSITION**
**TO PLAINTIFFS' MOTION TO STRIKE**

Robert J. Giuffra, Jr. (admitted *pro hac vice*)
David M.J. Rein (admitted *pro hac vice*)
Julia A. Malkina (admitted *pro hac vice*)
Gulliver Brady (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com
bradyg@sullcrom.com

Shannon McClure
Mark W. Fidanza
Julia Lueddeke
REED SMITH LLP
Three Logan Square, Suite 3100
1717 Arch Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 851-8100
smcclure@reedsmith.com
mfidanza@reedsmith.com
jlueddeke@reedsmith.com

*Counsel for Defendants Evolution AB (publ),*
*Martin Carlesund, and Jacob Kaplan*

January 27, 2025

**TABLE OF CONTENTS**

*Page*

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT.................................................................................................................................2

I.    PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE IT SEEKS
      IMPERMISSIBLE RELIEF ...............................................................................................2

II.   PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE COURT
      MAY CONSIDER EACH CHALLENGED EXHIBIT ................................................3

      A.    The Court May Consider Defendants' Summary Charts....................................... 4

      B.    The Court May Consider Evolution's Shareholder Meeting Materials.................. 7

      C.    The Court May Consider the Total Number of Evolution Shares the
            Individual Defendants Hold.................................................................................... 9

      D.    The Court May Consider Flutter Entertainment's Annual Report........................ 10

CONCLUSION ...........................................................................................................................10

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Amalgamated Bank* v. *Yost*,
　2005 WL 226117 (E.D. Pa. Jan. 31, 2005) ................................................................9

*Azurous* v. *Kennedy Intternational, Inc.*,
　2024 WL 3219663 (D.N.J. June 28, 2024) ...............................................................8

*Berkery* v. *Equifax Information Services LLC*,
　429 F. Supp. 3d 24 (E.D. Pa. 2019) .........................................................................3

*Choi* v. *Keith*,
　2023 WL 2528222 (D.N.J. Mar. 15, 2023).................................................................3

*Garden City Employees' Retirement System* v. *Anixter International, Inc.*,
　395 F. Supp. 3d 516 (W.D. Pa. 2019)........................................................................5

*Howard* v. *Arconic Inc.*,
　395 F. Supp. 3d 516 (W.D. Pa. 2019)........................................................................4

*In re Aetna Securities Litigation*,
　617 F.3d 272 (3d Cir. 2010).................................................................................. 6-7

*In re Anadigics, Inc., Securities Litigation*,
　2011 WL 4594845 (D.N.J. Sept. 30, 2011) ..............................................................8

*In re AppHarvest Securities Litigation*,
　684 F. Supp. 3d 201 (S.D.N.Y. 2023)......................................................................10

*In re Bear Stearns Companies, Inc. Securities, Derivative & ERISA Litigation*,
　763 F. Supp. 2d 423 (S.D.N.Y. 2011)........................................................................7

*In re Burlington Coat Factory Securities Litigation*,
　114 F.3d 1410 (3d Cir. 1997)..........................................................................2, 3, 7

*In re Donald J. Trump Casino Securities Litigation-Taj Mahal Litigation*,
　7 F.3d 357 (3d Cir. 1993)..............................................................................1, 4, 7

*In re NAHC, Inc. Securities Litigation*,
　306 F.3d 1314 (3d Cir. 2002)..................................................................................10

*In re Numerex Corp. Securities Litigation*,
913 F. Supp. 391 (E.D. Pa. 1996) ................................................................................4

*In re NutriSystem, Inc. Derivative Litigation*,
666 F. Supp. 2d 501 (E.D. Pa. 2009) ..........................................................................8

*In re Ocugen, Inc. Securities Litigation*,
659 F. Supp. 3d 572 (E.D. Pa. Mar. 3, 2023) ...........................................................10

*In re PTC Therapeutics, Inc. Securities Litigation*,
2017 WL 3705801 (D.N.J. Aug. 28, 2007) ...........................................................2, 5, 7

*In re Schering-Plough Corp./Enhance Securities Litigation*,
2009 WL 1410961 (D.N.J. May 19, 2009) ..................................................................3

*In re Securities Litigation BMC Software, Inc.*,
183 F. Supp. 2d 860 (S.D. Tex. 2001) ........................................................................6

