UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL SKOLNICK, Individually and on Behalf of All Others Similarly Situated, | ) ) Civ. Action No. 2:24-cv-00326-MRP |
| Plaintiff, | ) ) CLASS ACTION )  ) LEAD PLAINTIFF'S REPLY IN FURTHER |
| vs. | ) SUPPORT OF ITS MOTION AND ) MEMORANDUM OF LAW TO STRIKE |
| EVOLUTION AB (publ), et al., | ) EXHIBITS 1-2, 38-40, AND 43-44 TO THE ) DECLARATION OF DAVID M.J. REIN IN |
| Defendants. | ) SUPPORT OF DEFENDANTS' MOTION TO ) DISMISS THE AMENDED COMPLAINT ) |

Lead Plaintiff St. Clair County Employees' Retirement System and City of Sterling Heights Police & Fire Retirement System ("Plaintiff") respectfully submits this reply memorandum of law in further support of Lead Plaintiff's Motion and Memorandum of Law to Strike Exs. 1-2, 38-40, and 43-44 to the Declaration of David M.J. Rein in Support of Defendants' Motion to Dismiss the Amended Complaint (ECF 46) ("Mot. to Strike" or "MTS").[1]

## I.    INTRODUCTION

Plaintiff does not object to the vast majority of the 44 exhibits Defendants[2] (improperly) submitted with Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint (ECF 43-1) ("Mot. to Dismiss" or "MTD") as the Complaint references or relies upon those materials, focusing instead on the 7 exhibits that are not judicially noticeable. Defendants' arguments that Plaintiff's Mot. to Strike is procedurally infirm is a red herring and specious, at best. Memorandum of Law in Opposition to Plaintiffs' Mot. to Strike (ECF 47) ("Opp.") at 2-3. Defendants failed to request consideration of extraneous materials through the proper channels, *i.e.*, a request for judicial notice under Federal Rule of Evidence 201. MTS at 2. Absent such a request, Plaintiff has properly lodged objections to the Disputed Exhibits via its Mot. to Strike.[3]

Indeed, Defendants' Opp. demonstrates that the Disputed Exhibits are inappropriate for consideration at this stage of litigation. Unable to confront the Complaint's well-pled allegations,

---

[1]    Unless otherwise noted, all "Exhibit __" or "Ex. __" references are to Defendants' exhibits attached to the Declaration of M.J. Rein in Support of Defendants' Motion to Dismiss the Amended Complaint (ECF 44). All "¶_" or ¶¶_" references are to the Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF 40) ("Complaint"). All citations are omitted and emphasis is added unless otherwise stated. Exs. 1-2, 38-40, and 43-44 are collectively referred to herein as the "Disputed Exhibits."

[2]    "Defendants" refer to Evolution AB (publ) ("Evolution"), Martin Carlesund ("Carlesund"), and Jacob Kaplan ("Kaplan"). Carlesund and Kaplan are collectively referred to herein as the "Individual Defendants."

[3]    Defendants' cases (Opp. at 3-4) are inapplicable. *Paydhealth, LLC v. Holcombe*, 2024 WL 3403125, at *4 n.2 (E.D. Pa. July 11, 2024) (all exhibits properly subject to judicial notice); *Silverstein v. Globus Med., Inc.*, 2016 WL 4478826, at *3 n.2 (E.D. Pa. Aug. 25, 2016) (plaintiffs there did not contest judicial notice of SEC filings).

Defendants attempt to raise factual issues by cobbling together a patchwork of alternative facts from numerous extraneous documents neither referenced in the Complaint, nor integral to its allegations, to support their narrative.  Defendants also improperly provide two counsel-generated "summary charts," in part to shoehorn arguments against falsity and scienter they could not fit in their Mot. to Dismiss. Defendants completely ignore case law limiting judicial notice when, as here, a party submits extraneous material for the impermissible purpose of advancing factual arguments on a motion to dismiss.  This is fatal to their Opposition, and the Court should grant Plaintiff's Mot. to Strike.

