**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RACHEL SKOLNICK,
individually and on behalf of all others
similarly situated,

                    Plaintiff,

          v.

EVOLUTION AB (PUBL), MARTIN
CARLESUND, and JACOB KAPLAN,

                    Defendants.

Civ. Action No. 2:24-cv-00326-MRP

**UNOPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendant Evolution AB (publ) ("Evolution AB") respectfully moves under Federal Rule of Civil Procedure 26(c) for entry of the Proposed Stipulated Protective Order attached as Exhibit A (the "Protective Order"). Plaintiffs St. Clair County Employees' Retirement System and City of Sterling Heights Police & Fire Retirement System (together with Evolution AB, the "Parties") consent to entry of the Protective Order. The Protective Order will facilitate the jurisdictional discovery this Court ordered on April 24, 2025 by ensuring Evolution AB may share confidential information that Plaintiffs may seek in jurisdictional discovery.

This Court has "inherent equitable power to grant confidentiality orders." *Pansy* v. *Borough of Stroudsburg*, 23 F.3d 772, 785 (3d Cir. 1994). Courts will grant the parties' request to enter such an order on a showing of "good cause." *Id.* at 785-86. In evaluating whether "good cause" exists, courts consider factors including whether "disclosure would violate any privacy interest." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019). Evolution AB respectfully submits good cause exists here.

*First*, because the Court ordered jurisdictional discovery about "whether an alter ego relationship" exists between Evolution AB "and its United States subsidiaries" (ECF No. 55 ¶ 3), discovery may implicate confidential business information regarding the operations of Evolution AB and the relevant subsidiaries, which would risk harm to Evolution AB if made available to its competitors. *See Zenith Radio Corp.* v. *Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 890 (E.D. Pa. 1981) ("a court may issue a protective order restricting disclosure of discovery materials to protect a party from being put at a competitive disadvantage").

*Second*, the Protective Order is necessary to safeguard any personal data of Swedish Evolution AB personnel produced in discovery, subject to the European Union's ("EU") General Data Protection Regulation ("GDPR") and Sweden's Data Protection Act ("DPA") implementing the GDPR. These laws provide that individuals' "personal data" which is defined to include "any information" about a "natural person," may only be transferred outside the EU when "appropriate safeguards" are in place.[1] The Protective Order thus includes procedures to ensure such personal data "are handled in compliance [with] . . . GDPR and the DPA." (Ex. A, § IV(A).)

*Finally*, the public interest favors entering the Protective Order. The proposed Protective Order will facilitate jurisdictional discovery in this action. And the anticipated jurisdictional discovery focuses on business organizations and their operations, not "information important to public health and safety," "a public entity or official," or "matters of legitimate concern." *LEAP Sys., Inc.* v. *MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011).

Evolution AB intends to use the Protective Order sparingly and when necessary to protect legitimate commercial and personal privacy interests, including of Evolution AB

---

[1] Regulation (EU) 2016/679 (General Data Protection Regulation), art. 46(1), 2016 O.J. (L 119) 62.

personnel.  Additionally, the Protective Order requires a party to seek approval from the Court in

order to file any confidential information under seal.  (*See* Ex. A, § III(F)(i).)

For all the reasons stated herein, Evolution AB respectfully requests that this Court

enter the Protective Order attached to its Motion as Exhibit A.


Date:  May 9, 2025


/s/ *Shannon McClure*

Shannon McClure
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 569-5500
shannon.mcclure@blankrome.com

/s/ *Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr. (admitted *pro hac vice*)
David M.J. Rein (admitted *pro hac vice*)
Julia A. Malkina (admitted *pro hac vice*)
Gulliver Brady (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com
bradyg@sullcrom.com

*Counsel for Defendants Evolution AB (publ)*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2025, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr. (admitted *pro hac vice*)