IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RACHEL SKOLNICK,
individually and on behalf of all others
similarly situated,

                    Plaintiff,

        v.                                          Civ. Action No. 2:24-cv-00326-MRP

EVOLUTION AB (PUBL), MARTIN
CARLESUND, and JACOB KAPLAN,

                    Defendants.

**STIPULATED PROTECTIVE ORDER**

WHEREAS, on April 24, 2025 the Court ordered jurisdictional discovery "on the limited issue of whether an alter ego relationship exists between" Defendant Evolution AB (publ) ("Evolution AB") and its United States subsidiaries (ECF No. 55 ¶ 3);

WHEREAS, to facilitate the exchange of jurisdictional discovery, Plaintiffs and Defendant Evolution AB[1] (collectively, the "Parties"),[2] by and through their respective counsel, stipulate, pursuant to Federal Rule of Civil Procedure 26(c), to the entry of the following Stipulated Protective Order ("Protective Order") to govern the use, production, storage, handling, and disclosure of documents, information, and testimony generated or produced in response to the Court's April 24, 2025 Order (ECF No. 54);

WHEREAS, the Parties have moved this Court to order the adoption of this Protective Order; and

---

[1]     As used in this Protective Order, "Action" means the above-captioned lawsuit pending in the Eastern District of Pennsylvania, Civ. Action No. 2:24-cv-00326.  Defendants Martin Carlesund and Jacob Kaplan were dismissed from this Action with prejudice on April 24, 2025.  (*See* ECF No. 55.)

[2]     Capitalized terms are as defined herein and in the Definitions section.

WHEREAS, the Court has reviewed the terms of the Protective Order.

ACCORDINGLY, to expedite the flow of jurisdictional discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and facilitate coordination in this Action, it is ORDERED pursuant to this Court's authority under Fed. R. Civ. P. 26(c):

## I.    DEFINITIONS

A.    "Confidential" means information of any type, kind, or character that a Designating Party believes in good faith constitutes, reflects, discloses, or contains: (i) information that the Designating Party reasonably believes constitutes a trade secret under applicable statutory and case law; (ii) information that the Designating Party reasonably believes constitutes sensitive technical or proprietary business information that, if disclosed, may result in an unfair competitive, financial, or commercial advantage to others or disadvantage to the Designating Party; (iii) personal identifying information, personal data, sensitive personal data, or other data the Designating Party believes in good faith to be subject to federal, state, or foreign Data Protection Laws; or (iv) any other sensitive information or tangible things (regardless of how they are generated, stored, or maintained) that require protection under Federal Rule of Civil Procedure 26(c).  A designation as Confidential can apply to information contained within a document, revealed during a deposition or other testimony, revealed in a written discovery response, or otherwise revealed.  This Protective Order shall be understood to encompass not only those items or things that are expressly designated as Confidential, but also Confidential information contained in copies, excerpts, and summaries thereof, testimony, oral communications, and other work product.

B.    "Copies" means any photocopies, reproductions, duplicates, extracts, summaries, notes, or descriptions of Discovery Material and/or Protected Information.

C.      "Data Protection Laws" means any federal, state, or foreign laws governing data protection or other privacy obligations, including but not limited to the Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data ("General Data Protection Regulation" or "GDPR") and the Swedish Data Protection Act ("DPA").

D.      "Designating Party" means any Party or Third Party who has designated the Discovery Material at issue as Confidential.

E.      "Discovery Material" means Document(s), data, information, electronically stored information, responses to discovery requests and subpoenas under the Federal Rules of Civil Procedure, deposition testimony, transcripts of non-public hearings, affidavits, certifications, declarations, and other information, including all copies, excerpts, and summaries thereof, produced and/or received in this Action.

F.      "Document(s)" shall be defined as they are in the Federal Rules of Civil Procedure, whether produced or created by a Party or Third Party, and whether produced pursuant to the Federal Rules of Civil Procedure, the Local Rules of this Court, subpoena, agreement of the Parties or Third Party, or otherwise. "Document(s)" encompasses hard-copy and electronically stored information, and shall include, but not be limited to: writings, drawings, graphs, charts, photographs, images, other data and data compilations, responses to requests for production, responses to requests for admission, deposition testimony, deposition exhibits, hearing testimony, and hearing exhibits, as well as all Copies of any of these materials.

