UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHEL SKOLNICK, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 2:24-cv-00326-MRP |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | STIPULATION  AND ORDER GOVERNING REMOTE DEPOSITIONS |
| EVOLUTION AB (publ), et al., | ) ) | |
| Defendants. | ) ) ) | |

4899-3924-5377

WHEREAS, on April 24, 2025, the Court ordered jurisdictional discovery "on the limited issue of whether an alter ego relationship exists between" Defendant Evolution AB (publ) ("Evolution AB") and its United States subsidiaries (ECF 55, ¶3);

WHEREAS, Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that "parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means";

WHEREAS, Plaintiffs St. Clair County Employees' Retirement System and City of Sterling Heights Police & Fire Retirement System and Defendant Evolution AB (individually, "Party" together, "Parties") have agreed that efficiency may be served by the remote taking of depositions, and that the terms of this stipulation ("Remote Deposition Stipulation" or "Stipulation") shall apply to any remote deposition taken as part of jurisdictional discovery in the above-captioned action ("Action");

WHEREAS, the Parties have moved this Court to order the adoption of this Remote Deposition Stipulation; and

WHEREAS, the Court has reviewed the terms of this Remote Deposition Stipulation. NOW THEREFORE, it is hereby STIPULATED:

1.      All remote depositions shall be conducted using Zoom, Microsoft Teams, or a comparable videoconference technology, and each deponent shall be video recorded.

2.      The Parties and their counsel acknowledge their duty to work together cooperatively in scheduling and conducting remote depositions.

3.      The Parties agree to use a third-party vendor ("Vendor") for court reporting, videoconference, and remote deposition services to be supplied by the noticing party.  The Parties agree that employees of the Vendor may attend each remote deposition to video record the

4899-3924-5377

deposition, troubleshoot any technological issues that may arise, and administer the virtual breakout rooms.

4.      All remote depositions must comply with the requirements of Rule 30(b)(5) of the Federal Rules of Civil Procedure, including the requirements that (a) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28" and (b) that officer must administer the oath or affirmation to the deponent.  The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference.  A remote deposition taken pursuant to this Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness – as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees.  The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record.

5.      Remote depositions shall be recorded by stenographic means consistent with the requirements of Federal Rule of Civil Procedure 30(b)(3), but the court reporter will not be physically present with the witness whose deposition is being taken.  The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the location where the deponent resides.  The Vendor will simultaneously videotape the deposition and preserve the video recording.  The court reporter may be given a copy of the video recording (of any videotaped deposition) and may review the video recording to improve the accuracy of any written transcript.  The court reporter's transcript shall constitute the official record.

4899-3924-5377

6.  The party noticing the deposition shall arrange for technical support for the duration of the deposition to be available to any participant in the event of technological issues.

7.  The Vendor shall implement adequate security measures to ensure the confidentiality of the remote deposition, including the video and audio feeds, and exhibits.

8.  Consistent with the Protocols for Remote Video Proceedings in the United States District Court for the Eastern District of Pennsylvania, every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (*e.g.*, a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition.

9.  Any pauses, lags, and/or disruptions in technology, including but not limited to interruptions in Internet connection, will not result in waiver of objections by any party.

10.  At the time of the deposition, the witness must advise the court reporter of his or her physical location.  To avoid any potential disruptions of a remote deposition, those attending must enable "do not disturb" settings for applications not in use, including but not limited to, Skype, instant messaging, and/or e-mail notifications.  The microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record.  Other attendees should mute microphones when not speaking.  Counsel and/or any interpreter shall be on camera and ensure no audio disruption if there are multiple remote attendees in a single location.

11.  The Parties agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues.  This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

- 3 -

4899-3924-5377

12. During live testimony on the record, no one, including attorneys, shall communicate in any manner with the deponent in any way that cannot be heard or seen by all participants to the deposition. This includes silent signals and private messages of any kind, including, but not limited to, instant messages or text messages conveyed through phones, smart watches, or similar devices, or the chat feature in the videoconferencing system. Such prohibition shall not affect the right of the deponent and her/his lawyer(s) to communicate in private off the record to the extent otherwise permitted under Rule 30(c)(1) of the Federal Rules of Civil Procedure.

13. During breaks in the deposition, the Parties may use the breakout room feature provided by the Vendor. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Vendor before the deposition and controlled by the Vendor.

14. The Party that noticed the deposition shall provide the Vendor with a copy of this Stipulation at least twenty-four hours in advance of the deposition.

15. The Party that noticed the deposition shall be responsible for procuring a written transcript of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

16. The Parties agree that these video-recorded remote depositions may be used at a hearing to the same extent that an in-person deposition may be used at a hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony.

17. The Parties agree that this Stipulation applies to remote depositions of non-parties under Federal Rule of Civil Procedure 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation to counsel for any non-party deponent a reasonable time before the date of the deposition.

- 4 -

4899-3924-5377

18.     Should a dispute arise during a remote deposition that cannot be resolved by agreement, the remote deposition shall continue with full reservation of rights by all Parties for a ruling about the dispute at the earliest possible time.  Nothing in this stipulation shall preclude any Party from seeking relief with the Court after the deposition.

19.     The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

(a)     Counsel noticing the deposition may choose to send physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter.  In that event, noticing counsel shall inform the deponent's counsel, the other Party's counsel, and the court reporter before mailing the documents and shall provide tracking information for the package.  Such documents shall be delivered by 12:00 pm CET the business day before the deposition.  Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the package by electronic mail to Counsel noticing the deposition.  If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition.  This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

(b)     Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via e-mail to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter.  The .zip file shall be delivered by 12:00 pm CET the business day before the deposition.  Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to Counsel noticing the deposition.  The .zip file shall be password protected, and counsel taking the deposition shall supply

4899-3924-5377

the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by e-mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.

(c)    Counsel may introduce exhibits electronically during the deposition, by using document-sharing technology, by using the screen-sharing technology within the videoconferencing platform, by sharing the files within the messaging function of the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail. If exhibits are shared by this method, each exhibit must be presented to the witness in such a way that the witness is able to independently navigate through the document.

20.    Counsel noticing the deposition shall provide any counsel for non-party witnesses with a copy of the Parties' Stipulated Protective Order.

IT IS SO ORDERED.

DATED: _____May 12, 2025_____    _____

HON. MIA R. PEREZ

SO STIPULATED AND AGREED.

DATED: May 9, 2025    ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)

       s/ Debra J. Wyman
_____
DEBRA J. WYMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

4899-3924-5377

BERGER MONTAGUE PC
MICHAEL DELL'ANGELO
ANDREW D. ABRAMOWITZ
1818 Market Street, Suite 3600
Philadelphia, PA  19103
Telephone:  215/875-3000
215/875-4604 (fax)
mdellangelo@bm.net
aabramowitz@bm.net

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

DATED:  May 9, 2025

SULLIVAN & CROMWELL LLP
ROBERT J. GIUFFRA, JR. (admitted *pro hac vice*)
DAVID M.J. REIN (admitted *pro hac vice*)
JULIA A. MALKINA (admitted *pro hac vice*)
GULLIVER BRADY (admitted *pro hac vice*)

<u>       s/ David M.J. Rein  w/ permission       </u>
DAVID M.J. REIN

125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com
bradyg@sullcrom.com

BLANK ROME LLP
SHANNON McCLURE
130 North 18th Street
1717 Arch Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5500
shannon.mcclure@blankrome.com

Counsel for Defendants Evolution AB (publ)

- 7 -

4899-3924-5377