# EXHIBIT 7

*Execution Version*

SERVICE AGREEMENT

between

EVOLUTION GAMING GROUP AB

and

EVOLUTION MALTA LTD.

1

Exhibit

Defendant 002

15th May 2025

THIS AGREEMENT was entered on November 1st 2016 by and between:

(1) **Evolution Gaming Group AB**, registration no 556994-5792, registered address: Strandvägen 7a, 114 56 Stockholm, Sweden, hereinafter referred to as 'EG Sweden', represented by Jens von Bahr, on the one hand; and

(2) **Evolution Malta Ltd.**, registration No C48666, registered address: Block 10, 1091 Portomaso, St. Julians, STJ 4011, Malta, hereinafter referred to as 'EG Malta', represented by Jesper von Bahr, on the other hand,

both together hereinafter collectively also referred to as the 'Parties' and each individually as the 'Party',

WHEREAS

(A) The Parties are members of the same group of companies (Evolution Gaming group), hereinafter referred to as 'Group';

(B) EG Malta is engaged in the organisation of online gaming for entertainment of its customers and is the entrepreneurial company of the Group. EG Malta therefore manages and controls the operations and development of services provided by EG Malta and the business risk related thereto. EG Sweden on the other hand functions as a holding company of the Group engaged in providing central business support services to the Group; and

(C) EG Malta wishes to contract EG Sweden for the provision of different services described under 1.1, in order to assist in the online gaming services to its customers. EG Sweden agrees to perform business support services on behalf of EG Malta.

(D) The parties recognise that the operational assistance and advice to be provided by EG Sweden is to be provided on an assistive or advisory basis only. Accordingly EG Sweden shall have no power or authority to bind EG Malta nor to take any management decisions on behalf of EG Malta.

NOW, THEREFORE, the Parties have entered into the following agreement for the provision of certain services, hereinafter referred to as 'Agreement'.

## 1.    SUBJECT MATTER

1.1. EG Sweden shall provide to EG Malta the following package of business support services to assist in the online gaming services and administration of EG Malta:

    1.1.1.    Business support include, but are not limited to:

        1.1.1.1.  Strategic operational assistance and advice (including consultation in relation to business development, marketing and sales);

        1.1.1.2.  Group Finance / Legal / IT;

        1.1.1.3.  Other related services;

    1.1.2.    provision of administrative services necessary for the services specified above; and

1.2. The aforementioned services shall be provided on a call of basis during the validity term of this Agreement.

2

## 2.    PROVISION OF SERVICES

2.1.    EG Sweden shall provide the services according to necessity and requirements of EG Malta in the most effective manner.

2.2.    When providing services EG Sweden shall not be limited to using its own employees or equipment and may use third parties, including other related entities within the Group, in the provision of services or any part hereof. EG Sweden shall use all proper and reasonable care in selecting such third parties, using its best endeavours to ensure that an appropriate balance between cost control and quality is always achieved and that, where possible, such third parties have been designated as or are otherwise generally known by the Parties to be experts in their respective business issue.

2.3.    EG Sweden shall be solely liable for payments to all third parties contracted for the provision of services or equipment and nothing in this Agreement is construed as to establish joint several liability of the Parties towards third party suppliers.

## 3.    FEE FOR THE SERVICE

3.1.    In consideration of the services rendered by EG Sweden under this agreement, EG Malta agrees and undertakes to pay a service fee to EG Sweden. The amount of fee is determined by the amount of costs, which EG Sweden incur in providing the services.

3.2.    The service fee is computed as follows. EG Malta shall cover all costs incurred by EG Sweden upon provision of services. EG Sweden shall add a profit mark-up to the total amount of cost in accordance with 3.2.1-3.2.3. For purposes of this Agreement, the term „costs" shall include all variable and fixed costs reasonably related to the provided services, including travel and other expenses for providing services to EG Malta.

        3.2.1.    Strategic operational assistance and advice (concerns services performed by and costs incurred for Jens von Bahr, Fredrik Österberg and CEO of Evolution Gaming Group) - To the total costs there shall be added a profit mark-up within the following range: ▮▮▮▮

        3.2.2.    Finance / Legal / IT – To the total costs there shall be added a profit mark-up of ▮▮▮

        3.2.3.    Other services - To the total costs there shall be added a profit mark-up of ▮▮▮

3.3.    The Parties intend that the fee paid by EG Malta for all the services provided by EG Sweden according to this Agreement shall comprise of an arm's length amount reflecting the nature of the services provided and the related costs incurred by EG Sweden.

