# EXHIBIT 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHEL SKOLNICK, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 2:24-cv-00326-MRP |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) ) | LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EVOLUTION AB (PUBL) |
| EVOLUTION AB (publ), et al., | ) ) | |
| Defendants. | ) ) ) | |

Pursuant to Federal Rules of Civil Procedure 26 and 34, and Local Rules of Civil Practice for the Eastern District of Pennsylvania, Lead Plaintiffs St. Clair County Employees' Retirement System and City of Sterling Heights Police & Fire Retirement System (collectively, "Plaintiffs"), hereby requests that defendant Evolution AB (publ) respond to and produce for inspection and copying the documents designated under the heading "Documents Requested" within 10 days of the date of service hereof to the offices of Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, or at such other time and place as the parties mutually agree.

## I.    DEFINITIONS

Unless stated otherwise, the terms set forth below are defined as follows:

1.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2.    "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

4.    "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

5.    "Electronic Data," "Electronically Store Information," or "ESI" means any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind), mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or

- 1 -

- 2 -

transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "e-mail," electronic messaging services, electronic forums or discussion services, operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts, or any miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, backup file, deleted file, or file fragment. ESI also includes, without limitation, any items stored on computer, smartphone, or tablet memory or memories, hard drives, zip drives, CD-ROM discs, or in any other vehicle for electronic or digital data storage or transmittal, files, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each original and each copy. ESI also includes, without limitation, MMS or SMS text messages and any electronic instant messages, including, but not limited to, messages in an internal messaging system or external personal account on desktop, laptop, mobile phone, tablet, or other mobile device, concerning the topics in the following requests.

6.    "Entity" or "entities" has the same meaning as person.

7.    "Evolution" refers to Evolution AB (publ), any of its divisions or affiliates (foreign and domestic), predecessors, successors, former officers, directors, employees, agents, directors, accountants and advisors, and all other persons acting or purporting to act on its behalf.

8.    "Identify," with respect to documents, means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the documents together with identifying information sufficient to satisfy Rule 33(d) of the Federal Rules of Civil Procedure.

- 2 -

4900-0451-0276

9.    "Pennsylvania subsidiaries" refers to Evolution Malta Limited, Evolution US LLC, and NetEnt Americas LLC.

10.    "Person(s)" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.    "You" and "your" mean the person or entity responding to these requests.

## II.    INSTRUCTIONS

1.    In responding to these requests, you shall produce all responsive documents that are in your possession, custody, or control, or in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of your respective directors, executives, officers, partners, managing agents, agents, employees, accountants, or any other representative.  A document shall be deemed to be within your control if you have the ability or right to secure the document or a copy of the document from another person or entity having possession or custody of the document.

2.    Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying by Plaintiff original documents as they are kept in the usual course of business, and you shall organize and label them to correspond with the categories in these requests.

3.    In responding to these requests, you shall produce all responsive documents available at the time of production, and you shall supplement your responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

4.    If any responsive document was, but no longer is, in your possession or control, state whether the document is missing or lost, destroyed, transferred voluntarily or involuntarily to others, or otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

- 3 -

4900-0451-0276

5.	If you claim any form of privilege or any other objection, whether based on statute, common law, or otherwise, as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information:

(a)	the privilege being asserted;

(b)	the person on whose behalf the privilege is asserted; and

(c)	a precise statement of the facts upon which the claim of privilege is based.

Please also identify any document for which the privilege is claimed, including:

(a)	its nature, *e.g.*, letter, memorandum, tape, etc.;

(b)	the date it was prepared;

(c)	the date the document bears;

(d)	the date the document was sent;

(e)	the date it was received;

(f)	the name of the person who prepared the document;

(g)	the name(s) of the person(s) who received the document;

(h)	the name of each person to whom it was sent or was intended to be sent, including all addressees and all recipients of copies; and

(i)	a statement of whom each identified person represented or purported to represent at all relevant times.

6.	If a portion of any document responsive to these requests is withheld under claim of privilege pursuant to Instruction 5, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

4900-0451-0276

7.      You are to produce each document requested herein in its entirety, including with attachments, without deletion or excision (except as qualified by Instructions 5 and 6 above), regardless of whether you consider the entire document to be relevant or responsive to the requests.

8.      Whenever a document or electronic data is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information, and belief, and with as much particularity as possible, those portions of the document which are not being produced.

