# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| RACHEL SKOLNICK, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br>   v.<br><br>EVOLUTION AB (PUBL), MARTIN CARLESUND, and JACOB KAPLAN,<br><br>     Defendants. | Civ. Action No. 2:24-cv-00326-MRP |

**RESPONSES AND OBJECTIONS OF DEFENDANT EVOLUTION AB (publ)**
**TO PLAINTIFFS' RULE 30(b)(6) DEPOSITION NOTICE**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Pennsylvania, all applicable Court orders, and any other applicable law or rule (together, the "Rules"), Defendant Evolution AB (publ) ("Evolution AB"), by its undersigned attorneys, hereby submits these responses and objections (the "Response") to the definitions ("Definition" or "Definitions"), instructions ("Instruction" or "Instructions"), and matters for examination ("Deposition Topics" or "Topics") set forth in the Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) and its attached Schedule A, dated May 1, 2025 (the "Notice"), which was directed to Evolution AB in the above-captioned action (the "Action").

Evolution AB responds to the Notice for the sole purpose of complying with the Court's order for jurisdictional discovery "on the limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (Dkt. 55, the "April 24 Order.") This Response shall not constitute a waiver of Evolution AB's jurisdictional defenses or a waiver of the discovery stay imposed by the Private Securities Litigation Reform Act of 1995, *see* 15

U.S.C. § 78u-4(b)(3)(B), and Evolution AB expressly maintains and preserves all jurisdictional defenses and other objections to discovery prior to the Action surviving a motion to dismiss. *See Action Mfg. Co.* v. *Simon Wrecking Co.*, 375 F. Supp. 2d 411, 426 (E.D. Pa. 2005) ("[Defendant] cannot be held to have waived its defense of lack of jurisdiction for responding, as it was required to do, to plaintiff's jurisdictional discovery requests.").

As set forth below, and reserving all rights, Evolution AB proposes to meet and confer promptly in order to clarify and appropriately define the scope of the Topics for which Evolution AB may provide deposition testimony or other evidence, and the most efficient manner for Evolution AB to provide such testimony or other evidence.

## GENERAL OBJECTIONS

The General Objections set forth below apply to the Notice generally and to each Definition, Instruction, and each of the separately itemized Deposition Topics contained therein, and shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Topic. Any undertaking to prepare for or provide information or testimony in response to any of the Topics remains subject to the General Objections and any specific objections set out below. Without regard to objections made or not made in these General Objections, Evolution AB reserves its right to revise, correct, supplement, or clarify its Response in the future, as well as to lodge specific objections to each particular deposition topic at that time. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Evolution AB from raising that objection at a later time.

Many Topics in the Notice are impermissibly broad and purport to seek testimony regarding topics well outside the limited scope of jurisdictional discovery ordered by the Court. In addition, many Topics in the Notice seek information in the possession of Evolution US LLC, Evolution Malta Limited, or NetEnt Americas LLC, not Evolution AB. Non-parties Evolution US

-2-

LLC, Evolution Malta Limited, or NetEnt Americas LLC are represented by Caroline Power at Kirkland & Ellis LLP in connection with jurisdictional discovery in this Action.  You may contact her at caroline.power@kirland.com with respect to any jurisdictional discovery Plaintiffs seek of those entities in this Action.  Evolution AB will respond and provide any testimony solely on behalf of Evolution AB, not any other entities, business organizations, or persons.

1.      Evolution AB objects to the Notice to the extent that it purports to impose discovery burdens or obligations upon Evolution AB beyond, or inconsistent with, those required by the Federal Rules of Civil Procedure, the Local Rules, the Court's Individual Rules and Procedures for Civil Cases, or any other applicable law or rule or any order entered by the Court in this Action, including, without limitation, the April 24 Order (collectively, "Applicable Laws and Orders").  Subject to, and without waiver of, any objections, to the extent Evolution AB agrees to provide testimony in response to the Notice, it will construe the Notice in accordance with all Applicable Laws and Orders.

2.      Evolution AB objects to the Notice as defective because it does not state the place of the noticed deposition as required by Fed. R. Civ. P. 30(b)(1).  Evolution AB agrees to meet and confer with Plaintiffs with respect to the location of any deposition, including whether any deposition may be taken remotely as suggested in Plaintiffs' counsel's email of April 30, 2025.

