# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

RACHEL SKOLNICK,
individually and on behalf of all others
similarly situated,

                       Plaintiff,

            v.

EVOLUTION AB (PUBL), MARTIN
CARLESUND, and JACOB KAPLAN,

                 Defendants.

Civ. Action No. 2:24-cv-00326-MRP

**RESPONSES AND OBJECTIONS OF DEFENDANT EVOLUTION AB (publ)**
**TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, the Local

Rules of the United States District Court for the Eastern District of Pennsylvania, all applicable

Court orders, and any other applicable law or rule (together, the "Rules"), Defendant Evolution

AB (publ) ("Evolution AB"), by its undersigned attorneys, hereby submits these responses and

objections (the "Response") to the definitions ("Definition" or "Definitions"), instructions

("Instruction" or "Instructions"), and requests for admission ("Request" or "Requests") set forth

in Lead Plaintiff's First Set of Requests for Admission to Defendant Evolution AB (publ), dated

May 1, 2025, in the above-captioned action (the "Action").

Evolution AB responds to the Requests for the sole purpose of complying with the

Court's order for jurisdictional discovery "on the limited issue of whether an alter ego relationship

exists between [Evolution AB] and its United States subsidiaries." (Dkt. 55, the "April 24 Order.")

This Response is not a waiver of Evolution AB's jurisdictional defenses or a waiver of the

discovery stay imposed by the Private Securities Litigation Reform Act of 1995, *see* 15 U.S.C.

§ 78u-4(b)(3)(B), and Evolution AB expressly maintains and preserves all jurisdictional defenses

and other objections to discovery prior to the Action surviving a motion to dismiss. *See Action Mfg. Co.* v. *Simon Wrecking Co.*, 375 F. Supp. 2d 411, 426 (E.D. Pa. 2005) ("[Defendant] cannot be held to have waived its defense of lack of jurisdiction for responding, as it was required to do, to plaintiff's jurisdictional discovery requests.").

In light of the time period for jurisdictional discovery specified in the April 24 Order, Evolution AB is responding in a substantially shorter time period than specified in Federal Rule of Civil Procedure 36(a)(3). Accordingly, Evolution AB reserves the right to revise, correct, supplement, amend, or clarify its Response in the future, including if additional information becomes available. This Response is based on information supplied by Evolution AB.

## GENERAL OBJECTIONS

The General Objections set forth below apply to the Requests generally and to each Definition, Instruction, and each of the separately itemized Requests contained therein, and shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request. Any response to any of the Requests remains subject to the General Objections and any specific objections set out below. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Evolution AB from raising that objection at a later time.

As set forth more fully below, many Requests are impermissibly broad and purport to seek testimony regarding topics well outside the limited scope of jurisdictional discovery ordered by the Court in the April 24 Order. In addition, many Requests seek information in the possession of Evolution US LLC, Evolution Malta Limited, or NetEnt Americas LLC (now merged into Evolution US LLC), not Evolution AB. Non-parties Evolution US LLC, Evolution Malta Limited, and NetEnt Americas LLC are represented by Caroline Power at Kirkland & Ellis LLP in connection with jurisdictional discovery in this Action. You may contact her at

caroline.power@kirkland.com with respect to any jurisdictional discovery Plaintiffs seek of those entities in this Action.  Evolution AB will respond solely on behalf of Evolution AB, not any other entities, business organizations, or persons.

1.     Evolution AB objects to Plaintiffs' request that Evolution AB answer the Requests fully, in writing, and under oath within seven days of the date of service on the grounds that it purports to subject Evolution AB to an earlier due date than the 30 days allowed under Federal Rule of Civil Procedure 36(a)(3).

2.     Evolution AB objects to the Requests, and to each Definition and Instruction, to the extent that they purport to impose discovery burdens or obligations upon Evolution AB beyond, or inconsistent with, those required by the Federal Rules of Civil Procedure, the Local Rules, the Court's Individual Rules and Procedures for Civil Cases, or any other applicable law or rule or any order entered by the Court in this Action, including, without limitation, the April 24 Order (collectively, "Applicable Laws and Orders").  Subject to, and without waiver of, any objections, to the extent Evolution AB responds to any of the Requests, it will construe the Requests in accordance with all Applicable Laws and Orders.

