# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

RACHEL SKOLNICK,
individually and on behalf of all others
similarly situated,

                         Plaintiff,

        v.

EVOLUTION AB (PUBL), MARTIN
CARLESUND, and JACOB KAPLAN,

                    Defendants.

Civ. Action No. 2:24-cv-00326-MRP

**RESPONSES AND OBJECTIONS OF DEFENDANT EVOLUTION AB (publ) TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Pennsylvania, all applicable Court orders, and any other applicable law or rule (together, the "Rules"), Defendant Evolution AB (publ) ("Evolution AB"), hereby submits these responses and objections (the "Response") to Plaintiffs' First Set of Requests for Production of Documents (the "Requests," and each, a "Request").

Evolution AB responds to the Requests for the sole purpose of complying with the Court's order for jurisdictional discovery "on the limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (ECF No. 55, the "April 24 Order.") This Response is not a waiver of Evolution AB's jurisdictional defenses or a waiver of the discovery stay imposed by the Private Securities Litigation Reform Act of 1995, *see* 15 U.S.C. § 78u-4(b)(3)(B), and Evolution AB expressly maintains and preserves all jurisdictional defenses and other objections to discovery prior to the Action surviving a motion to dismiss. *See Action Mfg. Co.* v. *Simon Wrecking Co.*, 375 F. Supp. 2d 411, 426 (E.D. Pa. 2005) ("[Defendant] cannot

be held to have waived its defense of lack of jurisdiction for responding, as it was required to do, to plaintiff's jurisdictional discovery requests.").

**GENERAL OBJECTIONS**

The General Objections set forth below apply to the Requests generally and to each definition ("Definition" or "Definitions"), instruction ("Instruction" or "Instructions"), and Request contained therein and shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request. Without regard to objections made or not made in these General Objections, Evolution AB reserves its right to revise, correct, supplement, or clarify its Response in the future, as well as to lodge specific objections to each particular deposition topic at that time. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Evolution AB from raising that objection at a later time.

1.     Plaintiffs' Requests are impermissibly broad and purport to seek production of documents well outside the limited scope of jurisdictional discovery ordered by the Court. For example, three of the four requests seek "All documents" for a period spanning five years on different topics. Evolution AB objects to these Requests' demands for "All documents" over a five-year period because they are not proportionate or relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.) *See LaSala* v. *Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 478 (3d Cir. 2011) (jurisdictional discovery should not serve as "a fishing expedition" into the underlying merits "under the guise of jurisdictional discovery") (citing *Eurofins Pharma U.S. Holdings* v. *BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010)); *United Emp. Assocs.* v. *Landmark Constr. Co.*, 2024 WL 3086252, at *3 (E.D. Pa. June 21, 2024) (jurisdictional "discovery process should be narrow in scope: it is not 'a license for the parties to engage in a "fishing expedition,"' and it must be circumscribed 'to only the factual

questions necessary to determine the Court's jurisdiction'" (citations omitted)).   In addition, as detailed further in this Response, the Requests are impractical and unduly burdensome. Accordingly, as set forth further below, Evolution AB will produce only documents relevant and proportionate to the limited issue of *alter ego* jurisdictional discovery.

2.      Evolution AB objects to the demand in the Requests purporting to require Evolution AB to "respond to and produce for inspection and copying the documents designated under the heading 'Documents Requested' within 10 days of the service hereof." Under Federal Rule of Civil Procedure 34(b)(2)(A), "the party to whom the request is directed must respond in writing within 30 days after being served" unless the Court orders or the parties stipulate otherwise.  Here, the Court did not direct that Evolution AB respond to Plaintiffs' document requests within 10 days—in fact, the Court allowed more than 40 days for jurisdictional discovery.  Nor have the parties stipulated to a shorter response time.  Plaintiffs elected to wait for 22 days after the April 24 Order—more than half of the period ordered by the Court for jurisdictional discovery—before serving any document request.  Although Evolution AB is now responding in substantially less time than the 30-day period permitted by the Rules, the scope of documents produced by Evolution AB, as described further below, is necessarily limited by Plaintiffs' decision to allow most of the jurisdictional discovery period to elapse before serving their document requests with only 20 days remaining.

