# EXHIBIT 9

**THIRD AMENDED AND RESTATED**
**LIMITED LIABILITY COMPANY AGREEMENT**
**OF**
**NETENT AMERICAS LLC**

**THIS THIRD AMENDED AND RESTATED LIMITED LIABILITY COMPANY AGREEMENT** (this "Agreement") of **NetEnt Americas LLC**, a New Jersey limited liability company (the "Company"), is made as of December 1, 2020 (the "Effective Date"), by **NetEnt Americas Holding Inc**., a Delaware corporation ("Member").

WHEREAS, the Member entered into that certain Limited Liability Company Agreement dated October 24, 2014, which was amended and restated effective January 11, 2017, amended effective July 31, 2018, and amended and effective October 29, 2019;

WHEREAS, the Member now desires to amend and restate the Limited Liability Company Agreement in its entirety and to set forth the terms and conditions by which the Company will be governed as of the Effective Date.

NOW, THEREFORE, in consideration of the foregoing recitals which are hereby incorporated as a part of this Agreement, the Member hereby amends and restates the Limited Liability Company Agreement of the Company as follows:

**ARTICLE I.**

**PRIOR AGREEMENTS; FORMATION; NAME AND PLACE OF BUSINESS**

**1.1.    Prior Agreements.**  This Agreement supersedes any and all previous Limited Liability Company Agreements relating to the Company, whether written or oral.

**1.2.    Formation.**  The Company was formed as a "limited liability company" as of October 24, 2014 by the filing of a certificate of formation, in accordance with the Act (as hereinafter defined).  The Company shall conduct business as a limited liability company pursuant to the terms of this Agreement and the provisions of all applicable law.

**1.3.    Name of Limited Liability Company.**  The name of the Company shall be NetEnt Americas LLC.

**1.4.    Registered Office and Designated Agent for Service of Process**.  The registered office of the Company in the State of New Jersey shall be located at: c/o Saiber LLC, 18 Columbia Turnpike, Suite 200, Florham Park NJ 07932 USA.  The registered Agent of the Company for service of process at such address is Jeremy P. Kleiman, Esq.

**1.5.    Place of Business.**  The principal place of business of the Company shall be at such location as determined by the Company.

01502703.DOC

Exhibit

Defendant 007

15th May 2025

## ARTICLE II.

## TERM AND PURPOSE OF THE COMPANY

**2.1.    Term.**    The Company shall continue from October 24, 2014 until dissolved by the Member.

**2.2.    Purpose.**  The Company is formed for the object and purpose of, and the nature of the business to be conducted and promoted by the Company is, engaging in any lawful act or activity for which limited liability companies may be formed under the Act and engaging in any and all activities necessary or incidental to the foregoing.

**2.3.    Title of Property.**  All tangible and intangible, real and personal property owned by the Company shall be owned by the Company as an entity and, insofar as permitted by applicable law, no Member shall have any ownership interest in such property in his or her individual name or right, and each Member's interest in the Company shall be personal property for all purposes.

## ARTICLE III.

## DEFINITIONS

**3.1.**    Capitalized terms not otherwise defined in this Agreement shall have the meanings set forth therefore in Section 2 of the Act.

## ARTICLE IV.

## CAPITAL CONTRIBUTIONS, UNITS OF PARTICIPATION

**4.1.    Capital Contributions.**  The capital of the Company shall be maintained at a sufficient level as to provide adequately the necessary working capital and facilities for the operation of the business, as determined by the Members.  Each Member shall make capital contributions to the Company from time to time, in cash, securities or other property, in amounts determined by the Members, and in proportion to their respective Membership interests.  No Member shall be entitled to receive interest on his capital account.

**4.2.    Units of Participation.**  Each Member's interest in the Company shall be represented by units owned by such Member ("Units"). The Company may in its discretion issue to each Member listed on Schedule A hereto certificates representing the membership interest held by such Member.  Each such Member hereby agrees that the Units issued by the Company shall be securities governed by Article 8 of the Uniform Commercial Code of the State of New Jersey (and the Uniform Commercial Code of any other applicable jurisdiction).  Certificates issued by the Company pursuant to this Section may be signed by the Managing Member or any Officer of the Company.