*Industriens Pensionsforsikring* v. *Becton, Dickinson & Co.*,
2021 WL 2850417 (D.N.J. July 8, 2021)............................................................ 4-5, 6

*Levins* v. *Healthcare Revenue Recovery Group LLC*,
902 F.3d 274 (3d Cir. 2018)........................................................................................7

*Luminent Mortgage Capital, Inc.* v. *Merrill Lynch & Co.*,
652 F. Supp. 2d 576 (E.D. Pa. 2009) ..........................................................................2

*Malin* v. *XL Capital Ltd.*,
499 F. Supp. 2d 117 (D. Conn. 2007)..........................................................................6

*McInerney* v. *Moyer Lumber & Hardware, Inc.*,
244 F. Supp. 2d 393 (E.D. Pa. 2002) ..........................................................................1

*Michigan Carpenters' Pension Fund* v. *Rayonier Advanced Materials, Inc.*,
2019 WL 1429667 (M.D. Fla. Mar. 29, 2019) ............................................................6

*Micholle* v. *Ophthotech Corp.*,
2019 WL 4464802 (S.D.N.Y. Sept. 17, 2019)..........................................................6, 7

*Neer* v. *Pelino*,
2005 WL 8176906 (E.D. Pa. Sept. 23, 2005) ..............................................................4

*Oran* v. *Stafford*,
226 F.3d 275 (3d Cir. 2000)........................................................................................9

*Paydhealth, LLC* v. *Holcombe*,
2024 WL 3403125 (E.D. Pa. July 11, 2024)................................................................3

*Pinkney* v. *Meadville*,
   2022 WL 1616972 (3d Cir. May 23, 2022) ..................................................................8

*Reid* v. *Heartland Payment Systems*,
   2018 WL 488055 (E.D. Pa. Jan. 19, 2018) ...................................................... 1, 2-3

*Schmidt* v. *Skolas*,
   770 F.3d 241 (3d Cir. 2014).............................................................................3, 10

*Silverstein* v. *Globus Medical, Inc.*,
   2016 WL 4478826 (E.D. Pa. Aug. 25, 2016) ........................................................ 3-4

*Todd* v. *Tempur-Sealy International*,
   2016 WL 5746364 (N.D. Cal. Sept. 30, 2016) ........................................................5

*United States* v. *Endo Pharmaceuticals, Inc.*,
   2014 WL 4209006 (E.D. Pa. Aug. 25, 2014) ..........................................................3

*Wallace* v. *Sysstems & Computer Techology Corp.*,
   1997 WL 602808 (E.D. Pa. Sept. 23, 1997) ...........................................................2

**Federal Rules**

Fed. R. Civ. P. 7(a) ....................................................................................................2

Fed. R. Civ. P. 12(f)..............................................................................................1, 2, 3

Fed. R. Evid. 1006 .....................................................................................................8

**PRELIMINARY STATEMENT**

Plaintiffs' motion to strike seven exhibits filed with Defendants' motion to dismiss is an improper attempt to block the Court from considering materials that other courts routinely consider on motions to dismiss federal securities claims.  Two of the exhibits are summary charts that merely list for the Court's convenience (i) Defendants' statements that Plaintiffs claim were misleading; (ii) other statements in the documents containing the challenged statements, as necessary to consider "the complete context" in which the challenged statements were made, *In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig.*, 7 F.3d 357, 369 (3d Cir. 1993); and (iii) the arguments in Defendants' motion to dismiss as to each challenged statement.  The other five exhibits are materials referenced in the Amended Complaint or that are judicially noticeable. Plaintiffs' motion to strike ("Motion" or "Mot.") should be denied for two independent reasons.

*First*, the relief requested by the Motion is impermissible.  Plaintiffs move under Federal Rule of Civil Procedure 12(f) (Mot. at 1), but that rule is limited to striking "from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added).  The seven challenged exhibits ("Exhibits") are not "pleadings," and courts routinely deny similar motions to strike exhibits on this ground alone.  *See, e.g.*, *Reid* v. *Heartland Payment Sys.*, 2018 WL 488055, at \*5 (E.D. Pa. Jan. 19, 2018) ("[T]he Federal Rules of Civil Procedure do not provide for striking a document rather than all or part of a pleading.").  Beyond this basic procedural flaw, motions to strike are "not favored" and should be denied unless the material has "no possible relation to the controversy and may cause prejudice to one of the parties." *McInerney* v. *Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). Plaintiffs do not dispute that all of the Exhibits are related to their claims and Defendants' motion to dismiss, and identify no prejudice warranting this relief.