## II.    ARGUMENT

### A.    This Court Has Authority to Strike the Disputed Exhibits

Courts consistently grant motions to strike where, as here, Securities Exchange Act of 1934 defendants seek to submit exhibits that are not """*integral to or explicitly relied* upon in the complaint.""" *Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 326 (E.D. Pa. 2020) (emphasis in original); *In re ATI Techs., Inc. Sec. Litig.*, 216 F. Supp. 2d 418, 431 (E.D. Pa. 2002) (striking form listing insider stock trades filed with foreign regulator where "the meaning and authenticity of the document remain too ambiguous to be of value on the motion to dismiss"); *In re Astea Int'l Inc. Sec. Litig.*, 2007 WL 2306586, at *8 (E.D. Pa. Aug. 9, 2007) (striking exhibits defendants proffered to explain defendant's restatement, "which plaintiffs implicitly challenge").  In fact, one of the cases Defendants rely upon squarely *rejects* the notion that courts do not have the authority to strike exhibits attached to motions to dismiss.  *See Industriens Pensionsforsikring v. Becton, Dickinson & Co.*, 2021 WL 2850417, at *1 n.4 (D.N.J. July 8, 2021) ("Defendants are wrong in their contention that the Court is not empowered to strike the Appendix" attached to their motion to dismiss.).[4]

---

[4]    Defendants' authority (Opp. 3) is inapt as those cases either: (1) were not subject to the PSLRA discovery stay; or (2) were decided before *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018) in which the Third Circuit held: "It is beyond question that the District Court has the authority to strike filings that fail to comply with its local rules."

**B.    Exhibits 1 and 2 Impermissibly Contain Arguments that Do Not Appear in Defendants' Motion, And Are Misleading**

On their face, Exs. 1 and 2 contain argument that ***does not appear*** in Defendants' Mot. to Dismiss, and should be stricken.

Defendants' assertion that Ex. 1 "simply repeats" arguments already set forth in their motion is belied by the chart itself, which plainly lists additional defenses not included in their motion. Opp. at 5. For example, Defendants did not provide any analysis in their Mot. to Dismiss for their misstatements at ¶¶46, 54 and 59, but Ex. 1 includes at least five alleged "[r]easons that each challenged statement is not false" and additional snippets from the sources of these misstatements. Ex. 1 at 1 n.1. Moreover, Defendants do not contest that they cited only two of the five misstatements regarding Evolution's customers' regulatory compliance (the "Compliance Misstatements") in their Mot. to Dismiss. However, Ex. 1 contains "[r]easons that each challenged statement is not false" for each Compliance Misstatement that appear nowhere in Defendants' motion. *Id.* Defendants fail to identify a single argument in their Mot. to Dismiss tailored to a specific Compliance Misstatement (Opp. at 5 n.5), underscoring that they rely exclusively on Ex. 1 to make arguments concerning those statements.

Defendants' weak characterization of Ex. 1 as a means to assess the context of each misstatement is also unavailing as they have provided the Court with the source documents from which it can assess this "context," rendering Ex. 1 redundant. Indeed, Plaintiff does not object to the Court taking judicial notice of the actual sources of the alleged misstatements. *See* MTS at 2 ("Plaintiff does not object to the Court taking judicial notice of Exhibits 3-37"). Defendants' chart, however, is misleading. For the misstatement at ¶54, for instance, Defendants cherry-picked the text surrounding the misstatement, demonstrating that they are using Ex. 1 to assert their version of the facts, not provide "context" for the alleged misstatements. This is patently improper as it effectively strips the alleged misstatements from the context within which they were pled. *See, e.g., In re Acadia Pharms.*

*Inc. Secs. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (striking exhibit for "presenting additional arguments against falsity which [Defendants] could not fit" in their brief).[5]