G.      "Personal Information" means any documents containing an individual's Social Security number or taxpayer identification number (other than only the last four digits thereof), an

individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor, a financial account number (other than only the last four digits thereof), "Personal Data,"[3] "Sensitive Personal Data,"[4] "Personally Identifiable Information," or "Nonpublic Personal Information" as these terms are defined under federal, state, or foreign data protection laws, including without limitation the GDPR or DPA, or any information that the Designating Party believes in good faith to be subject to non-US data protection laws.

H.    "Producing Party" means any Party or Third Party that produces Discovery Material in this Action.

I.    "Protected Information" means information that has been designated Confidential as that term is defined in this Protective Order.

J.    "Receiving Party" means any Party or Third Party that receives production of any Discovery Material in this Action.

K.    "Third Party" means any individual or entity that is not a party to the Action.

II.    **DESIGNATION OF CONFIDENTIALITY**

A.    Any Party or Third Party may designate any tangible Discovery Material or portion thereof as Confidential by marking it with the word "Confidential."

B.    Any Party or Third Party shall designate any hearing, status conference, or deposition as Confidential by stating the designation on the record or, within seven (7) days after receiving a transcript of a hearing, status conference, or deposition, designating by page and line

---

[3]    "Personal Data" is defined in GDPR Article 4(1) to mean any information relating to an identified or identifiable natural person (data subject). An identifiable natural person is one who can be identified, directly or indirectly, in particular by reference to an identifier such as a name, an identification number, location data, an online identifier or to one or more factors specific to the physical, physiological, genetic, mental, economic, cultural, or social identity of that natural person.

[4]    "Sensitive Personal Data" is defined in GDPR Article 9 to include information revealing a natural person's racial or ethnic origin, political opinions, religious or philosophical beliefs, trade union membership, genetic data, biometric data, personal-health data, sex life, or sexual orientation.

number portions of the transcript and/or exhibits thereto as Confidential by giving notice to all Parties of same. Until expiration of the 7-day period, the entire transcript and any exhibits will be treated as Confidential subject to protection against disclosure under this Protective Order.

C.    **Designation of Third-Party Produced Discovery Material**

i.    Third Parties may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order, and thereby become a Designating Party and/or Receiving Party for purposes of this Protective Order. The ability of any such Third Party to become a Receiving Party is contingent on the Third Party signing a copy of the Declaration attached as Exhibit A to this Protective Order.

ii.    Absent agreement otherwise among the Parties and applicable Third Party, Discovery Material produced by a Third Party must be treated by the Receiving Party as Protected Information for a period of seven (7) days from the date the Discovery Material is produced to all of the Parties. In the event any Third Party produces Discovery Material containing a Party's Protected Information, that Party may designate such Discovery Material, or portions thereof, as Protected Information pursuant to the provisions in Section II(A), by providing notice of such designation on all Parties within seven (7) days of receipt.

D.    **Inadvertent Production and Correction of Designations**

i.    Inadvertent production of any Discovery Material without a designation of Confidential will not be deemed to waive a later claim to its protected nature or preclude a Party or Third Party from designating said Discovery Material as Confidential pursuant to this Protective Order at a later date.

ii.    A Designating Party that fails to designate Discovery Material as Confidential shall be entitled to make a correction to its designation by promptly serving written