3.4.    The arm's length principle shall mean that cost calculations made according to this Agreement include all reasonable costs incurred during the provision of services, including representation costs. However, the total value can be changed by EG Sweden at the end of each financial year so as to reflect the adjustments made to actual costs calculated according to clause 3.2 of this Agreement.

3.5.    The Parties agree to confirm for each subsequent calendar year, the profit mark-up, which is intended to produce an operating result for EG Sweden that is arm's length. This confirmation shall be made by January 10 of each subsequent calendar year or such other date that the Parties agree.

3.6.    EG Sweden shall be entitled to invoice EG Malta for the services it has provided pursuant to this Agreement on a monthly basis. The payment term shall be 30 days after the invoice date. EG Sweden shall supply details of the services provided where requested by EG Malta.

3

3.7.  All sums payable to either Party under this Agreement shall be paid in EUR, the local currency of EG Sweden or such other currency that the Parties agree.

## 4.  TERMINATION

4.1.  This Agreement shall be automatically terminated from the date on which any of the Parties ceases to be a member of the Group, i.e., if more than 50% of direct or indirect shareholding is transferred to the entity or individual not related to the Group.

4.2.  This Agreement may be terminated by mutual agreement of both Parties.

4.3.  Either Party may unilaterally terminate this Agreement by giving three months' prior written notice to the other Party.

4.4.  The Parties may mutually agree in writing to shorten or waive entirely the notice period specified in clause 4.3 above.

4.5.  Either Party may unilaterally terminate this Agreement with immediate notice:

4.5.1.  in case of any material breach of the obligations specified herein, if such breach is not rectified within 30 days of receipt of written notification of the breach by other Party;

4.5.2.  in case the Party enters into arrangements with its creditors or seeks the benefit or protection of bankruptcy proceedings or this Party becomes insolvent or discontinues its operations.

4.6.  In the event of termination, EG Malta shall pay to EG Sweden the fee equal to the costs arising from provision of services for the period up to such termination.

4.7.  Upon termination of this Agreement EG Sweden shall return to EG Malta all information and materials it has received from EG Malta.

## 5.  CONFIDENTIALITY

5.1.  The text of this Agreement and any information obtained by any Party in connection with this Agreement shall be treated as confidential, and none of the Parties shall disclose it to any person or entity that is not a party to this Agreement without the prior written consent of the other Party.

5.2.  Nothing in this Agreement shall prevent any Party from disclosing confidential information without the prior written consent of the other Party where this is required by applicable law. In that event, the Party concerned shall promptly but no later than within two working days notify the other Party of such disclosure, unless notification is prohibited by applicable law.

## 6.  VALIDITY

This Agreement is valid from the signing by the Parties onwards.

## 7.  AMENDMENTS

This Agreement may only be amended by written agreement between the Parties. Any such written agreement shall become an integral part of this Agreement.

## 8.    PARTNERSHIP

8.1.    This Agreement shall not create a partnership between the Parties.

8.2.    Each Party shall carry on a business only in its country of registration.

8.3.    EG Sweden shall provide the services specified herein to customers situated in any country.

8.4.    EG Sweden shall not negotiate or make contracts with customers or pass any substantial decisions relating to the provision of services to customers in any circumstances.  This is permitted only with the EG Malta's written power of attorney, which can only be done once per financial year.

8.5.    None of the Parties shall be entitled or authorised in any manner or for any purpose to create obligations, enter into agreements or accept liability on behalf of the other Party.

## 9.    TRANSFER OF RIGHTS AND DUTIES

None of the Parties may assign its rights and duties specified herein to any person or entity that does not belong to the Group without the prior written consent of the other Parties.

## 10.    APPLICABLE LAW

This Agreement shall be governed by laws of Malta.

## 11.    FINAL PROVISIONS

11.1.    The Parties agree and acknowledge that the provisions of this Agreement shall be applied to services provided by EG Sweden starting from 1 November 2016.

11.2.    This Agreement shall supersede all previous oral and written arrangements between the Parties regarding the terms and conditions of this Agreement.

11.3.    If any provision of this Agreement is declared invalid or unenforceable, this shall in no event affect the validity and enforceability of the remaining Agreement.

11.4.    This Agreement has been prepared and signed in English language.

11.5.    This Agreement has been prepared and signed in two counterparts having equal legal force, one to each Party.

## 12.    SIGNATURES OF THE PARTIES

**On behalf of EG Sweden:**

_____

Martin Carlesund
CEO

**On behalf of EG Malta:**

_____

Jesper von Bahr
Director

5