9.      If in responding to these requests you claim any ambiguity in interpreting a request or a definition or instruction applicable thereto, such a claim shall not be utilized by you as a basis for refusing to produce responsive documents, but set forth as part of your response to the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

10.     The singular of any term includes the plural, and the disjunctive shall include the conjunctive, and vice versa.

## III.    PRODUCTION OF HARD-COPY DOCUMENTS – FORMAT

Hard-copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat).  The database load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME," and "CUSTODIAN."  The documents should be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.  If an original document contains color, and the color is necessary to understand the meaning or content of the document, the document shall be produced as single-page, **300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image**.  Multi-page OCR text for each

- 5 -

document should also be provided. The OCR software shall maximize text quality. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

## IV.    PRODUCTION OF ESI

1.    Format: Except where otherwise noted in this section, ESI should be produced in single-page, black and white, TIFF Group IV, 300 DPI TIFF images. Spreadsheet and presentation type files, audio and video files, photo or graphic images, and documents with tracked changes reflected in the metadata should be produced in native format. Short message communications (*e.g.*, text messages, WhatsApp, Slack, iMessage, Teams, G-Chat, Bloomberg, etc.) will be produced in RSMF with all available metadata and attachments. Except for messages that contain privileged content, the complete conversation will be produced, separated into 24-hour increments. To the extent RSMF cannot be provided, the parties shall meet and confer on the appropriate metadata fields and format of production. If an original document being produced in image format contains color, the document should be produced as **single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image**. Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business. TIFFs/JPGs should show any and all text, hidden content, and images that would be visible to the reader using the native software that created the document. For example, TIFFs/JPGs of email messages should include the BCC line, and documents should display comments and hidden content.

2.    Format – Native Files: If a document is produced in RSMF or in native format, a single-page, Bates stamped image slip sheet stating the document has been produced in native format should also be provided, with the exception of PowerPoint presentations. PowerPoint documents should be produced in native format along with single-page, 300 DPI TIFF/JPG images which display both the slide and speaker's notes. Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file

- 6 -

4900-0451-0276

using the NATIVELINK field.  To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties should meet and confer in good faith.

3.      De-Duplication: Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level.  Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates.  An email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical.  Removal of near-duplicate documents and email thread suppression is not acceptable.  De-duplication should be done across the entire collection (global de-duplication) and the CUSTODIAN-ALL field should list each custodian, separated by a semicolon, who was a source of that document and the FILEPATH-DUP field will list each file path, separated by a semicolon, that was a source of that document.  Should the CUSTODIAN-ALL or FILEPATH-DUP metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents should be produced prior to substantial completion of the document production.

4.      Technology-Assisted Review: Predictive coding/technology-assisted review or artificial intelligence shall not be used for the purpose of culling the documents to be reviewed or produced without notifying the requesting party prior to use and with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

5.      Metadata: All ESI shall be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto.  The metadata produced should have the correct encoding to enable preservation of the documents' original language.  For ESI other than email and e-docs that do not conform to the metadata listed in Table 1, such as text messages, Instant

- 7 -

Bloomberg, iMessage, Google Chat, MS Teams, Slack, Google Docs, etc., the parties should meet and confer as to the appropriate metadata fields to be produced.

6.      Embedded Objects: Embedded files shall be produced as attachments to the document that contained the embedded file, with the parent/child relationship preserved.  The embedded files should be marked with a "YES" in the load file under the "Is Embedded" metadata field.  The parties agree logos need not be extracted as separate documents as long as they are displayed in the parent document.

7.      Attachments: If any part of a communication or its attachments is responsive, the entire communication and attachments should be produced, except any attachments that must be withheld or redacted on the basis of privilege.  The parties should meet and confer about whether there is an appropriate basis for withholding a family document for any reason other than attorney-client or work product privilege.  The attachments should be produced sequentially after the parent communication.  The parties shall use their best efforts to collect and produce point-in-time documents that are links in documents and communications, including, but not limited to, Google G Suite, Microsoft 365, etc. and treat as family documents.  Documents extracted from links shall be populated with the BEGATTACH and ENDATTACH metadata fields to show the family relationship.  If documents cannot be extracted from links at the time of collection, or the documents that can be extracted are not likely to be the same version that existed the time the communication was sent (*i.e.*, point-in-time or contemporaneous version), the Parties agree to promptly meet and confer to discuss alternative methods of collection and production.