3.      Evolution AB objects to the Notice as defective under Fed. R. Civ. P. 30(b)(4), which provides that a deposition may be taken remotely pursuant to a stipulation of the parties or a court order.  Evolution AB will discuss with Plaintiffs how the parties may coordinate to seek entry of such a stipulation or order.

4.      Evolution AB objects to the time and date proposed in the Notice because they were unilaterally set by Plaintiffs and do not allow adequate time for Evolution AB to prepare

one or more corporate representatives, especially in light of the number and breadth of Plaintiffs' proposed Topics.  Evolution AB agrees to meet and confer with Plaintiffs with respect to reasonable timing and scope for any deposition.

5.     Evolution AB objects to the Notice to the extent that it purports to require Evolution AB to "provide written notice at least five business days before the deposition of the name(s) and employment position(s) of the representative(s) designated to testify for the Defendant" because this deadline was unilaterally set by Plaintiffs and does not allow adequate time for Evolution AB to prepare one or more corporate representatives, especially in light of the number and breadth of Plaintiffs' proposed Topics.  Evolution AB agrees to meet and confer with Plaintiffs with respect to reasonable timing and scope for any written notice of any representative designated to testify on Evolution AB's behalf.

6.     Evolution AB objects to the Notice's statement that "[t]he deposition will continue from day to day until completed," to the extent that Plaintiffs purport to seek to conduct a deposition for a longer period than is authorized by the Applicable Laws and Orders.

7.     Evolution AB objects to the Notice to the extent that Evolution AB is incorporated and headquartered in Sweden, and thus any deposition that may occur in Sweden must comply with Swedish law and any applicable convention.

8.     Evolution AB objects to the Definitions, Instructions, and Topics to the extent they purport to seek information that is protected from disclosure under (i) the attorney-client privilege; (ii) the work-product doctrine; (iii) common-interest privilege and/or joint-defense privilege; (iv) domestic or foreign criminal or civil laws, including, but not limited to, the European Union General Data Protection Regulation 2016/679, the Swedish Data Protection Act, other data and privacy protection directives under European Union or Swedish law,

-4-

or any duties of confidentiality imposed by European Commission rules; and/or (v) any other applicable privilege, immunity, protection, law (including data privacy laws) or rule.

9. Evolution AB objects to each Topic identified in the Notice to the extent that it purports to require information as to which Evolution AB owes a duty of non-disclosure to a third party, including a regulatory body or government agency.

10. Evolution AB objects to the Definitions, Instructions, and Topics to the extent they contain erroneous or argumentative factual allegations, assumptions, or legal assertions. By responding to the Topics, Evolution AB does not admit any such allegations, assumptions, or assertions.

11. Evolution AB objects to any Topic identified in the Notice to the extent that it purports to require information related to, or solely available through, the personal or individual knowledge of Evolution AB employees or other individuals, as such topics are not properly within the scope of a Rule 30(b)(6) deposition.

12. Evolution AB objects to any Topic identified in the Notice to the extent that it is inconsistent with Fed. R. Civ. P. 26(b)(2) because it purports to require information that can be more reasonably obtained through less costly or burdensome means of discovery than a Rule 30(b)(6) deposition of Evolution AB.

13. Evolution AB objects to the Notice to the extent that it seeks disclosure of confidential or proprietary information, including but not limited to trade secrets or confidential commercial, financial, proprietary, or other competitively or commercially sensitive information belonging to Evolution AB, the disclosure of which would cause irreparable competitive injury to Evolution AB. Evolution AB is willing to promptly meet and confer and cooperate with Plaintiffs to ensure the expedited entry of an appropriate protective order in this Action. Any confidential

or proprietary materials or information disclosed by Evolution AB will be disclosed subject to such protective order.

14.    Evolution AB objects to the Notice in its entirety to the extent it seeks information not reasonably within the knowledge or the possession, custody, or control of Evolution AB.

15.    Evolution AB's failure to specifically object to any Definition, Instruction, or Topic is not a representation or admission that any particular information is relevant, non-privileged, or admissible in evidence, or that any statement or characterization in the Notice is accurate or complete.