3.     Evolution AB objects to each Request to the extent it seeks information that has already been provided to Plaintiffs or is equally available to Plaintiffs, including but not limited to: (1) because the information sought is publicly available or available from other parties; (2) because the information sought is unreasonably cumulative or duplicative; or (3) because the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Evolution AB objects to the definition of "Employee," and any specific Request incorporating that Definition, on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including because it seeks information about entities other than Evolution AB through its incorporation of Plaintiffs' overbroad definition of "Evolution," and because it seeks information regarding categories of non-employees, including "principals," "partners," "investment bankers," "consultants," "independent contractors," "assigns," "businesses," and "similar persons or entities." Evolution AB will interpret "Employee" to mean only employees of Evolution AB.

2.      Evolution AB objects to the definition of "Evolution" and any Definition or specific Request incorporating that Definition, on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent that it includes "any of [Evolution AB's] direct or indirect subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors, former officers, directors, employees, agents, directors, accountants and advisors, and all other persons acting or purporting to act on its behalf." Evolution AB further objects to the definition of "Evolution" to the extent it purports to seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" as directed by the Court. (April 24 Order ¶ 3.) Evolution AB will interpret "Evolution" to mean only Evolution AB, not any other entities or persons, and accordingly responds to the Requests solely on behalf of Evolution AB. Evolution AB's responses will be limited to the scope directed by the April 24 Order.

3.      Evolution AB objects to the definition of "Live casino solutions," and any specific Request incorporating that Definition, on the grounds that it is vague, ambiguous, overly

-4-

broad, unduly burdensome, and purports to seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.)

4.       Evolution AB objects to the Definition of "Pennsylvania subsidiaries," and any specific Request incorporating that Definition, on the grounds that it contains erroneous or argumentative factual allegations, assumptions, or legal assertions due to the fact that none of the three entities referred to by the Definition is organized in Pennsylvania. Evolution AB further objects to the Definition of "Pennsylvania subsidiaries" as ambiguous, overly broad, and unduly burdensome, including because it purports to seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.)

5.       Evolution AB objects to Instructions 1 through 5 and 7 because they purport to impose discovery burdens or obligations upon Evolution AB beyond or inconsistent with the Applicable Laws and Orders, including Federal Rule of Civil Procedure 36. Evolution AB will provide responses in accordance with the Applicable Laws and Orders.

6.       Evolution AB objects to the "Relevant Time Period" on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant or proportional to the needs of the case, in particular because it exceeds the February 14, 2019 through October 25, 2023 proposed class period alleged in Plaintiffs' Amended Complaint (the "Putative Class Period"). Evolution AB will interpret the "Relevant Time Period" to be the same as the Putative Class Period.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

Request for Admission No. 1

Admit that Evolution is a public limited company incorporated and headquartered in Sweden.

Objections and Responses to Request for Admission No. 1

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 1, including without limitation the objection that Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB.

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 1, except admits that Evolution AB is a public limited company incorporated and headquartered in Sweden.

Request for Admission No. 2

Admit that Martin Carlesund is Evolution's Group Chief Executive Officer.

Objections and Responses to Request for Admission No. 2

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 2, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); and (3) Request No. 2 is disproportionate to the needs of the Action, including because Request No. 2 exceeds the scope of permissible discovery under the April 24 Order, which dismissed with prejudice the claims against Mr. Carlesund (April 24 Order ¶ 1).

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 2, except admits that Mr. Carlesund is the Chief Executive Officer of Evolution AB.

Request for Admission No. 3

Admit that Jacob Kaplan is Evolution's Group Chief Financial Officer.

Objections and Responses to Request for Admission No. 3

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 3, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); and (3) Request No. 3 is disproportionate to the needs of the Action, including because Request No. 3 exceeds the scope of permissible discovery under the April 24 Order, which dismissed with prejudice the claims against Mr. Kaplan (April 24 Order ¶ 1).

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 3, except admits that Mr. Kaplan was Chief Financial Officer of Evolution AB from August 31, 2016 until February 18, 2025.

Request for Admission No. 4

Admit that the Pennsylvania subsidiaries reported to the PGCB that Evolution is "the[ir] ultimate parent" company. *See* ECF 45-5 at 2-3 (the PGCB's October 26, 2022 Answer and New Matter to the Joint Petition of Evolution Malta Holding Limited, Evolution US, LLC, and NetEnt Americas, LLC for Board Approval of an Internal Reorganization of an Interactive Gaming Manufacturer Licensee).