3.      Evolution AB objects to the demand in the Request that Evolution AB produce documents spanning a five-year period as overly broad, unduly burdensome, and seeking information not relevant or proportional to *alter ego* jurisdiction, which is the sole issue on which discovery is permitted at this stage.  Seeking five years of discovery is an impermissible attempt to obtain merits discovery, which the Court has not ordered and which

is statutorily barred at this stage.  Jurisdictional discovery should be "less burdensome than merits discovery, given the more limited scope of jurisdictional inquiries." *Lincoln Ben. Life Co.* v. *AEI Life, LLC*, 800 F.3d 99, 109 (3d Cir. 2015).  *See also* 15 U.S.C. § 78u-4(b)(3)(B) (in federal securities fraud actions, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss").  Further, it is "hornbook law" that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux* v. *Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004); *see also, e.g.*, *Kabakjian* v. *U.S.*, 267 F.3d 208, 212 (3d Cir. 2001) ("We have recognized as a general principle that jurisdiction is determined at the time the suit is filed."); *Kraus* v. *Alcatel-Lucent*, 441 F. Supp. 3d 68, 75 (E.D. Pa. 2020) ("The operative date for determining whether consent jurisdiction applies is when the lawsuit is filed.").  Here, the initial complaint was filed in this action on January 23, 2024 and the amended complaint was filed on September 13, 2024.  Accordingly, Evolution AB will limit the scope of the "Relevant Time Period" in its Response to January 1, 2023 through December 31, 2023, which is the one-year portion of Plaintiffs' "Relevant Time Period" that most immediately precedes the filing of the initial Complaint.

4.    Evolution AB further objects to the Requests because they seek information in the possession of non-parties, including Evolution US LLC, Evolution Malta Limited, or NetEnt Americas LLC.  On May 6, 2025, Evolution AB informed Plaintiffs that they should contact Caroline Power at Kirkland & Ellis LLP in connection with any jurisdictional discovery Plaintiffs might seek from non-parties Evolution US LLC, Evolution Malta Limited, and NetEnt Americas LLC.  Plaintiffs still have not contacted counsel for these non-parties, despite having more than adequate opportunity to do so.  Given the limited period permitted for jurisdictional discovery and Plaintiffs' failure to contact the non-parties' counsel,

Evolution AB has provided Plaintiffs' Requests to the non-parties' counsel and Evolution AB understands that the non-parties' counsel will respond directly to Plaintiffs.

5.    Evolution AB objects to the Requests to the extent that they purport to impose burdens or obligations on Evolution AB that are broader than or inconsistent with the permissible scope of discovery under the Rules.  In responding to the Requests, Evolution AB will construe the Requests consistently with the Rules.

6.    Evolution AB objects to the Requests to the extent that they purport to require Evolution AB to (i) produce documents not in its possession, custody, or control; (ii) create, generate, compile, or develop documents not currently in its possession, custody, or control; or (iii) produce documents that are available from a more comprehensive, more convenient, more efficient, less burdensome, or less expensive source than Evolution AB or through a more convenient, more efficient, less burdensome, or less expensive means than the Requests.  Evolution AB does not agree to seek or obtain documents from anyone other than Evolution AB.

7.    Evolution AB objects to the Requests to the extent that they purport to require Evolution AB to conduct anything beyond a reasonable and diligent search of Evolution AB's readily accessible files in light of the limited time frame available for such a search.  Given the short time frame now available because of Plaintiffs' delay in sending the Requests, as well as the limited scope of *alter ego* jurisdictional discovery, Evolution AB is not able to conduct, and will not be conducting, a comprehensive search for email or other electronically stored information ("ESI").  Any Request that purports to require Evolution AB to conduct such a search is unreasonable in light of Plaintiffs' delay, is not proportionate or relevant

to the *alter ego* jurisdiction issues that are the subject of discovery at this stage, and would impose an undue burden and unreasonable costs upon Evolution AB.