01502703.DOC

**4.3.**    **Assignments.**   Subject to the restrictions on transferability set forth in the Company's Certificate of Formation, the Members may sell, assign or transfer all or any portion of their interests.

## ARTICLE V.

### ACCOUNTING METHOD, ALLOCATION
### OF PROFITS AND LOSSES, DISTRIBUTIONS

**5.1.**    **Fiscal Year.**   The fiscal year for tax purposes of the Company shall end on December 31 of each year.

**5.2.**    **Accounting Method.**   The Company shall keep its accounting records using the accrual basis method of accounting in accordance with IFRS and shall file its income tax returns on the accrual basis.  Except as otherwise provided herein, all determinations under this Agreement shall be made using the accrual basis method of accounting.

**5.3.**    **Allocation of Profits and Losses.**   The Company's profits and losses shall be allocated among the Members in proportion to their respective Membership Interests.

**5.4.**    **Distributions.**   Distributions shall be made to the Members at the times and in the amounts determined by the Members. Such distributions shall be allocated among the Members in proportion to their respective Membership Interests

## ARTICLE VI.

### MANAGEMENT

**6.1.**    **Powers**.   The business and affairs of the Company shall be managed by the Members.  The Members shall have the power to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members under the laws of the State of New Jersey.

**6.2.**    **Officers.**   The Members hereby appoint the following named persons to be officers of the Company (the "Officers") and to serve with the title(s) indicated:

| NAME | TITLE |
|---|---|
| Jesper Von Bahr | Director, President, Treasurer and Secretary |
| Martin Carlesund | Director |

Each of the Officers is hereby designated as an authorized person, within the meaning of the Act, to execute, deliver and file any certificates (and any amendments and/or restatements thereof) necessary for the Company to qualify to do business in a jurisdiction in which the Company may wish to conduct business.

01502703.DOC

**6.3.    Management.**  The officers shall have the sole and exclusive power and authority to act for and bind the Company. The Members shall have the exclusive right to manage the business and affairs of the Company and may delegate such management rights, powers, duties and responsibilities to one or more Officers or such other person or persons designated by them as they may determine, provided that such delegation shall not cause the Members to cease being Members. Pursuant to their discretion to do so under this Section 6, and subject to any limitations adopted by the Members, the Members hereby delegate to each of the Officers the nonexclusive power and authority to act as an agent of the Company and, in such capacity, to bind the Company in the ordinary course of the Company's business and to execute any and all documents to be signed by the Company. Notwithstanding the foregoing delegation of power, no Officer shall have the authority to make any distributions or sell any assets of the Company without the consent of all Members.

## ARTICLE VII.

## DISSOLUTION, LIQUIDATION, AND TERMINATION

**7.1.    Dissolution.**  Subject to the provisions of the Act, the Company shall dissolve, and its affairs shall be wound up upon the first to occur of the following: (a) the written consent of the Members, (b) insolvency, bankruptcy or dissolution of any of the Members, or (c) the entry of a decree of judicial dissolution under Section 48a of the Act.

**7.2.    Liquidation.** Upon liquidation, sale, or dissolution of the Company, the Members shall take, or cause to be taken, a full account of the Company's assets and liabilities as of the date of such dissolution, and shall proceed with reasonable promptness to liquidate the Company's assets to the extent possible and terminate business.  The cash proceeds and other assets, from the liquidation, as and when available therefore, shall be applied in the following order:

(a)    To the payment of all taxes, debts and other obligations and liabilities of the Company, including the necessary expenses of liquidation exclusive of any liabilities to a former employee of the Company;

(b)    To pay out any amounts owed to a former employee of the Company, exclusive of amounts not yet earned, based upon retainage by the Company for such obligation; such payments to be proportionate to all amounts so owed; and

(c)    To pay employees of the Company their respective base compensation, on the basis proportionate to such base compensation, to the extent not paid.