*Second*, the Court may properly consider each challenged Exhibit. The challenged Exhibits are all materials, or excerpts of materials, that are "integral to or explicitly relied upon in the complaint," that Plaintiffs have "relied upon . . . in framing the complaint," or that are judicially noticeable on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). In ruling on motions to dismiss securities actions, courts in this Circuit regularly consider such exhibits. *See, e.g.*, *Luminent Mortg. Cap., Inc.* v. *Merrill Lynch & Co.*, 652 F. Supp. 2d 576, 588 n.6 (E.D. Pa. 2009) (considering exhibits "referenced in" and "integral to the Amended Complaint"); *In re PTC Therapeutics, Inc. Sec. Litig.*, 2017 WL 3705801, at \*3 n.5 (D.N.J. Aug. 28, 2007) (declining to strike chart that "compares the alleged misstatements side-by-side with defendants' arguments as to why those statements are not false or misleading"); *Wallace* v. *Sys. & Comput. Tech. Corp.*, 1997 WL 602808, at \*6 (E.D. Pa. Sept. 23, 1997) (SEC filings "contain some of the very same information that plaintiffs specifically claim defendants omitted" and show that "the alleged omissions were actually disclosed").

## ARGUMENT

### I.  PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE IT SEEKS IMPERMISSIBLE RELIEF.

Federal Rule of Civil Procedure 12(f) permits a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Exhibits plainly are not "pleadings," and Plaintiffs do not claim otherwise.[1] Nor are the Exhibits an "insufficient defense" or "redundant, immaterial, impertinent, or scandalous matter." Because "the Federal Rules of Civil Procedure do not provide for striking a document rather than all or part of a pleading," courts regularly deny as procedurally improper motions like Plaintiffs' that seek to

---

[1]  Federal Rule of Civil Procedure 7(a) defines "pleadings" as "a complaint," "an answer to a complaint," "an answer to a counterclaim designated as a counterclaim," "an answer to a crossclaim," "a third-party complaint," "an answer to a third-party complaint," and "if the court orders one, a reply to an answer."

strike exhibits to a motion to dismiss. *Reid*, 2018 WL 488055, at *5; *see, e.g.*, *Berkery* v. *Equifax Info. Servs. LLC*, 429 F. Supp. 3d 24, 30 (E.D. Pa. 2019) ("[M]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."); *In re Schering-Plough Corp./Enhance Sec. Litig.*, 2009 WL 1410961, at *2 (D.N.J. May 19, 2009) (motion to strike exhibits to motion to dismiss "is procedurally incorrect").[2]  Because Rule 12(f) does not authorize striking the challenged Exhibits, Plaintiffs' Motion must be denied on this basis alone.

## II.      PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE COURT MAY CONSIDER EACH CHALLENGED EXHIBIT.

Putting aside that Rule 12(f) does not authorize a court to "strike" exhibits to a motion to dismiss, all seven challenged Exhibits are properly before the Court.  The Third Circuit has squarely held that on a motion to dismiss, courts may consider documents "integral to or explicitly relied upon in the complaint," documents plaintiffs have "relied upon . . . in framing the complaint," *Burlington*, 114 F.3d at 1426, and "matters of public record" of which a court may take judicial notice, *Schmidt* v. *Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).  Under those settled standards, the Court may consider each challenged Exhibit.

Plaintiffs' assertion that Defendants impermissibly introduce "extrinsic evidence" without "submit[ting] a motion for" or "request[ing]" judicial notice is a red herring.  (Mot. at 2.) Courts frequently take judicial notice of documents on motions to dismiss without need of an additional motion, and Plaintiffs tellingly cite no authority to the contrary.  *See, e.g.*, *Paydhealth, LLC* v. *Holcombe*, 2024 WL 3403125, at *4 n.2 (E.D. Pa. July 11, 2024) (taking "judicial notice of the materials that Defendant appended to her [m]otion [to dismiss]"); *Silverstein* v. *Globus*

---

[2]     *See also Choi* v. *Keith*, 2023 WL 2528222, at *4 (D.N.J. Mar. 15, 2023) (denying "motion to strike" exhibit because exhibits "are not 'pleadings' to which Rule 12(f) applies"); *United States* v. *Endo Pharms., Inc.*, 2014 WL 4209006, at *3 (E.D. Pa. Aug. 25, 2014) ("Motion to Strike is improper" because Rule 12(f) "applies only to pleadings" and "an exhibit attached to [a] filing, does not qualify as a 'pleading'").