Ex. 2 is another counsel-generated chart that purports to summarize Evolution's risk disclosures during the Class Period. Like Ex. 1, Defendants depend on Ex. 2 to make arguments against falsity ***for the first time***. For example, Defendants' Mot. to Dismiss references Evolution's 2018 Annual Report (Ex. 3) once to assert that the phrase "'in a constant state of change'" in the "'Risk Factors'" section renders certain unspecified Compliance Misstatements not misleading. MTD at 6. Yet, their chart includes almost two single-spaced pages of "mere[] excerpts" from Evolution's 2018 Annual Report, amounting to contextual arguments that Defendants should make in their briefing, rather than an exhibit. Opp. at 6. Regardless, Defendants have provided the Court with the underlying source documents, making Ex. 2 redundant as well.[6]

Finally, Defendants' argument that they will be prejudiced by the exclusion of Exs. 1 and 2 is nonsensical as Plaintiff does not object to the Court considering Exs. 3-37, *i.e.*, "the texts of the documents on which [Plaintiff's] claim is based." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d. 1997). Because Exs. 1 and 2 are redundant of these source documents, and contain additional argument and misleading "context," they should be stricken.

---

[5]    Defendants' cases (Opp. at 4-5) are unhelpful. *See Industriens*, 2021 WL 2850417, at *2 (plaintiff there merely argued the defendants' chart constituted an improper extension of defendants' briefing, not that the chart was misleading, as Plaintiff argues here); *In re PTC Therapeutics, Inc. Sec. Litig.*, 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2007) (unlike here, plaintiff did not argue they were prejudiced by defendants' chart); *Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*, 2011 WL 1303387, at *9 (N.D. Ill. Mar. 31, 2011) (plaintiffs submitted responsive misstatements chart, eliminating the prejudice borne out of the defendants' one-sided chart).

[6]    Two of Defendants' cases (Opp. at 6 n.6) do not involve charts containing risk disclosures. *See Micholle v. Ophthotech Corp.*, 2019 WL 4464802, at *16 n.19 (S.D.N.Y. Sept. 17, 2019) and *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 884 (S.D. Tex. 2001). The other two are irrelevant because the plaintiffs in those cases, unlike here, did not dispute the substance of the risk warnings set forth in the defendants' charts. *See Mich. Carpenters' Pension Fund v. Rayonier Advanced Materials, Inc.*, 2019 WL 1429667, at *3 (M.D. Fla. Mar. 29, 2019); *Malin v. XL Cap. Ltd.*, 499 F. Supp. 2d 117, 134 (D. Conn. 2007).

- 4 -

**C.    Exhibits 38-40 Are Not Incorporated by Reference, Objectively Verifiable, or Otherwise Judicially Noticeable**

Exs. 38-40 purport to be Evolution's January 16, 2020 Extraordinary General Meeting minutes, Evolution's 2022 Annual General Meeting minutes, and Evolution's Board of Directors' proposal regarding the Company's re-purchase of warrants.  Defendants argue that Exs. 38-40 are incorporated by reference because they originate from Evolution's website, certain pages of which were referenced in the Complaint.  Opp. at 7-8.  That is not the law.  The Complaint's references to distinct pages of Evolution's website does not render every corner of Evolution's website judicially noticeable.  *See Tomaszewski*, 482 F. Supp. at 329  ("'Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.'"); *Astea Int'l*, 2007 WL 2306586, at *8 (declining to take judicial notice of a company newsletter accessible from its website because "plaintiffs' claims are not based on the documents, nor do they expressly rely on or allege the contents of the documents.").  Defendants cannot point to any actual paragraph in the Complaint that references these materials.  Indeed, none of the four paragraphs Defendants highlight where the Complaint "cites to the Investor Relations section of Evolution's website" (¶¶11, 19 & n.5, 41 n.9; Opp. at 8) discusses or mentions the content in Exs. 38-40.  *See* Exs. 1-3 to the Declaration of Jessica E. Robertson in Support of Lead Plaintiff's Reply in Further Support of Its Motion and Memorandum of Law to Strike Exhibits 1-2, 38-40,  and 43-44 to the Declaration of David M.J. Rein in Support of Defendants' Motion to Dismiss the Amended Complaint, filed concurrently.[7]