notice ("Notice of Correction") to the Receiving Party following the discovery of the inadvertent production without designation. The Designating Party shall produce corrected versions of the Discovery Material with the appropriate designation within seven (7) business days of the date of service of the Notice of Correction. Upon receipt of the Notice of Correction, the Receiving Party shall (i) treat such Discovery Material with the level of protection specified in the Notice of Correction in accordance with the terms of this Protective Order from the date the Notice of Correction is received; (ii) take reasonable steps to notify any person or entity known to have possession of any Discovery Material that was incorrectly designated; (iii) promptly endeavor to procure all Copies of such incorrectly designated Discovery Material from persons or entities known to have possession of such Discovery Material who are not entitled to receipt of such Discovery Material under the terms of this Protective Order; and (iv) promptly destroy or return all of the inadvertently produced Discovery Material with incorrect designation or without designation to the Designating Party. Within seven (7) days of receipt of the Notice of Correction, the Receiving Party of inadvertently produced Discovery Material without designation shall provide the Designating Party with written confirmation that the inadvertently produced Discovery Material without designation was destroyed or returned, or of the Receiving Party's failure to procure any inadvertently produced Discovery Material without designation, including the identification of that Discovery Material and the person or entity known to be in possession thereof. Any objection to a correction shall follow the procedures set forth in Section V of this Protective Order.

       iii.    The production of Discovery Material in an unredacted form that would otherwise be subject to redaction under this Protective Order shall not be deemed a waiver, in

-6-

whole or in part, of a Designating Party's claim that such Discovery Material contains Protected Information.

## III.    DISCLOSURE OF DISCOVERY MATERIAL AND PROTECTED INFORMATION

A.    Any Protected Information produced in this Action shall be used or disclosed only for purposes of this Action.  Such Discovery Material shall not be used or disclosed for any other purpose, including but not limited to any business, competitive, personal, private, or public purpose.  No Discovery Material designated as Protected Information, including but not limited to summaries of such Discovery Material, shall be produced or disseminated orally, or by any other means, except as permitted by this Protective Order.

B.    Discovery Material designated as Confidential shall not, without leave of this Court, be disclosed to any person or entity other than the following categories of persons:

i.    Counsel for the Parties, and the employees of such counsel to whom it is reasonably necessary to disclose the information in this Action;

ii.    The Court (and any appellate court), including court personnel;

iii.    Any mediator or arbitrator, and the employees of such to whom it is reasonably necessary to disclose the information to assist the mediator or arbitrator in connection with this Action;

iv.    Employees of outside copying, document imaging, litigation and trial support, and facsimile services to the extent reasonably necessary to render professional services in this Action;

v.    The persons who authored, created, or contributed to the preparation of the Discovery Material containing the Confidential information, or who are shown on the face of the Discovery Material;

vi.    Representatives retained by a Party or their counsel to assist in this litigation, provided the representative first executes a copy of the Declaration attached as Exhibit A to this Protective Order.  The Party shall maintain copies of all such Declaration(s) and certification(s);

vii.    Witnesses or deponents;

viii.    Court reporters or videographers; and

ix.    Any other person to whom the Designating Party agrees in advance of the disclosure, in writing or on the record, to disclose it.

C.    Nothing herein precludes the use of Discovery Material at a deposition or hearing attended by Parties in the Action.

D.    All persons or entities subject to this Protective Order who receive Discovery Material, as well as any other individuals permitted to receive Protected Information under any provision of this Protective Order, shall take all steps reasonably necessary to prevent disclosure of Protected Information other than in accordance with the terms of this Protective Order.

E.    If any Receiving Party receives from any Third Party (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards, or associations) a subpoena or other process that seeks production or disclosure of Protected Information, the following provisions shall apply:

i.    The subpoenaed Receiving Party shall promptly, and in any case within five (5) calendar days, give written notice by email to counsel for the Designating Party so that the Designating Party may have adequate time before the Discovery Material is to be produced to act pursuant to this Protective Order to guard against the disclosure of Protected Information.

The written email notice shall identify the Discovery Material sought and the return date of the subpoena or other process and include a copy of the subpoena or other process.

ii.     The subpoenaed Receiving Party shall also promptly inform the person or entity seeking the Protected Information that such information is subject to this Protective Order.

iii.    Within ten (10) business days of receipt of such notice, the Designating Party shall inform the subpoenaed Receiving Party or person either that it does not object to production of the Discovery Material, or that it will seek Court protection to prevent such production.

iv.     If the Designating Party responds that it will seek court protection, then the subpoenaed Receiving Party or person may not produce the Discovery Material unless (1) the court denies such protection, or (2) the Designating Party fails to move the Court for such protection within thirty (30) days of its response.