8.      Compressed File Types: Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

9.      Structured Data: To the extent a response to discovery requires production of electronic information stored in a database, the parties should meet and confer regarding methods of

- 8 -

- 9 -

production.  Parties should consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

10.      Exception Report: The producing party shall compile an exception report enumerating any unprocessed or unprocessable documents, their file type, and the file location.

11.      Encryption: To maximize the security of information in transit, any media on which documents are produced may be encrypted.  In such cases, the producing party shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

12.      Redactions: If documents that the parties have agreed to produce in native format need to be redacted, the parties should implement redactions while ensuring that proper formatting and usability are maintained.  Spreadsheets requiring redaction should be redacted using native redaction software and produced in native format.

## V.      RELEVANT TIME PERIOD

The requests herein refer to the period from January 1, 2019 through December 1, 2023 (the "Relevant Time Period"), and shall include documents and information that relate to such period, even if dated, prepared, generated, used, published, or received outside of the Relevant Time Period. If a document prepared before this period is necessary for a correct or complete understanding of any document covered by a request, you must produce the earlier document as well.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the request.

- 9 -

## VI.    DOCUMENTS REQUESTED

REQUEST FOR PRODUCTION NO. 1:

All Resolutions by the Board of Directors or Board of Managers for each of the Pennsylvania subsidiaries made during the Relevant Time Period.

REQUEST FOR PRODUCTION NO. 2:

All documents prepared for, circulated, or exchanged, relating to, or concerning the monthly meeting with "CEO Martin" and "each commercial department head" described by Evolution's designated Rule 30(b)(6) witness during his May 15, 2025 deposition at 78:21-79:2; 82:11-16.

REQUEST FOR PRODUCTION NO. 3:

All documents prepared for, circulated, or exchanged, relating to, or concerning the "regular meetings" between the "CEO of North America" and "CEO Martin" to "go[] over the business performance which would include more than just P&L," described by Evolution's designated Rule 30(b)(6) witness during his May 15, 2025 deposition at 117:13-119:4.

REQUEST FOR PRODUCTION NO. 4:

All documents prepared for, circulated, or exchanged, relating to, or concerning the monthly "general management meeting" involving "C Level – top level" participants described by Evolution AB's designated Rule 30(b)(6) witness during his May 15, 2025 deposition at 119:6-122:21; 127:1-128:2.

DATED:  May 16, 2025                    ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                        DEBRA J. WYMAN (admitted *pro hac vice*)
                                        JESSICA E. ROBERTSON (admitted *pro hac vice*)


                                        _____
                                        /DEBRA J. WYMAN

- 10 -

4900-0451-0276

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

BERGER MONTAGUE PC
MICHAEL DELL'ANGELO
ANDREW D. ABRAMOWITZ
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215/875-3000
215/875-4604 (fax)
mdellangelo@bm.net
aabramowitz@bm.net