16.    Nothing herein should be construed as an admission regarding the admissibility, truth, accuracy, or relevance of any issue.

## OBJECTIONS TO DEFINITIONS AND TIME PERIOD

1.    Evolution AB objects to the definition of "Communication(s)," and any specific Topic incorporating that definition, on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.

2.    Evolution AB objects to the definition of "Evolution" and "Company," and any specific Topic incorporating that definition, on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent it includes "direct or indirect subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, successors, present and former officers, directors, employees, agents, accounts, and advisors, and all other persons acting or purporting to act on its behalf." Evolution AB further objects to the definition of "Evolution" and "Company" to the extent it purports to seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" as directed by the Court. (April 24 Order ¶ 3.)  Evolution AB will interpret "Evolution" and

-6-

"Company" to mean only Evolution AB, not any other entities or persons, and accordingly responds to the Notice solely on behalf of Evolution AB. Evolution AB's responses will be limited to the scope directed by the April 24 Order.

3. Evolution AB objects to the definition of "Employee(s)," and any specific Topic incorporating that definition, on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including because it seeks information about entities other than Evolution AB through its incorporation of Plaintiffs' overbroad definition of "Evolution," and because it seeks information regarding "principals," "partners," "independent contractors," "assigns," "businesses," and "similar persons or entities." Evolution AB will interpret "Employee(s)" to mean only employees of Evolution AB.

4. Evolution AB objects to the definition of "Live casino solutions," and any specific Topic incorporating that definition, on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and purports to seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.)

5. Evolution AB objects to the definition of "Pennsylvania subsidiaries," and any specific Topic incorporating that definition, on the grounds that it contains erroneous or argumentative factual allegations, assumptions, or legal assertions due to the fact that none of the three entities referred to by the definition is domiciled in Pennsylvania. Evolution AB further objects to the definition of "Pennsylvania subsidiaries" as ambiguous, overly broad, and unduly burdensome, including because it purports to seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.)

6.      Evolution AB objects to the "Relevant Time Period" on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant or proportional to the needs of the case, in particular because it exceeds the February 14, 2019 through October 25, 2023 proposed class period alleged in Plaintiffs' Amended Complaint (the "Putative Class Period"). Evolution AB will interpret the "Relevant Time Period" to be the same as the Putative Class Period.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

Deposition Topic No. 1

Evolution's organizational and reporting structure.

Objections and Responses to Deposition Topic No. 1

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 1, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries."  (April 24 Order ¶ 3.)  Evolution AB also objects to Topic No. 1 as vague and ambiguous because the term "organizational and reporting structure" is undefined.  Evolution AB also objects to Topic No. 1 to the extent that it seeks information that is available through a more convenient, more efficient, less burdensome, or less expensive means than a Rule 30(b)(6) deposition of Evolution AB.  Evolution AB further objects to Topic No. 1 as duplicative of other Topics, including Topic Nos. 2 and 4.

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 1.

<u>Deposition Topic No. 2</u>

The administrative chains of command and organizational structure of the Pennsylvania subsidiaries, including their connection to Evolution.

<u>Objections and Responses to Deposition Topic No. 2</u>

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 2, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries."  (April 24 Order ¶ 3.)  Evolution AB also objects to Topic No. 2 as vague and ambiguous, including because the terms "administrative chains of command" and "organizational structure" are undefined.  Evolution AB also objects to Topic No. 2 to the extent that it seeks information that is available through a more convenient, more efficient, less burdensome, or less expensive means than a Rule 30(b)(6) deposition of Evolution AB.  Evolution AB further objects to Topic No. 2 as duplicative of other Topics, including Topic Nos. 1 and 4.

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 2.

<u>Deposition Topic No. 3</u>

The identity of persons who have personal knowledge of Evolution's involvement with the Pennsylvania subsidiaries.