Objections and Responses to Request for Admission No. 4

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 4, including

without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); and (3) Request No. 4 is disproportionate to the needs of the Action, including because Request No. 4 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1).

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 4, except admits that (1) Evolution AB indirectly owns 100% of Evolution Malta Limited and Evolution US LLC; (2) Evolution AB indirectly owned 100% of NetEnt Americas LLC until it was merged into Evolution US LLC on December 31, 2024; and (3) the Office of Enforcement Counsel ("OEC") of the Pennsylvania Gaming Control Board ("PGCB") stated in an October 26, 2022 Answer and New Matter in *In re: the Joint Petition of Evolution Malta Holding Limited, PGCB GID No. 112442-1, Evolution US, LLC, PGCB No. 112437-1, and NetEnt Americas LLC, PGCB No. 111544-1 For Approval of an Internal Reorganization of an Interactive Gaming Manufacturer Licensee* ("October 26, 2022 Answer and New Matter") before the PGCB (PGCB Dkt. No. 10636-2022), that Evolution Malta Holding Limited, Evolution US LLC, and NetEnt Americas LLC reported that Evolution AB was their "ultimate parent company."

Request for Admission No. 5

Admit that Evolution had 100% ownership of and voting rights in the Pennsylvania subsidiaries.

Objections and Responses to Request for Admission No. 5

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 5, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include

entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); and (3) Request No. 5 is disproportionate to the needs of the Action, including because Request No. 5 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1).

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 5, except admits that (1) Evolution AB indirectly owns 100% of Evolution Malta Limited and Evolution US LLC and thus is not a direct holder of voting rights in either entity; and (2) Evolution AB indirectly owned 100% of NetEnt Americas LLC until it was merged into Evolution US LLC on December 31, 2024 and thus was not a direct holder of voting rights in this entity.

Request for Admission No. 6

Admit that Evolution had ultimate decision-making authority over the Pennsylvania subsidiaries.

Objections and Responses to Request for Admission No. 6

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 6, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); (3) Request No. 6 is disproportionate to the needs of the Action, including because Request No. 6 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1); and (4) Request No. 6 is vague,

ambiguous, and overly broad, including because the phrase "ultimate decision-making authority" is undefined.

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 6, except admits that (1) Evolution AB indirectly owns 100% of Evolution Malta Limited and Evolution US LLC; (2) Evolution AB indirectly owned 100% of NetEnt Americas LLC until it was merged into Evolution US LLC on December 31, 2024; and (3) Evolution Malta Limited, Evolution US LLC, and NetEnt Americas LLC, during the period February 14, 2019 to October 25, 2023, had their own management that was responsible for operating the organizations.

<u>Request for Admission No. 7</u>

Admit that the Pennsylvania subsidiaries are registered as foreign corporations to do business in Pennsylvania.

<u>Objections and Responses to Request for Admission No. 7</u>

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 7, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); and (3) Request No. 7 is disproportionate to the needs of the Action, including because Request No. 7 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1).

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 7, except admits that Evolution Malta Limited, Evolution US LLC, and NetEnt Americas LLC each registered as "Foreign Limited Liability Companies" with the Pennsylvania Department of State.

Request for Admission No. 8

Admit that Evolution, Martin Carlesund, and Jacob Kaplan obtained licensure to conduct gaming operations in Pennsylvania.

Objections and Responses to Request for Admission No. 8

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 8, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); (3) Request No. 8 is disproportionate to the needs of the Action, including because Request No. 8 exceeds the scope of permissible discovery under the April 24 Order, which dismissed with prejudice the claims against Messrs. Carlesund and Kaplan (April 24 Order ¶ 1); and (4) Request No. 8 is vague and ambiguous, including because the terms "licensure" and "gaming operations" are undefined.

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 8, except admits that Evolution AB and Messrs. Carlesund and Kaplan submitted applications to the PGCB as principals of Evolution New Jersey, LLC in connection with Evolution New Jersey, LLC's interactive gaming manufacturer application, and that the Chairman of the PGCB ordered on August 5, 2020 that an interactive gaming manufacturer license be issued to Evolution New Jersey, LLC.