8.      Evolution AB objects to the Requests to the extent that they seek material protected from disclosure under (i) the attorney-client privilege; (ii) the work-product doctrine; (iii) the common-interest privilege and/or joint-defense privilege; (iv) domestic or foreign criminal or civil laws, including, but not limited to, the European Union General Data Protection Regulation 2016/679, the Swedish Data Protection Act, other data and privacy protection directives under European Union or Swedish law, or any duties of confidentiality imposed by European Commission rules; and/or (v) any other applicable privilege, immunity, protection, law (including data privacy laws), or rule, including under Swedish law.   Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection is neither intended nor should be interpreted as evidence that Evolution AB does not object to a Request on the basis of or waives an applicable privilege, immunity, or protection.   Evolution AB does not intend to produce privileged information, and any inadvertent disclosure of documents or information containing privileged information shall not be deemed, nor is it intended, to constitute a waiver of any applicable privilege, in whole or in part.

9.      Evolution AB objects to the Requests to the extent that they suggest privileged materials are to be logged in a manner inconsistent with the Rules.   Evolution AB will log privileged material in accordance with the Rules.

10.      Evolution AB's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of its right to object on any additional ground(s) consistent with further investigation and discovery.

11.    Evolution AB reserves its rights to amend, supplement, correct, clarify, and/or add to its Response to each Request, including as a result of further investigation and discovery.   Moreover, should Evolution AB at any time supplement or amend its Response to these Requests, by agreement or otherwise, Evolution AB expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplement or amendment.   Evolution AB also reserves the right to use or rely on, at any time, subsequently discovered information and/or documents.

12.    Evolution AB reserves all objections that may be available to it at any hearing or on any motion related to the use or admissibility of any information provided, as well as the right to object to further discovery relating to the subject matter of any information provided.

**OBJECTIONS TO DEFINITIONS**

1.    Evolution AB objects to the Definition of "Communication(s)," and any specific Request incorporating that Definition, on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.

2.    Evolution AB objects to the Definitions of "Electronic Data," "Electronically Stored Information," "ESI," and Section IV ("Production of ESI"), and any specific Request incorporating any of those Definitions, on the grounds that they are overly broad and unduly burdensome, particularly in light of the "limited" discovery required by the April 24 Order (¶ 3) and the limited time frame now available for Evolution AB to respond to the Requests given Plaintiffs' delay in serving any document requests.   Evolution AB further objects to these Definitions as vague and ambiguous, including because they incorporate several undefined terms, including, *e.g.*, "crosswalks," "code keys," "pull down tabs," "logs," "file layouts," and "file fragments."   In responding to the Requests, Evolution AB will interpret these Definitions

consistently with the definition of "Electronically Stored Information" set forth in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.  For the avoidance of doubt, in responding to the Requests, Evolution AB will not be conducting comprehensive searches for email or other ESI because such searches would be unreasonable in light of Plaintiffs' delay, not proportionate or relevant to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" (April 24 Order ¶ 3), and would impose an undue burden and unreasonable costs upon Evolution AB.

3.      Evolution AB objects to the Definition of "Evolution," and any specific Request incorporating that definition, on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent that it includes "any of [Evolution AB's] divisions or affiliates (foreign and domestic), predecessors, successors, former officers, directors, employees, agents, directors, accountants and advisors, and all other persons acting or purporting to act on its behalf."  Evolution AB further objects to the definition of "Evolution" to the extent it purports to seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" as directed by the Court.  (April 24 Order ¶ 3.)  Evolution AB will interpret "Evolution" to mean only Evolution AB, not any other entities or persons, and accordingly responds to the Requests solely on behalf of Evolution AB.