**7.3.    Administration.** The Manager shall administer the liquidation of the Company and the termination of its business.  He shall be allowed a reasonable time for the orderly liquidation of the Company's assets and the discharge of liabilities to creditors, so as to minimize losses resulting from the liquidation of the Company's assets.  All assets of the Company distributed in kind shall be valued for such purposes at the book values reflected on the

01502703.DOC

- 4 -

books of the Company as of the date of dissolution, provided that any accounts receivable and work in process shall be valued at their face value, plus a reasonable allowance for collection upon the credit worthiness of each such receivable.

**7.4.    Termination.** Upon compliance with the foregoing plan of liquidation and distribution, the Members shall cause a Certificate of Dissolution to be filed and the Company thereupon shall be terminated.

## ARTICLE VIII.

## LIABILITY OF MEMBERS; INDEMNIFICATION

**8.1.    Liability.**  The Members shall not have any liability to the Company, any other Members or any third party for the obligations or liabilities of the Company except to the extent required by the Act.

**8.2    Indemnification.**  The Company shall, to the full extent permitted by applicable law, indemnify and hold harmless each Member and each Officer against liabilities incurred by it in connection with any action, suit or proceeding to which it may be made a party or otherwise involved or with which such Member or such Officer shall be threatened by reason of its being a Member or Officer or while acting as a Member or Officer on behalf of the Company or in its interest.

## ARTICLE IX.

## MISCELLANEOUS

**9.1.    Governing Law.**  All provisions of this Agreement shall be constructed according to the laws of the State of New Jersey.

**9.2    Binding Effect.**  All of these provisions shall be binding on and benefit each of the Members and all future Members of the Company who are admitted to Membership in accordance with its terms and provisions.

**9.3    Headings.**  The Article and section headings used are for convenience only and shall not be resorted to for interpretation of this Agreement.

**9.4    Interpretation.** Whatever the context so requires, the masculine shall include the feminine and neuter and the singular shall include the plural.

**9.5    Enforceability**. If any portion of this Agreement is held to be void or unenforceable, the balance of the Agreement shall nevertheless be remain in full force and effect.

**9.6    Notices.**  All notices provided for under this Agreement shall be in writing and shall be sufficient if sent by registered or certified mail to the last-known address of the party to whom such notice is to be given.

01502703.DOC

- 6 -

**9.7.    Amendment.** An amendment hereto may alter, revise, delete, or add to any provision or provisions of this Agreement.  No amendment to this document shall be adopted or become effective unless and until it has been done so by a writing duly executed by the Members and attached to this document as a part of same.

**[remainder of page intentionally left blank]**

01502703.DOC

**IN WITNESS WHEREOF**, the undersigned has duly executed this Third Amended and Restated Limited Liability Agreement as of the Effective Date.

**NETENT AMERICAS HOLDING INC.**

By:_____
    Name:  Therese Hillman
    Title: Director

ATTEST:

          **NETENT AMERICAS LLC**

Signed by: Rebecca Kenny
Signed at: 2020-12-01 12:42:18 +01:00
Reason: Witnessing Rebecca Kenny

          Signed by: Therese Hillman
          Signed at: 2020-11-30 15:58:55 +01:00
          Reason: Witnessing Therese Hillman

_____
By:_____
    Name:  Therese Hillman
    Title: Director

01502703.DOC

**THIRD AMENDED AND RESTATED
LIMITED LIABILITY COMPANY AGREEMENT
OF
NETENT AMERICAS LLC**


**SCHEDULE "A"**


| **Name and Address of Members** | **Membership Interest** | **% Ownership Interest** |
| --- | --- | --- |
| NetEnt Americas Holding Inc.<br>C/O Saiber, LLC<br>18 Columbia Turnpike, Suite 200<br>Florham Park, NJ 07932 | 100 units | 100% |

01502703.DOC

- 8 -