*Med., Inc.*, 2016 WL 4478826, at *3 n.2 (E.D. Pa. Aug. 25, 2016) ("The Court may take judicial notice of SEC filings on a motion to dismiss.").

### A.    The Court May Consider Defendants' Summary Charts.

Exhibits 1 and 2 (together, "Summary Charts") are summaries prepared for the Court's convenience listing the statements Plaintiffs challenge and Defendants' surrounding cautionary disclosures.   Under Third Circuit law, the Court must consider each challenged statement on a motion to dismiss in "the complete context in which the author convey[ed] it." *Trump*, 7 F.3d at 369 (no material misstatement in light of "abundance of warnings and cautionary language"); *see, e.g.*, *In re Numerex Corp. Sec. Litig.*, 913 F. Supp. 391, 397 (E.D. Pa. 1996) ("[W]e must view a statement not in a vacuum but in the context of the entire document.").

For each of the eleven challenged statements, to assist the Court, Exhibit 1 lists the Amended Complaint paragraph where the statement is referenced, each Evolution report or earnings call (Exhibits 3 to 37) during the February 14, 2019 through October 25, 2023 putative class period containing the statement, and the "[r]easons [the] statement is not false, material, or otherwise actionable, as described in" the motion to dismiss.  (Ex. 1 at 1 n.1.)  Exhibit 2 quotes verbatim the risk disclosures made by Evolution in Exhibits 3 to 37 and provides the relevant page numbers.  Plaintiffs concede that the Court may consider Exhibits 3 to 37.[3]  (Mot. at 9.)

There should be no serious question that the Court can consider these Summary Charts prepared for its convenience.  On motions to dismiss securities claims, courts regularly consider exhibits like Exhibit 1 that "compile[] for the Court in a coherent fashion the alleged

---

[3]    Plaintiffs claim that the Court should consider the Evolution financial reports excerpted in Exhibits 3 to 26 "in their entirety."  (Mot. at 9-10.)  Although Defendants provided excerpts of those reports for the Court's convenience, the Court may of course consider the reports in full if it chooses to do so.  But courts routinely consider excerpts of similar documents.  *E.g.*, *Howard* v. *Arconic Inc.*, 395 F. Supp. 3d 516, 529 n.1 (W.D. Pa. 2019) (taking judicial notice of excerpts of SEC filings); *Neer* v. *Pelino*, 2005 WL 8176906, at *1 n.4 (E.D. Pa. Sept. 23, 2005) (same).

misstatements." *Industriens Pensionsforsikring* v. *Becton, Dickinson & Co.*, 2021 WL 2850417, at *2 (D.N.J. July 8, 2021); *see, e.g.*, *PTC Therapeutics*, 2017 WL 3705801, at *3 n.5 (declining to strike chart that "organize[d] portions of the [complaint] (reprinted verbatim) and refer[red] to arguments already raised in the papers"); *Garden City Emps.' Ret. Sys.* v. *Anixter Int'l, Inc.*, 2011 WL 1303387, at *9 (N.D. Ill. Mar. 31, 2011) (declining to strike chart summarizing "statements that Plaintiffs consider misleading together with a reference to the relevant portion of [defendant's] motion to dismiss" and "a short description of why the statement is inactionable").

None of Plaintiffs' arguments for striking Exhibit 1 has merit.  Exhibit 1 does not, as Plaintiffs claim, "mount . . . additional defenses against Defendants' liability," "present[] additional arguments against falsity and scienter" not included in the motion to dismiss, or contain "counterfactuals and affirmative defenses."  (Mot. at 4.)  Rather, for the Court's convenience, Exhibit 1 merely "refer[s] to arguments already raised in the papers" by "compar[ing] the alleged misstatements side-by-side with defendants' arguments as to why those statements are not false or misleading." *PTC Therapeutics*, 2017 WL 3705801, at *3 n.5.[4]  In fact, Exhibit 1 simply repeats in a summary fashion the arguments set forth in Defendants' motion to dismiss as to why the challenged statements are not material misstatements.  (*See* Mot. to Dismiss at 14-20.)  Plaintiffs identify no argument contained in Exhibit 1 that is not also raised in the motion to dismiss brief.[5]  Likewise, Defendants explain in their motion to dismiss how Plaintiffs failed to plead the strong inference of scienter required by the Private Securities Litigation Reform Act of 1995.  (*See* Mot. to Dismiss at 20-25.)  Exhibit 1 references those arguments by stating "the Amended Complaint