---

[7]    Defendants' cases (Opp. at 8) are inapposite.  *Azurous v. Kennedy Int'l, Inc.*, 2024 WL 3219663, at *9 n.8 (D.N.J. June 28, 2024) (judicial notice of plaintiff's website page for its pillow product proper where product's patent was subject of lawsuit); *In re Anadigics, Inc., Sec. Litig.*, 2011 WL 4594845, at *12 (D.N.J. Sept. 30, 2011) (none of the exhibits attached to motion to dismiss were uniquely accessible from defendant company's website), *aff'd*, 484 F. App'x 742 (3d Cir. 2012).  It is unclear why Defendants cite Federal Rule of Evidence 1006 to support its argument that judicial notice of Exs. 38-40 is proper as Exs. 38-40 are clearly not summaries of voluminous materials. Opp. at 8.

Next, Defendants wrongly assert that because some of Defendants' uncontested exhibits discuss Evolution's warrant program, Exs. 38-40 are automatically judicially noticeable because they too reference the warrant program. Opp. at 7-8. This argument presents the very problem the *Khoja* court confronted when it criticized defendants' "exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Defendants offer Exs. 38-40 to support their factual argument that the Individual Defendants' $22 million March 7, 2023 insider sales do not support their scienter. *See* MTD at 10, 21. The law is clear that the Court may not adjudicate such factual questions now, let alone consider material outside the pleadings to resolve a factual dispute.[8] The Court should not consider Exs. 38-40.

**D.     Defendants Submit Exhibit 43 to Contest the Complaint's Well-Pled Allegations**

Ex. 43 is another page from Evolution's website – that is not referenced or relied upon by the Complaint – which is undated but that purports to show that the Individual Defendants "'continued to hold Evolution shares' after their March 7, 2023 warrant sales." Opp. at 9. Without a date, it is impossible to authenticate this document or determine whether it actually shows that the Individual Defendants "continued to hold Evolution shares" after their voluminous March 7, 2023 trades. Even if this exhibit were dated, it would still be inappropriate for judicial notice as Defendants offer it solely to advance their factual assertion that the Individual Defendants' March 7, 2023 sales are protected under some warrant program. Tellingly, Defendants do not submit ***any*** documentation describing the terms of the alleged warrant program itself. Whether the supposed warrant program is a sufficient defense to

---

[8]     *In re NutriSystem, Inc. Derivative Litig.*, 666 F. Supp. 2d 501, 518 n.11 (E.D. Pa. 2009) does not support Defendants' argument. *NutriSystem* confirmed, "courts may take judicial notice of properly authenticated public disclosure documents filed with the SEC." *Id.* at 518 n.9. Exs. 38-40 were not filed with the SEC and the authenticity and accuracy of the translations contained in Exs. 28-39 cannot be readily determined. Unlike Evolution's quarterly and Annual Reports, for example, every section of these meeting minutes is listed in Swedish with italicized English text directly below. It is unclear who generated the translations and whether the English text in Exs. 38-39 is what it purports to be, making judicial notice of these documents improper.

Plaintiff's allegations that Carlesund and Kaplan personally profited from material non-public information is a factual determination that cannot be decided on a motion to dismiss. *See Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022). Accordingly, the Court should not consider Ex. 43.[9]

### E.    Exhibit 44 Is Irrelevant to the Complaint

Ex. 44 is the first three pages of Flutter Entertainment PLC's Form 10-K filed with the SEC on March 24, 2024. Unsurprisingly, Defendants do not even attempt to explain Ex. 44's relevance to the Complaint. Nor could they, as the Complaint's only allegations pertaining to Flutter Entertainment PLC concern Evolution's limited dealings with it in ***October 2019***. *See* ¶63(f)(ii). Judicial notice of an incomplete copy of a third party's Annual Report filed ***five years after*** the dealings Plaintiff's allegations describe is thus clearly inappropriate.[10] The prejudice to Plaintiff should the Court consider Ex. 44 is self-evident – this extraneous material is irrelevant to Plaintiff's claims, confuses the issues, and introduces facts outside of the Complaint to bolster Defendants' improper factual arguments. The Court should decline to consider Ex. 44.