F.     **Use of Protected Information in Court Submissions**

i.     Any Party or Third Party seeking to file any pleading, brief, memorandum, motion, letter, affidavit, exhibit, or other document with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Protected Information must seek approval from the Court to file under seal, in accordance with the Local Rules. If any Party or Third Party fails to file Protected Information under seal, any Party or Third Party may request that the Court place such filing under seal. A Party or Third Party may submit a redacted filing contemporaneously with a motion to file under seal, provided the Party or Third Party completely

redacts all Protected Information, as well as anything that contains, reflects, mentions, or in any way reveals the contents of Protected Information. If the Party or Third Party filing the motion to seal is not the Designating Party, the Designating Party shall file any additional information required to support a request to keep information under seal within three (3) business days of the filing of the initial motion to seal.

G.      **Improper Disclosure of Protected Information**

If Discovery Material designated as Confidential is disclosed to any person or entity other than in accordance with this Protective Order, regardless as to whether any such disclosure is inadvertent or otherwise, the Party or Third Party responsible for the disclosure shall (i) immediately notify the Designating Party, including bringing all pertinent facts relating to such disclosure to the attention of the Designating Party; (ii) use reasonable efforts to bind the recipient to the terms of this Protective Order; (iii) make every effort to retrieve any Protected Information, confirm the destruction of all work product and other materials reflecting the Protected Information, and otherwise prevent further unauthorized disclosure on its own part or on the part of the recipient of such Discovery Material; and (iv) request that the recipient of the Discovery Material sign the Declaration attached as Exhibit A to this Protective Order. All such efforts shall be without prejudice to the rights and remedies of the Designating Party.

H.      In the event a Designating Party reasonably anticipates that its Protected Information may be improperly disclosed, it may apply to the Court to obtain appropriate relief, including injunctive relief, which may be granted at the discretion of the Court.

## IV.    PERSONAL INFORMATION SUBJECT TO GDPR OR DPA

A.      The Parties acknowledge that discovery in this Action may involve information subject to GDPR and/or the DPA, and that GDPR Chapter V limits transfers of Personal Data and Sensitive Personal Data. To the extent that information produced in discovery is subject to GDPR

and/or the DPA, the Parties and any applicable Third Party shall ensure that Personal Data and Sensitive Personal Data are handled in compliance with all applicable data protection laws, in particular GDPR and the DPA.  The Parties further acknowledge that GDPR Article 49(1)(e) permits "occasional" data transfers of Personal Data that are "necessary for the establishment, exercise or defense of legal claims."

B.      The Producing Party may designate Personal Data subject to GDPR or the DPA as Confidential consistent with this Protective Order.  The Producing Party shall redact Sensitive Personal Data that is not reasonably relevant to this Action.  Such redactions shall be labeled as "GDPR Redaction" or "PII Redaction."  In the event of a dispute concerning the relevance of redacted Sensitive Personal Data, the Parties and/or applicable Third Party shall meet and confer in good faith.

C.      In the event that the Producing Party inadvertently produces Sensitive Personal Data or other Personal Data without the appropriate redaction or designation, the Receiving Party shall handle the information in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  In the event that a dispute arises regarding the handling of information subject to GDPR and/or the DPA and the Parties are unable to reach an agreement after reasonable meet-and-confer efforts, any Party or Third Party may move the Court for appropriate relief.

V.      OBJECTIONS TO DESIGNATION

A.      In the event a Party objects to the designation of any Discovery Material as Confidential, the procedure set forth below in Section V(B) shall apply.

B.      Counsel for the objecting Party shall serve on the Designating Party, and on all other Parties, a written objection to such designation which shall describe with particularity the Discovery Material in question and shall state the grounds for objection.  Counsel for the Designating Party shall respond in writing to such objection within five (5) days of receiving the

written objection, and shall state with particularity the grounds for asserting that the Discovery Material constitutes Protected Information.  If no timely written response is made to the objection, the designation against which the objection was made will be deemed to be void.  If the Designating Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then meet and confer in good faith within three (3) days of the date when the Designating Party's written response is dated in an effort to resolve the dispute.  If the objecting Party and the Designating Party are unable to resolve the dispute regarding the designation, the objecting Party may move the Court for a ruling that the designation is improper.