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

- 11 -

4900-0451-0276

**TABLE 1: METADATA FIELDS[1]**

| Field Name | Example / Format | Description |
|---|---|---|
| BEGNO | ABC0000001  (Unique ID) | The Document ID number associated with the first page of a document. |
| ENDNO | ABC0000003  (Unique ID) | The Document ID number associated with the last page of a document. |
| BEGATTACH | ABC0000001  (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| ENDATTACH | ABC0000008  (Unique ID Parent-Child Relationships) | The Document ID number associated with the last page of the last attachment. |
| VOLUME | VOL001 | The name of CD, DVD, or Hard Drive. |
| RECORDTYPE | eMail, Attachment, Scanned Doc, eFile, Chat/Text | The record type of a document. |
| SENTDATE | MM/DD/YYYY | The date the email or calendar entry was sent. |
| SENTTIME | HH:MM | The time the email or calendar entry was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created. |
| CREATETIME | HH:MM | The time the document was created. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| MEETING START DATE | MM/DD/YYYY | Start date of calendar entry. |
| MEETING START TIME | HH:MM | Start time of calendar entry. |
| MEETING END DATE | MM/DD/YYYY | End date of calendar entry. |
| MEETING END TIME | HH:MM | End time of calendar entry. |
| FILEPATH | i.e. /JsmithPC/Users/Jsmith/Desktop | The file path from the location in which the document was stored in the usual course of business.  This field should be populated for both email and e-files. |
| FILEPATH-DUP | i.e.  /JSmith.pst/Inbox /Network Share/Accounting/… /TJohnsonPC/Users/TJohnson/My Documents/… | The file paths from the locations in which the duplicate documents were stored in the usual course of business.  This field should be populated for both email and e-files and separated by semicolons. |
| AUTHOR | jsmith | The author or owner of a document from extracted metadata. |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name and email address of the author of an email/calendar item. An email address should always be provided. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email address of the recipient(s) of an email/calendar item. An email address should always be provided for every email if a recipient existed. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the copyee(s) of an email/calendar item.  An email address should always be provided for every email if a copyee existed. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the blind copyee(s) of an email or calendar item. An email address should always be provided for every email if a blind copyee existed. |
| SUBJECT | | The subject line of the email/calendar item. |
| MESSAGE TYPE | Appointment, Contact, Task, Distribution List, Message, etc. | An indication of the email system message type. |
| IMPORTANCE | Normal, Low, High | Email Importance Flag |
| TITLE | | The extracted document title of a document. |
| CUSTODIAN-ALL | Smith, Joe; Doe, Jane | All of the custodians of a document from which the document originated, separated by semicolons. |
| SOURCE | Computer, Mobile Phone, Email, Network Share, Slack, WhatsApp, Teams, Database Name, etc. | The source from which the document was collected. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| TRACK CHANGES | Yes or No | The yes/no indicator of whether tracked changes exist in the file. |
| IS EMBEDDED | Yes or No | The yes/no indicator of whether a file is embedded in another document. |
| HASH | | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document.  The same hash method (MD5 or SHA-1) should be used throughout production. |
| CONVERSATION INDEX | | ID used to tie together email threads. |
| REDACTED | Yes or Blank | If a document contains a redaction, this field will display 'Yes'. |
| TIMEZONE PROCESSED | PST, CST, EST, etc | The time zone the document was processed in.  **NOTE:** This should be the time zone where the documents were located at time of collection. |
| NATIVELINK | D:\NATIVES\ABC000001.xls | The full path to a native copy of a document. |
| FULLTEXT | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document.  There should be a folder on the deliverable, containing a separate text file per document.  These text files should be named with their corresponding Bates numbers.  **Note**: Emails should include header information: author, recipient, cc, bcc, date, subject, etc.  If the attachment or e-file does not extract any text, then OCR for the document should be provided. |

[1]For ESI other than email and e-docs that do not conform to the metadata listed here, such as text messages, Instant Bloomberg, iMessage, Google Chat, MS Teams, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.

## DECLARATION OF SERVICE BY EMAIL

I, DAWN WATTS, not a party to the within action, hereby declare that on May 16, 2025, I served the attached LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EVOLUTION AB (publ) on the parties in the within action by email addressed as follows:

**COUNSEL FOR PLAINTIFFS**:

| NAME | FIRM | EMAIL |
|---|---|---|
| Debra J. Wyman<br>Jessica E. Robertson | ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA  92101<br>Telephone: 619/231-1058<br>Fax: 619/231-7423 | debraw@rgrdlaw.com<br>jrobertson@rgrdlaw.com |
| Michael C. Dell'Angelo<br>Andrew D. Abramowitz | BERGER MONTAGUE PC<br>1818 Market Street<br>Suite 3600<br>Philadelphia, PA  19103<br>Telephone: 215/875-3080 | mdellangelo@bm.net<br>aabramowitz@bm.net |
| Thomas C. Michaud | VANOVERBEKE, MICHAUD & TIMMONY, P.C.<br>79 Alfred Street<br>Detroit, MI  48201<br>Telephone: 313/578-1200<br>Fax: 313/578-1201 | tmichaud@vmtlaw.com |

**COUNSEL FOR DEFENDANTS**:

| NAME | FIRM | EMAIL |
|---|---|---|
| Robert J. Giuffra, Jr.<br>David M.M. Rein<br>Julia A. Malkina<br>Gulliver Brady | SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY  10004<br>Telephone: 212/558/4000 | giuffrar@sullcrom.com<br>reind@sullcrom.com<br>malkinaj@sullcrom.com<br>bradyg@sullcrom.com |
| Shannon McClure Roberts<br>David Tambussi | BLANKROME<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, PA  19103<br>Telephone: 215/569-5586 | shannon.mcclure@blankrome.com<br>david.tambussi@blankrome.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 16, 2025, at San Diego, California.

_____
DAWN WATTS

4900-0451-0276