<u>Objections and Responses to Deposition Topic No. 3</u>

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 3, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States

subsidiaries." (April 24 Order ¶ 3.) Evolution AB also objects to Topic No. 3 as overbroad, unduly burdensome, vague, and ambiguous, including because the term "involvement" is undefined. Evolution AB also objects to Topic No. 3 to the extent that it seeks information that is available through a more convenient, more efficient, less burdensome, or less expensive means than a Rule 30(b)(6) deposition of Evolution AB.  Evolution AB further objects to Topic No. 3 as disproportionate to the needs of the Action, including because Topic No. 3 exceeds the scope of permissible discovery under the April 24 Order.

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 3.

Deposition Topic No. 4

The legal interrelationship of Evolution and the Pennsylvania subsidiaries.

Objections and Responses to Deposition Topic No. 4

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 4, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.)  Evolution AB also objects to Topic No. 4 as vague and ambiguous, including because the term "legal interrelationship" is undefined.  Evolution AB also objects to Topic No. 4 to the extent that it seeks information that is available through a more convenient, more efficient, less burdensome, or less expensive means than a Rule 30(b)(6) deposition of Evolution AB. Evolution AB further objects to Topic No. 4 as duplicative of other Topics, including Topic Nos. 1 and 2.  Evolution AB further objects to Topic No. 4 to the extent it seeks legal contentions and/or calls for information protected by attorney-client privilege or the work-product doctrine.

-10-

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 4.

Deposition Topic No. 5

Evolution's ownership in the Pennsylvania subsidiaries' stock.

Objections and Responses to Deposition Topic No. 5

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 5, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.) Evolution AB also objects to Topic No. 5 to the extent that it seeks information that is available through a more convenient, more efficient, less burdensome, or less expensive means than a Rule 30(b)(6) deposition of Evolution AB, including through publicly available sources, such as Evolution AB's financial statements and annual reports. Evolution AB also objects to Topic No. 5 to the extent that any of the Pennsylvania subsidiaries do not issue "stock."

Based on the foregoing objections, Evolution AB will not provide deposition testimony in response to Topic No. 5.

Deposition Topic No. 6

Evolution's communications with the Pennsylvania subsidiaries concerning their business activities.

Objections and Responses to Deposition Topic No. 6

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 6, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether

-11-

an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.) Evolution AB also objects to Topic No. 6 as overbroad, unduly burdensome, vague, and ambiguous, including because the term "business activities" is undefined. Evolution AB also objects to Topic No. 6 as unreasonable and unworkable to the extent that it purports to require that Evolution AB ascertain and provide testimony regarding all "communications" that occurred over a four-year span, within a one-week preparation period for the deposition date Plaintiff unilaterally selected. Evolution AB also objects to Topic No. 6 as disproportionate to the needs of the Action, including because Topic No. 6 exceeds the scope of permissible discovery under the April 24 Order. Evolution AB further objects to Topic No. 6 to the extent that it assumes or requires a factual conclusion regarding Evolution AB's conduct. Evolution AB also objects to Topic No. 6 to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity or discovery protection, or that is otherwise protected from disclosure under applicable law. Evolution AB further objects to Topic No. 6 on the grounds that it does not describe with reasonable particularity the matters for examination.

Based on the foregoing objections, Evolution AB will not provide deposition testimony in response to Topic No. 6.

Deposition Topic No. 7

Evolution's policies and procedures concerning monitoring and tracking the Pennsylvania subsidiaries business activities.

Objections and Responses to Deposition Topic No. 7

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 7, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether

an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.) Evolution AB also objects to Topic No. 7 as overbroad, unduly burdensome, vague, and ambiguous, including because the terms "monitoring," "tracking," and "business activities" are undefined. Evolution AB also objects to Topic No. 7 as disproportionate to the needs of the Action, including because Topic No. 7 exceeds the scope of permissible discovery under the April 24 Order. Evolution AB further objects to Topic No. 7 to the extent that it assumes or requires a factual conclusion regarding Evolution AB's conduct. Evolution AB also objects to Topic No. 7 to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity or discovery protection, or that is otherwise protected from disclosure under applicable law. Evolution AB further objects to Topic No. 7 on the grounds that it does not describe with reasonable particularity the matters for examination.

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 7.

Deposition Topic No. 8

Evolution's knowledge of and involvement in obtaining licensure from the PGCB to conduct gaming operations in Pennsylvania through the Pennsylvania subsidiaries.