Request for Admission No. 9

Admit that Evolution's 2020 Annual Report confirmed that Evolution is licensed by the PGCB in Pennsylvania.

-11-

Objections and Responses to Request for Admission No. 9

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 9, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); and (3) Request No. 9 is disproportionate to the needs of the Action, including because Request No. 9 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1).

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 9, except admits that its 2020 Annual Report states at page 15 that Evolution AB "is licensed and regulated in . . . Pennsylvania." Evolution AB respectfully refers Plaintiffs to the 2020 Annual Report for a more complete statement of its contents.

Request for Admission No. 10

Admit that Evolution's 2021 Annual Report confirmed that Evolution is licensed by the PGCB in Pennsylvania.

Objections and Responses to Request for Admission No. 10

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 10, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); and (3) Request No. 10 is

-12-

disproportionate to the needs of the Action, including because Request No. 10 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1).

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 10, except admits that its 2021 Annual Report states at page 14 that "one or more brands within the Evolution Group is licensed and regulated in . . . Pennsylvania." Evolution AB respectfully refers Plaintiffs to the 2021 Annual Report for a more complete statement of its contents.

Request for Admission No. 11

Admit that Evolution's 2019 Annual Report confirmed that Evolution's:

[s]ubsidiaries are all companies over which the Group has a controlling influence. The Group has a controlling influence over a company when it is exposed to, or is entitled to, variable returns from its holding in that company and is able to influence the return through its influence in the Company. Subsidiaries are fully consolidated from the date on which controlling influence is transferred to the Group. They cease to be consolidated from the date on which that controlling influence ceases.

ECF 45-8 at 86.

Objections and Responses to Request for Admission No. 11

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 11, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); and (3) Request No. 11 is disproportionate to the needs of the Action, including because Request No. 11 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1).

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 11, excepts admits that the quoted language is contained in the notes to the financial reports incorporated into Evolution AB's 2019 Annual Report.  Evolution AB respectfully refers Plaintiffs to the 2019 Annual Report and the notes to the financial reports incorporated therein for a more complete statement of their contents.

Request for Admission No. 12

Admit that Evolution and the Pennsylvania subsidiaries use common marketing images, including common branding of products.

Objections and Responses to Request for Admission No. 12

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 12, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); (3) Request No. 12 is disproportionate to the needs of the Action, including because Request No. 12 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1); and (4) Request No. 12 is vague, ambiguous and overly broad, including because the terms "common marketing images," "common branding," and "products" are undefined.

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 12, except admits that Evolution Malta Limited holds intellectual property rights to images and branding that are utilized by affiliates, including Evolution US LLC, which provides services to Evolution Malta Limited under a services agreement.

-14-

<u>Request for Admission No. 13</u>

Admit that the revenue generated by the Pennsylvania subsidiaries' business activities was publicly reported as part of Evolution's financial statements.

<u>Objections and Responses to Request for Admission No. 13</u>

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 13, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); (3) Request No. 13 is disproportionate to the needs of the Action, including because Request No. 13 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1); and (4) Request No. 13 is vague, ambiguous and overly broad, including because the term "business activities" is undefined.

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 13, except admits that (1) Evolution AB's financial statements during the period February 14, 2019 to October 25, 2023 incorporated revenues and other financial reporting of Evolution Malta Limited, Evolution US LLC, and NetEnt Americas LLC; and (2) these subsidiaries during the period February 14, 2019 to October 25, 2023 each maintained their own financial reporting, including of revenues.

<u>Request for Admission No. 14</u>

Admit that the PGCB determined that Evolution is "in control" of each of the Pennsylvania subsidiaries.

<u>Objections and Responses to Request for Admission No. 14</u>

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 14, including

without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); and (3) Request No. 14 is disproportionate to the needs of the Action, including because Request No. 14 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1).

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 14, except admits that the OEC of the PGCB stated in the October 26, 2022 Answer and New Matter before the PGCB, that Evolution AB was "in control" of NetEnt Americas LLC and Evolution US LLC.  Evolution AB respectfully refers Plaintiffs to the October 26, 2022 Answer and New Matter for a more complete statement of its contents.