4.      Evolution AB objects to the definition of "Pennsylvania subsidiaries," and any specific Request incorporating that Definition, on the grounds that it contains erroneous or argumentative factual allegations, assumptions, or legal assertions including because none of the three entities referred to by the definition is domiciled in Pennsylvania.  Evolution AB further objects to the Definition of "Pennsylvania subsidiaries" as ambiguous, overly broad, and unduly

burdensome, including because it purports to seek information not relevant or proportional to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries." (April 24 Order ¶ 3.)

5.      Evolution AB objects to the "Relevant Time Period" for the reasons identified in its General Objections. For the reasons identified in its General Objections, Evolution AB is limiting the scope of any search and production to the period January 1, 2023 through December 31, 2023.

## OBJECTIONS TO INSTRUCTIONS

1.      Evolution AB objects to the Instructions, as well as Section III of the Requests on the production of hard-copy documents and Section IV of the Requests on the production of ESI, to the extent that they purport to impose upon Evolution AB obligations in excess of those required under the Rules and to the extent that they purport to impose a requirement to produce original or duplicative documents, which is unduly burdensome and not proportionate to the needs of the Action. As stated in Evolution AB's General Objections, above, given the short time frame now available because of Plaintiffs' delay in sending the Requests, as well as the limited scope of *alter ego* jurisdictional discovery, Evolution AB is not able to conduct, and will not be conducting, a comprehensive search for email or other ESI. Any Instruction or Request that purports to require Evolution AB to conduct such a search is unreasonable in light of Plaintiffs' delay, is not proportionate or relevant to the *alter ego* jurisdiction issues that are the subject of discovery at this stage, and would impose an undue burden and unreasonable costs upon Evolution AB.

2.      Evolution AB objects to the Instructions to the extent that they request materials protected by the attorney-client privilege, the work-product doctrine, the joint-defense and/or common-interest privilege, or any other applicable privilege, protection,

immunity, or exemption.   As set forth above, Evolution AB will withhold any such materials in accordance with the Rules.

3.      Evolution AB objects to Instruction No. 1 on the grounds that it purports to require Evolution AB to produce documents that are not within Evolution AB's possession, custody or control, to the extent Instruction No. 1 would require Evolution AB to search for documents "in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of your respective directors, executives, officers, partners, managing agents, agents, employees, accountants, or any other representative," and to the extent that Instruction No. 1 includes that "[a] document shall be deemed to be within your control if you have the ability or right to secure the document or a copy of the document from another person or entity having possession or custody of the document."

4.      Evolution AB objects to Instructions Nos. 4 and 10 to the extent that they purport to impose upon Evolution AB obligations in excess of those required under the Rules, including because they would require Evolution AB to "state whether [a] document is missing or lost, destroyed, transferred voluntarily or involuntarily to others, or otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition" and to prepare an "exception report" that is not required by the Rules.

5.      Evolution AB objects to Instruction No. 5 to the extent that it purports to impose upon Evolution AB obligations in excess of those required under Federal Rule of Civil Procedure 26(b)(5) and was unilaterally set by Plaintiffs.

6.      Evolution AB objects to Instruction No. 8 to the extent that it purports to impose upon Evolution AB obligations in excess of those required under the Rules, including

because it would require Evolution AB to "describe to the best of [its] knowledge, information, and belief, and with as much particularity as possible, those portions of the document which are not being produced."

7.     Evolution AB objects to Instruction No. 9 to the extent that it purports to impose upon Evolution AB obligations in excess of those required under the Rules, including placing the burden on Evolution AB to clarify ambiguities in Plaintiffs' Requests.