---

[4]    Nor is Exhibit 1 comparable to the appendix struck in *Todd* v. *Tempur-Sealy International, Inc.*, which "list[ed] cases that [d]efendants assert[ed] support their arguments."  2016 WL 5746364, at *6 (N.D. Cal. Sept. 30, 2016).  (*See* Mot. 4-5.)

[5]    Defendants do not "only briefly mention[]" two of the Compliance Statements in the brief. (Mot. at 4.)  In fact, Defendants spend several pages addressing why Plaintiffs did not plead material falsity as to any of the five Compliance Statements.  (Mot. to Dismiss at 14-17; *see id.* at 6.)

also does not allege scienter" with a citation to the relevant motion to dismiss pages (Ex. 1 at 1 n.1), which plainly does not constitute "additional argument" about scienter.  (Mot. at 4.)

Plaintiffs' arguments for striking Exhibit 2 are similarly flawed.  "Plaintiff[s] do[] not object to the Court['s]" consideration of Exhibits 3 to 37 (*Id.* at 2), each of which is referenced in the Amended Complaint; Exhibit 2 merely excerpts language from those exhibits.  Courts routinely permit such exhibits for their convenience on motions to dismiss when considering materials referenced in the complaint, and Plaintiffs cite no authority to the contrary.  *See Industriens Pensionsforsikring*, 2021 WL 2850417, at *1-2 (refusing to strike chart that was "reasonably designed to assist in the Court's examination of the alleged misstatements" by identifying alleged misstatements, sources of statements, and relevant cautionary language).[6]

Exhibit 2 does not contain "facts outside the Complaint" or add "falsity arguments." (Mot. at 5.)  Because Exhibit 2 quotes verbatim documents referenced in the Amended Complaint, which Plaintiffs concede the Court may consider (*see id.* at 2), this Exhibit is merely an aid to the Court in considering the documents referenced in the Amended Complaint.  Nor is the full context of the challenged statements a "factual issue" that should not be considered on a motion to dismiss. (*Id.* at 5.)  To the contrary, not considering a statement in its complete context would be "an obvious impediment to [the Court's] evaluation of materiality."  *In re Aetna Sec. Litig.*, 617 F.3d

---

[6]    *See also Micholle* v. *Ophthotech Corp.*, 2019 WL 4464802, at *16 n.19 (S.D.N.Y. Sept. 17, 2019) (declining to strike charts summarizing SEC filings because they were "compilations of voluminous data 'that cannot be conveniently examined by the court'" and defendants "submitted the 'underlying documents . . . for consideration'"); *Mich. Carpenters' Pension Fund* v. *Rayonier Advanced Materials, Inc.*, 2019 WL 1429667, at *3 (M.D. Fla. Mar. 29, 2019) (denying motion to strike charts summarizing risk disclosures because charts were "both helpful and permissible" and "a means of establishing the cautionary statements contained in voluminous documents to which Plaintiffs cite in the Amended Complaint"); *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 884 (S.D. Tex. 2001) (considering chart summarizing SEC filings that was "included only for the court's convenience as a summary of information included in SEC filings attached to the memorandum"); *see also Malin* v. *XL Cap. Ltd.*, 499 F. Supp. 2d 117, 134 (D. Conn. 2007) (same).

272, 285 (3d Cir. 2010); *see, e.g.*, *Trump*, 7 F.3d at 364 ("well-established" for motions to dismiss securities complaints that "a statement or omission must be considered in context").[7]

Finally, neither Summary Chart prejudices Plaintiffs.  Although Plaintiffs claim prejudice from purportedly having to respond to the Summary Charts, the Summary Charts contain no additional argument.  *See PTC Therapeutics*, 2017 WL 3705801, at *3 n.5 (plaintiffs not prejudiced by summary chart that did "nothing more that organize portions of the [complaint] (reprinted verbatim) and refer to arguments already raised in the papers").  Further, "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where the plaintiff has actual notice and has relied upon those documents in framing the complaint."  *Levins* v. *Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279-80 (3d Cir. 2018).  If anything, Defendants would be prejudiced by the Summary Charts' exclusion because "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  *Burlington*, 114 F.3d at 1426.