### III.    CONCLUSION

For all the foregoing reasons, as well as those in Plaintiff's Mot. to Strike, Plaintiff respectfully requests that the Court grant its Mot. to Strike Exs. 1-2, 38-40, and 43-44 filed in support of Defendants' Mot. to Dismiss.

DATED: February 3, 2025                           ROBBINS GELLER RUDMAN
                                                                    & DOWD LLP

                                                                    s/ Debra J. Wyman
                                                                    DEBRA J. WYMAN

---

[9]    Recognizing Ex. 43's follies, Defendants attach a new exhibit, Evolution's 2023 Annual Report (Ex. 45), which purports to show the Individual Defendants' shareholdings. Opp. at 9-10. Plaintiff does not object to the Court's consideration of Ex. 45 for the limited purpose of acknowledging its contents. Nevertheless, the Court may not consider Ex. 45 for the truth of the matters asserted therein or to resolve factual disputes at this stage.

[10]    In none of the cases Defendants rely on to support the Court's consideration of Ex. 44 did the courts judicially notice a third party's SEC filings. Opp. at 10.

DEBRA J. WYMAN (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

BERGER MONTAGUE PC
MICHAEL DELL'ANGELO
ANDREW D. ABRAMOWITZ
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215/875-3000
mdellangelo@bm.net
aabramowitz@bm.net

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 3, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DEBRA J. WYMAN
DEBRA J. WYMAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  debraw@rgrdlaw.com

# Mailing Information for a Case 2:24-cv-00326-MRP SKOLNICK v. EVOLUTION AB (publ) et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **GULLIVER BRADY**
  bradyg@sullcrom.com

- **MICHAEL C. DELL'ANGELO**
  mdellangelo@bm.net,eyork@bm.net,sleo@bm.net,courtmail@bm.net,csimon@bm.net,jgionnette@bm.net

- **WILLIAM B FEDERMAN**
  wbf@federmanlaw.com,law@federmanlaw.com,7874193420@filings.docketbird.com

- **MARK W. FIDANZA**
  mfidanza@reedsmith.com,docketingecf@reedsmith.com,reed-smith-2312@ecf.pacerpro.com,mark-fidanza-8486@ecf.pacerpro.com,jhenry@reedsmith.com,eselfridge@reedsmith.com

- **ROBERT J. GIUFFRA , JR**
  giuffrar@sullcrom.com

- **Julia Lueddeke**
  jlueddeke@reedsmith.com,julia-lueddeke-1525@ecf.pacerpro.com,gplover@reedsmith.com

- **JULIA A. MALKINA**
  MALKINAJ@SULLCROM.COM

- **SHANNON ELISE MCCLURE**
  smcclure@reedsmith.com,Docketingecf@reedsmith.com,reed-smith-2312@ecf.pacerpro.com,shannon-mcclure-1157@ecf.pacerpro.com,eselfridge@reedsmith.com

- **DAVID M. PROMISLOFF**
  david@prolawpa.com

- **DAVID M.J. REIN**
  reind@sullcrom.com

- **Jessica E. Robertson**
  jrobertson@rgrdlaw.com,e_file_sd@rgrdlaw.com,TerreeD@rgrdlaw.com

- **RACHEL SKOLNICK**
  wbf@federmanlaw.com

- **LAURA SABRINA STEIN**
  lstein@rgrdlaw.com,e_file_sd@rgrdlaw.com,DWatts@rgrdlaw.com

- **DEBRA J. WYMAN**
  debraw@lerachlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)