C.    Any Discovery Material that is the subject of such a dispute shall be treated as originally designated until the dispute is resolved.

D.    If the Designating Party agrees to change or remove the designation, the Designating Party shall send a written notice of the change in designation to all other Parties and/or Receiving Parties.

## VI.    CLAWBACK OF INADVERTENTLY PRODUCED DISCOVERY MATERIAL

A.    If a Producing Party inadvertently produces Discovery Material subject to a claim of attorney-client privilege, attorney work-product protection, or other legal privilege or doctrine, or Personal Information protected from disclosure under GDPR, the DPA, or any other prohibition on disclosure under applicable domestic or foreign law ("Inadvertently Produced Discovery Material"), such production, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Produced Discovery Material.

B.    If a Producing Party makes a claim of inadvertent production, all Receiving Parties shall, within five (5) days, return or destroy all copies of the Inadvertently Produced Discovery Material, and shall certify, in writing, that the Inadvertently Produced Discovery Material has been

returned to counsel for the Designating Party or that the Receiving Party has taken commercially reasonable efforts to destroy it.

C.    If a Receiving Party moves the Court for an order compelling production of the Inadvertently Produced Discovery Material, that motion shall not assert as a ground for entering such an order the mere fact of the inadvertent production.

## VII.    STORAGE OF PROTECTED INFORMATION

A.    The recipient of any Protected Information that is provided under this Protective Order shall maintain such Protected Information in a reasonably secure and safe manner, including reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such information against unauthorized access and any other reasonably anticipated threats or hazards, and that ensures that access is limited to the persons authorized under this Protective Order, and shall further exercise the same or greater standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information, but no less than the reasonable precautions set forth in this Protective Order.

B.    If a Receiving Party or authorized recipient discovers any loss of Protected Information or a breach of security, including any actual or suspected unauthorized access, relating to another Designating Party's Protected Information or Personal Information, the Receiving Party or authorized recipient shall: (1) promptly provide written notice to Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party or authorized recipient agrees to cooperate with the Designating Party or law enforcement in investigating any

such security incident. In any event, the Receiving Party or authorized recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

## VIII.  PROCEDURE FOLLOWING FINAL ADJUDICATION

A.  Subject to Section VIII(B) below, within thirty (30) days of the final resolution of this Action (which final resolution includes expiration of any time for appeal), the Parties, any other Receiving Party, and counsel having possession, custody, or control of any Discovery Material designated as Confidential, shall ensure that the Discovery Material in their possession is returned to counsel for the Designating Party or, alternatively, shall be destroyed in accordance with commercially reasonable efforts.  In addition, the Parties and any other Receiving Party shall destroy the portions of any Discovery Material that contains, reflects, or mentions Protected Information or Personal Information.  The Parties and any other Receiving Party shall also obtain or make commercially reasonable efforts to destroy, at the election of the Designating Party, all such Protected Information or Personal Information previously provided to any representatives or other individuals who executed a copy of the Declaration attached as Exhibit A to this Protective Order.  At the conclusion of the 30-day period, each Receiving Party shall certify, in writing, that all Discovery Material that contains, reflects, or mentions Protected Information or Personal Information has been returned to counsel for the Designating Party or that the Receiving Party has taken commercially reasonable efforts to destroy it.

B.  Outside counsel for the Parties or any other Receiving Party shall not be required to return or destroy any pleadings, pretrial, or trial records as are regularly maintained by that counsel in the ordinary course of business.  All such records shall continue to be maintained as Protected Information or Personal Information governed by this Protective Order.

IX.    **AMENDMENT OF THIS PROTECTIVE ORDER**

This Protective Order may be amended with leave of Court for good cause shown, or by the agreement of the Parties in the form of a stipulation submitted to the Court for approval.