Objections and Responses to Deposition Topic No. 8

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 8, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.) Evolution AB also objects to Topic No. 8 as overbroad, unduly burdensome, vague,

-13-

and ambiguous, including because the terms "knowledge" and "involvement" are undefined. Evolution AB also objects to Topic No. 8 to the extent that it incorporates a factual assumption without foundation regarding Evolution AB's "knowledge of and involvement in obtaining licensure from the PGCB to conduct gaming operations in Pennsylvania through the Pennsylvania subsidiaries." Evolution AB also objects to Topic No. 8 as disproportionate to the needs of the Action, including because Topic No. 8 exceeds the scope of permissible discovery under the April 24 Order. Evolution AB further objects to Topic No. 8 to the extent that it assumes or requires a factual conclusion regarding Evolution AB's conduct and purported knowledge. Evolution AB also objects to Topic No. 8 to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity or discovery protection, or that is otherwise protected from disclosure under applicable law. Evolution AB further objects to Topic No. 8 on the grounds that it does not describe with reasonable particularity the matters for examination.

Based on the foregoing objections, Evolution AB will not provide deposition testimony in response to Topic No. 8.

Deposition Topic No. 9

Evolution's knowledge of and involvement in the Pennsylvania subsidiaries' use of common marketing images, including common branding of products.

Objections and Responses to Deposition Topic No. 9

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 9, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.) Evolution AB also objects to Topic No. 9 as overbroad, unduly burdensome, vague,

and ambiguous, including because the terms "knowledge," "involvement," "common marketing images," "common branding," and "products" are undefined.  Evolution AB also objects to Topic No. 9 to the extent that it assumes or requires a factual conclusion regarding Evolution AB's conduct and purported knowledge.  Evolution AB also objects to Topic No. 9 to the extent that it seeks information that is available through a more convenient, more efficient, less burdensome, or less expensive means than a Rule 30(b)(6) deposition of Evolution AB.  Evolution AB further objects to Topic No. 9 as duplicative of other Topics, including Topic Nos. 16 and 17.

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 9.

Deposition Topic No. 10

Evolution's knowledge of and involvement in the PGCB's October 26, 2022 Answer and New Matter to the Joint Petition of Evolution Malta Holding Limited, Evolution US, LLC, and NetEnt Americas, LLC for Board Approval of an Internal Reorganization of an Interactive Gaming Manufacturer Licensee.  *See* ECF 45-5.

Objections and Responses to Deposition Topic No. 10

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 10, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries."  (April 24 Order ¶ 3.)  Evolution AB also objects to Topic No. 10 as overbroad, unduly burdensome, vague, and ambiguous, including because the terms "knowledge" and "involvement" are undefined.  Evolution AB also objects to Topic No. 10 as disproportionate to the needs of the Action, including because Topic No. 10 exceeds the scope of permissible discovery under the April 24 Order.  Evolution AB also objects to Topic No. 10 to the extent it

-15-

seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity or discovery protection, or that is otherwise protected from disclosure under applicable law.

Based on the foregoing objections, Evolution AB will not provide deposition testimony in response to Topic No. 10.

Deposition Topic No. 11

Evolution's policies and procedures concerning the Pennsylvania subsidiaries use of the live casino solutions and other products used in the business activities of the Pennsylvania subsidiaries.

Objections and Responses to Deposition Topic No. 11

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 11, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.) Evolution AB also objects to Topic No. 11 as overbroad, unduly burdensome, vague, and ambiguous, including because the terms "policies and procedures," "products," and "business activities" are undefined. Evolution AB also objects to Topic No. 11 as disproportionate to the needs of the Action, including because Topic No. 11 exceeds the scope of permissible discovery under the April 24 Order.

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 11.

-16-

<u>Deposition Topic No. 12</u>

Evolution's knowledge of and involvement in monitoring and responding to regulatory changes pertaining to gambling in the United States, including in Pennsylvania.