Request for Admission No. 15

Admit that the Pennsylvania subsidiaries feature live casino solutions created by Evolution in their business activities.

Objections and Responses to Request for Admission No. 15

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 15, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); (3) Request No. 15 is disproportionate to the needs of the Action, including because Request No. 15 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1); and (4) Request No. 15 is vague,

-16-

ambiguous and overly broad, including because the terms "feature" and "business activities" are undefined.

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 15.

Request for Admission No. 16

Admit that the Pennsylvania subsidiaries do not develop business plans for growth and product development without Evolution's input and consent.

Objections and Responses to Request for Admission No. 16

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 16, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); (3) Request No. 16 is disproportionate to the needs of the Action, including because Request No. 16 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1); and (4) Request No. 16 is vague, ambiguous and overly broad, including because the terms "develop," "business plans," "growth," "product development," "input," and "consent" are undefined.

Subject to and without waiving its objections, Evolution AB denies Request No. 16, except admits that Evolution Malta Limited, Evolution US LLC, and NetEnt Americas LLC (prior to its merger into Evolution US LLC), prepared budgets that were reviewed and approved by Evolution AB.

Request for Admission No. 17

Admit that Evolution possesses the authority to hire and fire managers at the Pennsylvania subsidiaries.

-17-

Objections and Responses to Request for Admission No. 17

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 17, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); and (3) Request No. 17 is disproportionate to the needs of the Action, including because Request No. 17 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1).

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 17, except admits that (1) through its indirect ownership, Evolution AB has authority to approve or terminate the employment of the North America CEO of Evolution US LLC; and (2) employment decisions for employees of Evolution AB's North America subsidiaries are generally made by the North America CEO of Evolution US LLC or other managers of the North America subsidiaries responsible for the North America region.

Request for Admission No. 18

Admit that Evolution reviews and controls the Pennsylvania subsidiaries' budgets.

Objections and Responses to Request for Admission No. 18

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 18, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); (3) Request No. 18 is disproportionate

to the needs of the Action, including because Request No. 18 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1); and (4) Request No. 18 is vague, ambiguous and overly broad, including because the terms "reviews and controls" and "budgets" are undefined.

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 18, except admits that Evolution Malta Limited, Evolution US LLC, and NetEnt Americas LLC (prior to its merger into Evolution US LLC), prepared budgets that were reviewed and approved by Evolution AB.

Request for Admission No. 19

Admit that Evolution controlled the Pennsylvania subsidiaries' business operations.

Objections and Responses to Request for Admission No. 19

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 19, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); (3) Request No. 19 is disproportionate to the needs of the Action, including because Request No. 19 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1); and (4) Request No. 19 is vague, ambiguous and overly broad, including because the terms "controlled" and "business operations" are undefined.

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 19, except admits that (1) Evolution AB's subsidiaries, including Evolution Malta Limited, Evolution US LLC, and NetEnt Americas LLC (prior to its merger into Evolution US

-19-

LLC), each operated their own business activities during the period February 14, 2019 to October 25, 2023; and (2) Evolution AB exercised oversight of those subsidiaries, but not management of day-to-day business operations.

Request for Admission No. 20

Admit that Evolution "primarily conducts its business through subsidiaries that are active in the geographic areas in which it operates" as set forth in Evolution's 2018 Annual Report, Evolution's 2021 Annual Report, and Evolution's 2022 Annual Report. See ECF 44-1 at 44, 112, 138 (exhibits to Defendants' Motion to Dismiss the Amended Complaint (ECF 43)).

Objections and Responses to Request for Admission No. 20

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 20, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); and (3) Request No. 20 is disproportionate to the needs of the Action, including because Request No. 20 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1).

Subject to and without waiving the foregoing objections, Evolution AB admits that (1) its 2018 Annual Report stated on page 52, in a section entitled "Tax situation" that "Evolution primarily conducts its business through subsidiaries that are active in the geographic markets in which it operates"; (2) its 2021 Annual Report stated on page 55 in a section entitled "Tax situation" that "Evolution primarily conducts its business through subsidiaries that are active in the geographic markets in which it operates"; and (3) its 2022 Annual Report stated on page 58 in a section entitled "Tax situation" that "Evolution primarily conducts its business through subsidiaries that are active in the geographic markets in which it operates."