8.     Evolution AB objects to Instruction No. 12 to the extent that it purports to impose upon Evolution AB obligations in excess of those required under the Rules, including for the procedure for redacting documents.  Evolution AB will redact documents in accordance with the Rules, and in light of the limited scope of jurisdictional discovery and the short time frame available for document discovery given Plaintiffs' delay in serving document requests.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

Request No. 1

All Resolutions by the Board of Directors or Board of Managers for each of the Pennsylvania subsidiaries made during the Relevant Time Period.

Objections and Responses to Request No. 1

Evolution AB refers to and incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if set forth fully in this Response to Request No. 1. Evolution AB also objects to Request No. 1 as vague and ambiguous because the capitalized term "Resolutions" is undefined.  Evolution AB further objects to Request No. 1 as overbroad and unduly burdensome, including because it purports to seek documents not relevant or proportionate to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" as directed by the Court.  (April 24 Order ¶ 3.)  Evolution AB also objects to Request No. 1 on the ground that Evolution AB provided contact information for counsel

for the "Pennsylvania subsidiaries," but Plaintiffs have served no discovery requests on their counsel.

Subject to and without waiving the foregoing objections, Evolution AB responds that it has provided Request No. 1 to Caroline Power of Kirkland & Ellis LLP, counsel to Evolution US LLC, Evolution Malta Limited, and NetEnt Americas LLC.  We understand that those entities will respond to this Request No. 1 through their counsel.

Request No. 2

All documents prepared for, circulated or exchanged, relating to, or concerning the monthly meeting with "CEO Martin" and "each commercial department head" described by Evolution's designated Rule 30(b)(6) witness during his May 15, 2025 deposition at 78:21-79:2; 82:11-16.

Objections and Responses to Request No. 2

Evolution AB refers to and incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if set forth fully in this Response to Request No. 2. Evolution AB also objects to Request No. 2 as vague and ambiguous.  Evolution AB also objects to Request No. 2 to the extent that it mischaracterizes Evolution AB's testimony.  Evolution AB refers Plaintiffs to that testimony for a more complete statement of its contents.  Evolution AB further objects to Request No. 2 as overbroad and unduly burdensome, including because it purports to seek documents not relevant or proportionate to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" as directed by the Court.  (April 24 Order ¶ 3.)  As set forth more fully above, Evolution AB is not searching for "All documents" and is not conducting a comprehensive search for e-mail or other ESI in light of the limited scope of jurisdictional discovery and the short time frame available for document discovery given Plaintiffs' delay in serving document requests.  Evolution AB also objects to

Request No. 2 on the ground that it seeks documents that are not in the possession, custody, or control of Evolution AB.

Subject to and without waiving the foregoing objections, Evolution AB is conducting a reasonable search for and producing presentation materials circulated for regularly scheduled meetings of the Chief Executive Officer of Evolution AB and the Chief Commercial Officer, North America, who was employed by Evolution US LLC, as well as with other regional commercial officers employed by other indirectly held subsidiaries of Evolution AB. Evolution AB will provide versions of the presentation materials redacted to show their headings and meeting topics, which is sufficient for the limited scope of *alter ego* personal jurisdiction discovery permitted by the Court, but without disclosing the confidential and sensitive business information presented on each topic that is not relevant to *alter ego* personal jurisdiction. If Plaintiffs believe any particular pages of the production are relevant to *alter ego* personal jurisdiction, they should contact Evolution AB's counsel promptly after receiving the production to discuss the matter further.

Request No. 3

All documents prepared for, circulated, or exchanged, relating to, or concerning the "regular meetings" between the "CEO of North America" and "CEO Martin" to "go[] over the business performance which would include more than just P&L," described by Evolution's designated Rule 30(b)(6) witness during his May 15, 2025 deposition at 117:13-119:4.