**B.        The Court May Consider Evolution's Shareholder Meeting Materials.**

Exhibits 38 to 40 are materials contained in the Investor Relations section of Evolution's public website concerning the company's 2020/2023 warrant incentive program ("Warrant Program").  They comprise (i) minutes of a January 16, 2020 meeting where Evolution shareholders approved the Warrant Program (Exhibit 38); (ii) a resolution approved at an April 8, 2022 Evolution shareholder meeting authorizing Evolution to repurchase warrants issued under

---

[7]        The Court may also consider the Summary Charts under Federal Rule of Evidence 1006 because they are "compilations of voluminous data 'that cannot be conveniently examined'" by the Court.  *Micholle*, 2019 WL 4464802, at *16 n.19 (citing Fed. R. Evid. 1006 and considering summary charts on motion to dismiss); *see, e.g.*, *In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, 763 F. Supp. 2d 423, 583 (S.D.N.Y. 2011) (considering on motion to dismiss charts and tables summarizing SEC filings and stock prices as "compilations of voluminous data").  This is "particularly appropriate" here because Defendants "have also submitted the 'underlying documents . . . for consideration.'"  *Micholle*, 2019 WL 4464802, at *16 n.19.

the Warrant Program (Exhibit 40); and (iii) minutes of that April 8, 2022 meeting (Exhibit 39). These documents ("Shareholder Meeting Materials") may be considered for two reasons.

*First*, the Amended Complaint repeatedly cites to the Investor Relations section of Evolution's website. (*See, e.g.*, AC ¶¶ 11, 19 & n.5, 41 n.9.) The Shareholder Meeting Materials also are contained in the Investor Relations section and thus may be considered by the Court as a matter of completeness on Defendants' motion to dismiss. *See Azurous* v. *Kennedy Int'l, Inc.*, 2024 WL 3219663, at *9 n.8 (D.N.J. June 28, 2024) ("[C]ourts are permitted to consider a party's website that was integral to or explicitly relied upon in a complaint."); *In re Anadigics, Inc., Sec. Litig.*, 2011 WL 4594845, at *12 (D.N.J. Sept. 30, 2011) (dismissing securities fraud claim and denying motion to strike exhibits because court "look[s] at the entire body of documentation for the rule of completeness"), *aff'd*, 484 F. App'x 742 (3d Cir. 2012); *see also* Fed. R. Evid. 1006.

*Second*, the Warrant Program is documented in the Annual, Year-End, and Interim Reports referenced throughout the Amended Complaint and located on the Investor Relations section of Evolution's website. (*E.g.*, AC ¶¶ 27, 28, 30, 32-35, 37, 38, 44, 46, 53, 54, 59, 61, 83, 84, 86, 87, 89, 95, 96.) As Plaintiffs rely on those materials in the Amended Complaint, as well as on the online transactions register of Sweden's financial regulator regarding the warrant sales (AC ¶ 101 & n.12), the Shareholder Meeting Materials concerning the same Warrant Program are properly considered for completeness on Defendants' motion to dismiss. *See Pinkney* v. *Meadville*, 2022 WL 1616972, at *2 (3d Cir. May 23, 2022) (court may consider "matters incorporated by reference or integral to the claim"); *see also In re NutriSystem, Inc. Derivative Litig.*, 666 F. Supp. 2d 501, 518 n.11 (E.D. Pa. 2009) (court "can take judicial notice of the public filings showing that the challenged sales . . . were made pursuant to 10b5-1 plans").

Plaintiffs' claim that the Court may not consider the Shareholder Meeting Materials because they "contain a significant amount of translated text" is wrong. (Mot. at 6.) Exhibits 38

to 40 were published in both English and Swedish; these exhibits are not "translated."  Plaintiffs concede that Evolution "publishe[s] its quarterly and Annual Reports, press releases, presentations materials, and other material information of significance to investors on its website in English." (AC ¶ 172(d).)  Because the Shareholder Meeting Materials were published in English, Plaintiffs' cases about inadequate translations (Mot. at 6) are irrelevant.  Finally, Plaintiffs do not point to any prejudice from the Court's consideration of Exhibits 38 to 40.