X.    **MISCELLANEOUS PROVISIONS**

A.    **Effective Date**:  This Protective Order shall become effective and binding on all Parties and their counsel on the date the Court approves and enters this Protective Order.

B.    **Duration**:  This Protective Order is intended to regulate the handling of Protected Information generated or produced in response to the Court's April 24, 2025 Order (ECF No. 54), but shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the Parties thereto or by Order of the Court.  The obligations of this Protective Order shall survive any termination or resolution of this Action.

C.    **Applicability to Future Parties**:  The terms of this Protective Order shall be binding on all current and future Parties to this Action and their counsel.

D.    **Inadmissibility of Protective Order**:  This Protective Order, including any discussion of the procedures and provisions herein, shall not be admissible in evidence.

E.    **Right to Supplement or Request Deletion**:  If during the course of litigation, a data subject with privacy rights pursuant to the Data Protection Laws identified herein exercises his or her right to erasure of Privacy Information contained within the previously produced Protected Information, the Producing Party shall furnish newly redacted versions of the Protected Information within a reasonable time.  The Receiving Party will promptly destroy the original version of the Protected Information and replace it with the redacted version.  The Producing Party may also require the entire document destroyed and replaced with a slip-sheet indicating the Protected Information is subject to erasure pursuant to the applicable Data Protection Law.

IT IS SO ORDERED.

DATED: _____     /s/ _____
                            Mia Roberts Perez
                            United States District Judge


SO STIPULATED AND AGREED.

DATED: May 9, 2025

                            /s/ *Debra J. Wyman* _____
                            Debra J. Wyman (admitted *pro hac vice*)
                            Jessica E. Robertson (admitted *pro hac vice*)
                            ROBBINS GELLER RUDMAN & DOWD LLP
                            655 West Broadway, Suite 1900
                            San Diego, CA  92101
                            Telephone: 619/231-1058
                            619/231-7423 (fax)
                            debraw@rgrdlaw.com
                            jrobertson@rgrdlaw.com

                            *Lead Counsel for Plaintiffs*

                            Michael Dell'Angelo
                            Andrew D. Abramowitz
                            BERGER MONTAGUE PC
                            1818 Market Street, Suite 3600
                            Philadelphia, PA  19103
                            Telephone: 215/875-3000
                            mdellangelo@bm.net
                            aabramowitz@bm.net

                            Thomas C. Michaud
                            VANOVERBEKE, MICHAUD & TIMMONY P.C.
                            79 Alfred Street
                            Detroit, MI 48201
                            Telephone: 313/578-1200
                            313/578-1201 (fax)
                            tmichaud@vmtlaw.com

                            *Additional Counsel for Plaintiffs*

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr. (admitted *pro hac vice*)
David M.J. Rein (admitted *pro hac vice*)
Julia A. Malkina (admitted *pro hac vice*)
Gulliver Brady (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com
bradyg@sullcrom.com

/s/ *Shannon McClure*
Shannon McClure
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 569-5500
shannon.mcclure@blankrome.com

*Counsel for Defendant Evolution AB (publ)*

-17-

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RACHEL SKOLNICK,
individually and on behalf of all others
similarly situated,

                    Plaintiff,

          v.

EVOLUTION AB (PUBL), MARTIN
CARLESUND, and JACOB KAPLAN,

                    Defendants.

Civ. Action No. 2:24-cv-00326-MRP

**EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[name], of _____[address], declare under penalty of perjury that I have been provided the opportunity to read in its entirety, the Stipulated Protective Order ("Protective Order") that was issued by the U.S. District Court for the Eastern District of Pennsylvania, in the case of *Skolnick* v. *Evolution AB (publ)*, Civil Action No. 2:24-cv-00326-MRP, and that I have either read the Protective Order, or I have knowingly and voluntarily waived the reading of the entire Protective Order. I further declare that I understand I am not permitted to disclose any Discovery Material designated as Confidential or use any Discovery Material constituting or containing Confidential information for any purpose other than as permitted in the Protective Order. I agree to comply with, and to be bound by the terms of the Protective Order.

Date: _____

Signature: _____