<u>Objections and Responses to Deposition Topic No. 12</u>

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 12, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.) Evolution AB also objects to Topic No. 12 as overbroad, unduly burdensome, vague, and ambiguous, including because the terms "knowledge," "involvement," "monitoring," "responding," "regulatory changes," and "gambling" are undefined. Evolution AB also objects to Topic No. 12 as disproportionate to the needs of the Action, including because Topic No. 12 exceeds the scope of permissible discovery under the April 24 Order. Evolution AB further objects to Topic No. 12 to the extent that it assumes or requires a factual conclusion regarding Evolution AB's conduct and purported knowledge. Evolution AB also objects to Topic No. 12 to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity or discovery protection, or that is otherwise protected from disclosure under applicable law. Evolution AB further objects to Topic No. 12 on the grounds that it does not describe with reasonable particularity the matters for examination.

Based on the foregoing objections, Evolution AB will not provide deposition testimony in response to Topic No. 12.

<u>Deposition Topic No. 13</u>

Martin Carlesund's and Jacob Kaplan's involvement with the Pennsylvania subsidiaries.

<u>Objections and Responses to Deposition Topic No. 13</u>

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 13.  Evolution AB objects to Topic No. 13 as overbroad, unduly burdensome, vague, and ambiguous, including because the term "involvement" is undefined. Evolution AB also objects to Topic No. 13 as disproportionate to the needs of the Action, including because Topic No. 13 exceeds the scope of permissible discovery under the April 24 Order, which dismissed with prejudice the claim against Messrs. Carlesund and Kaplan.  (April 24 Order ¶ 1.)

Based on the foregoing objections, Evolution AB will not provide deposition testimony in response to Topic No. 13.

<u>Deposition Topic No. 14</u>

Evolution's public statements regarding the Pennsylvania subsidiaries.

<u>Objections and Responses to Deposition Topic No. 14</u>

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 14, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries."  (April 24 Order ¶ 3.)  Evolution AB also objects to Topic No. 14 as excessively overbroad, unduly burdensome, vague, and ambiguous, including because the term "public statements" is undefined.  Evolution AB also objects to Topic No. 14 to the extent that it incorporates a factual assumption without foundation.  Evolution AB also objects to Topic No. 14 as disproportionate to the needs of the Action, including because Topic No. 14 exceeds the scope of permissible discovery under the April 24 Order.  Evolution AB further objects to Topic No. 14 on the grounds that it does not describe with reasonable particularity the matters for examination.

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 14.

Deposition Topic No. 15

The Pennsylvania subsidiaries' financial result reporting procedures to Evolution.

Objections and Responses to Deposition Topic No. 15

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 15, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.) Evolution AB also objects to Topic No. 15 as overbroad, unduly burdensome, vague, and ambiguous, including because the term "financial result reporting procedures" is undefined. Evolution AB also objects to Topic No. 15 to the extent that it incorporates a factual assumption without foundation. Evolution AB also objects to Topic No. 15 as disproportionate to the needs of the Action, including because Topic No. 15 exceeds the scope of permissible discovery under the April 24 Order. Evolution AB further objects to Topic No. 15 on the grounds that it does not describe with reasonable particularity the matters for examination.

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 15.

Deposition Topic No. 16

The Pennsylvania subsidiaries' use of Evolution's trademark or logo.

-19-

Objections and Responses to Deposition Topic No. 16

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 16, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.)  Evolution AB also objects to Topic No. 16 to the extent that it incorporates a factual assumption without foundation.  Evolution AB also objects to Topic No. 16 to the extent that it seeks information that is available through a more convenient, more efficient, less burdensome, or less expensive means than a Rule 30(b)(6) deposition of Evolution AB.  Evolution AB further objects to Topic No. 16 as duplicative of other Topics, including Topic Nos. 9 and 17.

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 16.

Deposition Topic No. 17

The Pennsylvania subsidiaries' use of Evolution's marketing image.

Objections and Responses to Deposition Topic No. 17

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 17, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.)  Evolution AB also objects to Topic No. 17 to the extent that it incorporates a factual assumption without foundation.  Evolution AB also objects to Topic No. 17 to the extent that it seeks information that is available through a more convenient, more

efficient, less burdensome, or less expensive means than a Rule 30(b)(6) deposition of Evolution AB. Evolution AB further objects to Topic No. 17 as duplicative of other Topics, including Topic Nos. 9 and 16.