Evolution AB respectfully refers Plaintiffs to the Annual Reports for a more complete statement of their contents.

Request for Admission No. 21

Admit that Martin Carlesund considers Evolution and its subsidiaries "a single segment" as set forth in Evolution's 2018 Annual Report, Evolution's 2021 Annual Report, and Evolution's 2022 Annual Report. See ECF 44-1 at 55, 123, and 149 (exhibits to Defendants' Motion to Dismiss the Amended Complaint (ECF 43)).

Objections and Responses to Request for Admission No. 21

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 21, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); and (3) Request No. 21 is disproportionate to the needs of the Action, including because Request No. 21 exceeds the scope of permissible discovery under the April 24 Order, which dismissed with prejudice the claims against Mr. Carlesund (April 24 Order ¶ 1).  This Response is submitted on behalf of Evolution AB, not Mr. Carlesund, who is no longer a defendant in this Action.

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 21, except admits that (1) Evolution AB's 2018 Annual Report stated on page 86, in notes to the financial reports incorporated therein, that "[t]he CEO of the Group considers the Group to consist of a single segment, i.e. the provision of solutions for Live Casino and associated services to gaming operators"; (2) Evolution AB's 2021 Annual Report stated at page 90, in notes to the financial reports incorporated therein, that "[t]he Group CEO considers the Group to consist of a single segment, i.e. the provision of solutions for live casino and associated services to gaming

-21-

operators"; and (3) the 2022 Annual Report stated at page 93, in notes to the financial reports incorporated therein, that "[t]he Group CEO considers the Group to consist of a single segment, i.e. the provision of solutions for live casino and associated services to gaming operators."

Evolution AB respectfully refers Plaintiffs to the Annual Reports for a more complete statement of their contents.

Request for Admission No. 22

Admit that Evolution's North American subsidiaries contribute significantly to Evolution's annual revenue.

Objections and Responses to Request for Admission No. 22

Evolution AB refers to and incorporates its General Objections and Objections to Definitions and Instructions as if set forth fully in this Response to Request No. 22, including without limitation the objection that (1) Plaintiffs' definition of "Evolution" purports to include entities and individuals other than Evolution AB; (2) Plaintiffs seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3); (3) Request No. 22 is disproportionate to the needs of the Action, including because Request No. 22 exceeds the scope of permissible discovery under the April 24 Order (April 24 Order ¶ 1); and (4) Request No. 22 is vague, ambiguous and overly broad, including because the terms "North American subsidiaries" and "contribute significantly" are undefined.

Subject to and without waiving the foregoing objections, Evolution AB denies Request No. 22, except admits that (1) the North America region in the financial reporting of Evolution AB constitutes its own reporting group and includes the United States and Canada; (2) as reported in Evolution AB's 2019 Annual Report, the North America region generated approximately €22.0 million in revenue in 2019, as compared to global revenue of approximately

-22-

€365.6 million that year; (3) as reported in Evolution AB's 2020 Annual Report, the North America region generated approximately €37.4 million in revenue in 2020, as compared to global revenue of approximately €561.1 million that year; (4) as reported in Evolution AB's 2021 Annual Report, the North America region generated approximately €114.5 million in revenue in 2021, as compared to global revenue of approximately €1,068.7 million that year; (5) as reported in Evolution AB's 2022 Annual Report, the North America region generated approximately €189.2 million in revenue in 2022, as compared to global revenue of approximately €1,456.7 million that year; and (6) as reported in Evolution AB's 2023 Annual Report, the North America region generated approximately €226.7 million in revenue in 2023, compared with global revenue of approximately €1,798.6 million that year.

May 13, 2025

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr. (admitted *pro hac vice*)
David M.J. Rein (admitted *pro hac vice*)
Julia A. Malkina (admitted *pro hac vice*)
Gulliver Brady (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com
bradyg@sullcrom.com

/s/ *Shannon McClure*
Shannon McClure
One Logan Square
BLANK ROME LLP
130 North 18th Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 569-5500
Shannon.mcclure@blankrome.com

*Counsel for Defendants Evolution AB (publ)*

-24-

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2025, I caused to be served a copy of the foregoing Responses and Objections to Plaintiffs' First Set of Requests for Admission to Defendant Evolution AB (publ) by electronic mail on Plaintiffs' counsel.

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.