Objections and Responses to Request No. 3

Evolution AB refers to and incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if set forth fully in this Response to Request No. 3. Evolution AB also objects to Request No. 3 as vague and ambiguous. Evolution AB also objects to Request No. 3 to the extent that it mischaracterizes Evolution AB's testimony. Evolution AB refers Plaintiffs to that testimony for a more complete statement of its contents. Evolution AB

-13-

further objects to Request No. 3 as overbroad and unduly burdensome, including because it purports to seek documents not relevant or proportionate to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" as directed by the Court. (April 24 Order ¶ 3.) As set forth more fully above, Evolution AB is not searching for "All documents" and is not conducting a comprehensive search for e-mail or other ESI in light of the limited scope of jurisdictional discovery and the short time frame available for document discovery given Plaintiffs' delay in serving document requests. Evolution AB also objects to Request No. 3 on the ground that it seeks documents that are not in the possession, custody, or control of Evolution AB.

Subject to and without waiving the foregoing objections, Evolution AB is conducting a reasonable search for and producing materials circulated for regularly scheduled meetings of the Chief Executive Officer of Evolution AB and the Chief Executive Officer of Evolution US LLC. Evolution AB will provide versions of the materials redacted to show their headings and meeting topics, which is sufficient for the limited scope of *alter ego* personal jurisdiction discovery permitted by the Court, but without disclosing the confidential and sensitive business information presented on each topic that is not relevant to *alter ego* personal jurisdiction. If Plaintiffs believe any particular pages of the production are relevant to *alter ego* personal jurisdiction, they should contact Evolution AB's counsel promptly after receiving the production to discuss the matter further.

Request No. 4

All documents prepared for, circulated, or exchanged, relating to, or concerning the monthly "general management meeting" involving "C Level – top level" participants described by Evolution AB's designated Rule 30(b)(6) witness during his May 15, 2025 deposition at 119:6-122:21; 127:1-128:2.

-14-

<u>Objections and Responses to Request No. 4</u>

Evolution AB refers to and incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if set forth fully in this Response to Request No. 4. Evolution AB also objects to Request No. 4 as vague and ambiguous. Evolution AB also objects to Request No. 4 to the extent that it mischaracterizes Evolution AB's testimony. Evolution AB refers Plaintiffs to that testimony for a more complete statement of its contents. Evolution AB further objects to Request No. 4 as overbroad and unduly burdensome, including because it purports to seek documents not relevant or proportionate to the "limited issue of whether an alter ego relationship exists between [Evolution AB] and its United States subsidiaries" as directed by the Court. (April 24 Order ¶ 3.) As set forth more fully above, Evolution AB is not searching for "All documents" and is not conducting a comprehensive search for e-mail or other ESI in light of the limited scope of jurisdictional discovery and the short time frame available for document discovery given Plaintiffs' delay in serving document requests. Evolution AB also objects to Request No. 4 on the ground that it seeks documents that are not in the possession, custody, or control of Evolution AB.

Subject to and without waiving the foregoing objections, Evolution AB is conducting a reasonable search for and producing agendas and other materials circulated for regularly scheduled Extended Group Management meetings. Evolution AB will provide versions of these materials redacted to show their headings and meeting topics, which is sufficient for the limited scope of *alter ego* personal jurisdiction discovery permitted by the Court, but without disclosing the confidential and sensitive business information presented on each topic that is not relevant to *alter ego* personal jurisdiction. If Plaintiffs believe any particular pages of the production are relevant to *alter ego* personal jurisdiction, they should contact Evolution AB's counsel promptly after receiving the production to discuss the matter further.

DATED: May 30, 2025

/s/  *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr. (admitted *pro hac vice*)
David M.J. Rein (admitted *pro hac vice*)
Julia A. Malkina (admitted *pro hac vice*)
Gulliver Brady (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com
bradyg@sullcrom.com

/s/ *Shannon McClure*
Shannon McClure
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 569-5500
shannon.mcclure@blankrome.com

*Counsel for Defendant Evolution AB (publ)*

-16-

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2025, I caused to be served a copy of the foregoing

Responses and Objections of Defendant Evolution AB (publ) to Plaintiffs' First Set of Requests

for Production of Documents by electronic mail on Plaintiffs' counsel.


/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.