C.      **The Court May Consider the Total Number of Evolution Shares the Individual Defendants Hold.**

Exhibit 43, which Defendants cite once in a footnote (Mot. to Dismiss at 22 n.16), is a screenshot of Evolution's website listing how many Evolution shares each Individual Defendant held at the time of the filing of Defendants' motion to dismiss.  Where, as here (AC ¶¶ 101-02), a securities fraud complaint alleges the number of "shares" purportedly sold by defendants but fails to "report defendants' total holdings, or the percentage of their holdings that were sold," courts may consider documents showing this information.  *Amalgamated Bank* v. *Yost*, 2005 WL 226117, at *3 (E.D. Pa. Jan. 31, 2005) ("[P]laintiff cannot argue that defendants fraudulently traded on inside information without showing that defendants' trades were suspicious given their total holdings."); *see Oran* v. *Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (taking judicial notice of SEC filings showing "defendants' compensation levels and their total direct stockholdings" to rebut plaintiffs' "attempt to show motive and opportunity for fraud").

To try to circumvent this case law, Plaintiffs challenge Exhibit 43 because it is not dated.  (Mot. at 7-8.)  Defendants cited Exhibit 43 for the simple proposition that the Individual Defendants "continued to hold Evolution shares" after their March 7, 2023 warrant sales.  (Mot. to Dismiss at 22 n.16.)  Irrespective of whether the Court considers Exhibit 43, the same Evolution shareholdings for Messrs. Carlesund and Kaplan are also contained in Evolution's 2023 Annual

Report (Ex. 45 at 65-66), which Plaintiffs reference in the Amended Complaint (AC ¶ 40) and therefore can be considered on that separate basis (*see supra* pp. 8-9).  Here, too, Plaintiffs are silent on any prejudice from the Court's consideration of Exhibit 43.

### D.      The Court May Consider Flutter Entertainment's Annual Report.

Plaintiffs challenge Exhibit 44, which is the Annual Report on Form 10-K filed with the SEC by Flutter Entertainment PLC on March 24, 2024, and which Defendants cite once in a footnote (Mot. to Dismiss at 8 n.5).  (Mot. at 9.)  Plaintiffs claim that "the Complaint does not reference or rely upon Exhibit 44" and that Exhibit 44 "post-dates the Class Period."  (*Id.*)  Plaintiffs' arguments are meritless.

The Third Circuit expressly holds that SEC filings, like Exhibit 44, may be considered on a motion to dismiss because they are "matters of public record of which the court can take judicial notice."  *Schmidt*, 770 F.3d at 249.  Courts routinely take judicial notice of SEC filings that are not referenced in the complaint or that refer to periods outside of a class period.  *See, e.g.*, *In re Ocugen, Inc. Sec. Litig.*, 659 F. Supp. 3d 572, 587 n.13 (E.D. Pa. Mar. 3, 2023) ("appropriate to take judicial notice of . . . public SEC filings" not cited in complaint); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (affirming district court's decision to judicially notice "documents filed with the SEC, but not relied upon in the Complaint"); *In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 239 (S.D.N.Y. 2023) ("[T]he Court may take judicial notice of the exhibits containing the Form 4s that were filed with the SEC after the class period.").  Nor do Plaintiffs identify any prejudice from the Court's consideration of Exhibit 44.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Strike.

January 27, 2025

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr. (admitted *pro hac vice*)
David M.J. Rein (admitted *pro hac vice*)
Julia A. Malkina (admitted *pro hac vice*)
Gulliver Brady (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com
bradyg@sullcrom.com

/s/ *Shannon McClure*
Shannon McClure
Mark W. Fidanza
Julia Lueddeke
REED SMITH LLP
Three Logan Square, Suite 3100
1717 Arch Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 851-8100
smcclure@reedsmith.com
mfidanza@reedsmith.com
jlueddeke@reedsmith.com

*Counsel for Defendants Evolution AB (publ),
Martin Carlesund, and Jacob Kaplan*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2025, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

/s/ *David M.J. Rein*
David M.J. Rein (admitted *pro hac vice*)