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 17.

Deposition Topic No. 18

The Pennsylvania subsidiaries' use of Evolution employees.

Objections and Responses to Deposition Topic No. 18

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 18, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.) Evolution AB also objects to Topic No. 18 as overbroad, unduly burdensome, vague, and ambiguous, including because the term "use" is undefined. Evolution AB also objects to Topic No. 18 to the extent that it incorporates a factual assumption without foundation. Evolution AB also objects to Topic No. 18 to the extent that it seeks information that is available through a more convenient, more efficient, less burdensome, or less expensive means than a Rule 30(b)(6) deposition of Evolution AB. Evolution AB further objects to Topic No. 18 on the grounds that it does not describe with reasonable particularity the matters for examination.

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 18.

<u>Deposition Topic No. 19</u>

The Pennsylvania subsidiaries' use of business functions provided by departments at Evolution.

<u>Objections and Responses to Deposition Topic No. 19</u>

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 19, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.) Evolution AB also objects to Topic No. 19 as overbroad, unduly burdensome, vague, and ambiguous, including because the terms "use," "business functions," and "departments" are undefined. Evolution AB also objects to Topic No. 19 to the extent that it incorporates a factual assumption without foundation. Evolution AB also objects to Topic No. 19 to the extent that it seeks information that is available through a more convenient, more efficient, less burdensome, or less expensive means than a Rule 30(b)(6) deposition of Evolution AB. Evolution AB further objects to Topic No. 19 on the grounds that it does not describe with reasonable particularity the matters for examination.

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 19.

<u>Deposition Topic No. 20</u>

The Pennsylvania subsidiaries' use of Evolution's products, including the live casino solutions, in their business activities.

<u>Objections and Responses to Deposition Topic No. 20</u>

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 20, including without limitation the General Objection that

Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.) Evolution AB also objects to Topic No. 20 as overbroad, unduly burdensome, vague, and ambiguous, including because the terms "use," "products," and "business activities" are undefined. Evolution AB also objects to Topic No. 20 to the extent that it seeks information that is available through a more convenient, more efficient, less burdensome, or less expensive means than a Rule 30(b)(6) deposition of Evolution AB. Evolution AB also objects to Topic No. 20 as disproportionate to the needs of the Action, including because Topic No. 20 exceeds the scope of permissible discovery under the April 24 Order. Evolution AB further objects to Topic No. 20 on the grounds that it does not describe with reasonable particularity the matters for examination.

Subject to and without waiving the foregoing objections, Evolution AB agrees to meet and confer with Plaintiffs regarding the extent, if any, to which a deposition should be taken with respect to any part of Topic No. 20.

Deposition Topic No. 21

The Pennsylvania subsidiaries' use of products in their business activities other than those provided by Evolution.

Objections and Responses to Deposition Topic No. 21

Evolution AB refers to and incorporates its General Objections as if set forth fully in this Response to Topic No. 21, including without limitation the General Objection that Plaintiffs' definition of "Evolution" purports to seek information not relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.) Evolution AB also objects to Topic No. 21 as overbroad, unduly burdensome, vague, and ambiguous, including because the terms "use," "products," and

-23-

"business activities" are undefined.  Evolution AB also objects to Topic No. 21 to the extent that it seeks information that is available through a more convenient, more efficient, less burdensome, or less expensive means than a Rule 30(b)(6) deposition of Evolution AB.  Evolution AB also objects to Topic No. 21 as disproportionate to the needs of the Action, including because Topic No. 21 exceeds the scope of permissible discovery under the April 24 Order.  Evolution AB further objects to Topic No. 21 on the grounds that it does not describe with reasonable particularity the matters for examination.

Based on the foregoing objections, Evolution AB will not provide deposition testimony in response to Topic No. 21.

DATED:  May 6, 2025

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr. (admitted *pro hac vice*)
David M.J. Rein (admitted *pro hac vice*)
Julia A. Malkina (admitted *pro hac vice*)
Gulliver Brady (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com
bradyg@sullcrom.com

/s/ *Shannon McClure*
Shannon McClure
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 569-5500
shannon.mcclure@blankrome.com

*Counsel for Defendants Evolution AB (publ)*