UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHEL SKOLNICK, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 2:24-cv-00326-MRP |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) | PLAINTIFFS' MOTION AND MEMORANDUM OF LAW FOR LEAVE TO AMEND UNDER FEDERAL RULE OF |
| EVOLUTION AB (publ), et al., | ) ) | CIVIL PROCEDURE 15 |
| Defendants. | ) ) ) | |

4899-7522-1839.v1

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Lead Plaintiffs St. Clair County Employees' Retirement System and City of Sterling Heights Police & Fire Retirement System ("Plaintiffs") by and through their undersigned counsel, will and hereby does move this Court for an order granting Plaintiffs leave to file their [Proposed] Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Proposed Amended Complaint") against defendant Evolution AB (publ) ("Evolution" or "Defendant") (the "Motion").  This Motion is based on the below memorandum of law, the pleadings, records, orders, transcripts, and memoranda on file and to be filed in this action.  A copy of the Proposed Amended Complaint is attached as Exhibit 1, and a redline copy of the Proposed Amended Complaint against the Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF 40) (the "Complaint") is attached as Exhibit 2, to the Declaration of Debra J. Wyman in Support of Plaintiffs' Motion and Memorandum of Law for Leave to Amend Under Federal Rule of Civil Procedure 15, filed herewith.[1]

## MEMORANDUM OF LAW

## I.      INTRODUCTION

The Court should grant Plaintiffs leave under Federal Rule of Civil Procedure 15(a) to add evidence it uncovered through jurisdictional discovery to the pleading.  *See Bates v. W. Elec.*, 420 F. Supp. 521, 525 (E.D. Pa. 1976) ("Both amended and supplemental complaints are particularly appropriate for correcting defective allegations of jurisdiction in an original complaint.").  Under Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Indeed, "[t]he Third Circuit has adopted a

---

[1]    Unless otherwise noted, all references to "Ex.\_" are to the Declaration of Jessica E. Robertson in Support of Plaintiffs' Memorandum of Law in Opposition to Defendant Evolution AB's Motion to Dismiss the Amended Complaint for Lack of *Alter Ego* Personal Jurisdiction, filed concurrently and all internal citations are omitted and emphasis is added throughout.

- 1 -

4899-7522-1839.v1

liberal approach to the amendment of pleadings." *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007).

In keeping with this Circuit's liberal policy, denial of leave to amend should only occur in in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. *Huntley v. VBit Techs. Corp.*, 2023 WL 2968116, at *1 (D. Del. Apr. 17, 2023) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). None of these conditions are present here, and leave to file the Proposed Amended Complaint should be granted.

***First***, the Proposed Amended Complaint will not prejudice Evolution. The Proposed Amended Complaint incorporates newly emerged facts learned through limited jurisdictional discovery and removes allegations against former defendants Martin Carlesund and Jacob Kaplan.

***Second***, Plaintiffs move to amend within the timeframe prescribed by Local Rule of Civil Procedure 7.1(c) and only two weeks following the close of jurisdictional discovery. Plaintiffs' Motion is thus unquestionably timely.

***Third***, amendment is not futile as the new allegations gleaned from jurisdictional discovery have not yet been considered by the Court and are sufficient to establish whether an alter ego relationship exists between Evolution and its U.S. subsidiaries.

In view of these facts, and in light of the liberality with which Plaintiffs' Motion must be viewed, the Motion should be granted.

## II.    RELEVANT PROCEDURAL HISTORY

Plaintiffs filed the Complaint on September 13, 2024. ECF 40. Count I of the Complaint alleged Evolution, its Chief Executive Officer ("CEO") Martin Carlesund, and its Chief Financial Officer Jacob Kaplan, violated §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §78j(b) and 78t(a))) and Rule 10b-5 (17 C.F.R. §240.10b-5) promulgated thereunder.

- 2 -

4899-7522-1839.v1

ECF 40 at 59-60. Count II of the Complaint alleged Martin Carlesund and Jacob Kaplan violated §20(a) of the Exchange Act. *Id.* at 60-62.

On November 12, 2024, Evolution, Martin Carlesund, and Jacob Kaplan filed Defendants' Motion to Dismiss the Amended Complaint (ECF 43) (the "First Motion to Dismiss") pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(2), and 12(b)(6). On January 13, 2025, Plaintiffs opposed the First Motion to Dismiss (the "Opposition"). ECF 45. In its Opposition, Plaintiffs requested "the opportunity to conduct jurisdictional discovery." *Id.* at 3 n.5. Evolution, Martin Carlesund, and Jacob Kaplan filed a reply in support of the First Motion to Dismiss on February 12, 2025. ECF 52.

On April 24, 2025, the Court denied the First Motion to Dismiss without prejudice as to Count I of the Complaint. ECF 55 at 1 (the "Order"). The Court granted the First Motion to Dismiss with prejudice as to Count II of the Complaint against Martin Carlesund and Jacob Kaplan for lack of personal jurisdiction. *Id.* In the same Order, the Court granted Plaintiffs' request for jurisdictional discovery "on the limited issue of whether an alter ego relationship exists between Defendant Evolution AB (publ) ('Evolution') and its United States subsidiaries." *Id.*

Pursuant to the Court's Order, Plaintiffs served jurisdictional discovery on Evolution including: (1) a notice of deposition pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6) (the "30(b)(6) notice") (Ex. 1); (2) 22 requests for admission pursuant to Federal Rules of Civil Procedure 26 and 36 (Ex. 2); and (3) 4 requests for production of documents pursuant to Federal Rules of Civil Procedure 26 and 34 (Ex. 3). Evolution served objections and responses to Plaintiffs' 30(b)(6) notice (Ex. 4), requests for admission (Ex. 5), and requests for production of documents (Ex. 6) thereafter.

On May 15, 2025, Plaintiffs deposed Evolution's corporate representative under Federal Rule of Civil Procedure 30(b)(6) via Zoom. *See* Ex. 21.

4899-7522-1839.v1

On May 30, 2025 and June 5, 2025, Evolution produced documents in response to Plaintiffs' requests for production.  *See* Ex. 7; Ex. 8.

In accordance with the Court's Order, jurisdictional discovery concluded on June 5, 2025. ECF 55 at 1.

## III.    ARGUMENT

Rule 15(a)(2) governs requests for leave to amend and provides that courts "should ***freely*** give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Supreme Court has directed that Rule 15(a)(2)'s "mandate is to be heeded."  *Foman*, 371 U.S. at 182.  Courts in this Circuit routinely allow parties to submit supplemental briefs or amended complaints following jurisdictional discovery.  *See Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999) (permitting a plaintiff to amend its complaint to make allegations necessary for jurisdictional purposes); *Telford Borough Auth. v. U.S. Env't Prot. Agency*, 2021 WL 5495765, at *12 (E.D. Pa. Nov. 23, 2021) (granting parties "'leave to file any motions'" following jurisdictional discovery); *Senju Pharm. Co. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 447 (D.N.J. 2015) (granting plaintiff's request for jurisdictional discovery and allowing supplemental briefing regarding specific jurisdiction); *Coakley Bay LJS L.L.C. v. Coakley Bay Ass'n*, 2014 WL 4412338, at *4 (D.V.I. Sept. 8, 2014) (denying motion to dismiss for lack of subject matter jurisdiction and granting additional time for jurisdictional discovery and to file an amended complaint); *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 782 n.21 (3d Cir. 2018) ("If evidence adduced from such discovery supports the conclusion that personal jurisdiction is proper as to PLC, then the [plaintiffs] may to seek leave under Federal Rule of Civil Procedure 15(a)(2) to amend their Third Amended Complaint to join PLC as a co-defendant."); *In re Fasteners Antitrust Litig.*, 2011 WL 3565086, at *1 (E.D. Pa. Aug. 12, 2011) (permitting plaintiffs to file an amended complaint within ten days of the close of jurisdictional discovery).

- 4 -

The circumstances of the present case and Plaintiffs' Proposed Amended Complaint fall squarely within well-established Third Circuit precedent. To be sure, the "Jurisdiction" section of the Proposed Amended Complaint incorporates information Plaintiffs discovered through the deposition of Jonas Ljungkvist, Evolution's corporate representative for its Federal Rule of Civil Procedure Rule 30(b)(6) deposition (Ex. 21), Evolution's responses to Plaintiffs' requests for admission pursuant to Federal Rules of Civil Procedure 26 and 36 (Ex. 5), and documents Evolution produced in response to Plaintiffs' requests for production of documents pursuant to Federal Rules of Civil Procedure 26 and 34 (Ex. 7; Ex. 8). The allegations Plaintiffs added to the Proposed Amended Complaint have not yet been considered and are germane to the Court's forthcoming determination of whether an alter ego relationship exists between Evolution and its United States subsidiaries. In addition to adding allegations learned through jurisdictional discovery, the Proposed Amended Complaint reflects Plaintiffs' removal of Count II (§20(a) of the Exchange Act claims against Martin Carlesund and Jacob Kaplan) and allegations related thereto in compliance with the Court's Order dismissing Martin Carlesund and Jacob Kaplan with prejudice. ECF 55 at 1. Accordingly, amendment is necessary to conform the pleading to the jurisdictional discovery taken and the Court's Order. *See Chem. Leaman Tank Lines, Inc.*, 177 F.3d at 222 n.13; *Sabatino v. Union Twp.*, 2013 WL 1622306, at *6 (D.N.J. Apr. 15, 2013) ("Pursuant to their discretion under Rule 15, courts generally grant leave to amend where, during the course of discovery, a party discovers 'new evidence.'"); *Mellon Bank F.S.B. v. Alexander Wescott & Co., Inc.*, 1999 WL 504914, at *5 (S.D.N.Y. July 16, 1999) ("It is not inappropriate to permit an amendment to pleadings in order to 'conform the pleadings to the evidence unearthed by discovery.'").

As this Circuit's liberal policy requires, denial of leave to amend should only occur in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of

amendment.  *Huntley*, 2023 WL 2968116, at \*1 (citing *Foman*, 371 U.S. at 182).  As explained below, none of these limited circumstances apply.  The Motion should be granted.

### A.    The Proposed Amendment Does Not Prejudice Defendant

Evolution will not face undue prejudice by Plaintiffs' Proposed Amendment.  "'[P]rejudice to the non-moving party is the touchstone for the denial of an amendment.'"  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).  "In the Third Circuit, '[t]he non-moving party has the burden of proving that actual prejudice will result from amendment of the complaint.'"  *Infineon Techs. AG v. Fairchild Semiconductor Int'l, Inc.*, 2009 WL 3150986, at \*5 (D. Del. Sept. 30, 2009); *see also Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).  Evolution cannot meet its burden here.  "When evaluating prejudice to the non-moving party in the context of a motion to amend, courts in the Third Circuit consider whether amendment would impair the non-moving party's 'ability to present its case.'"  *Diebler v. SanMedica Int'l, LLC*, 2021 WL 5013617, at \*4 (D.N.J. Oct. 28, 2021), *aff'd*, 2022 WL 16552777 (D.N.J. Oct. 31, 2022).  Defendant Evolution AB's Motion to Dismiss the Amended Complaint for Lack of *Alter Ego* Personal Jurisdiction (ECF 60) (the "Renewed Motion to Dismiss") belies the notion that Plaintiffs' Proposed Amended Complaint would "impair [its] ability to present its case."  *Id.*  Indeed, through its Renewed Motion to Dismiss, Evolution has already responded to, and has even ***relied upon***, the jurisdictional allegations Plaintiffs seek to incorporate into their Proposed Amended Complaint to support its own arguments.  *See, e.g.*, Memorandum of Law in Support of Defendants Evolution AB's Motion to Dismiss the Amended Complaint for Lack of *Alter Ego* Personal Jurisdiction (ECF 60-1) at 9-10 ("Jurisdictional discovery has confirmed that the Court's ruling was correct.").  Moreover, that Evolution's Renewed Motion addresses allegations that are not currently part of the operative pleading is fundamentally improper at this stage.  *See* Order at 2 ("In deciding a motion to dismiss, the court accepts all the plaintiff's allegations as true and construes disputed facts in its favor.") (citing *Pinker v. Roche Holdings Ltd.*,

- 6 -

292 F.3d 361, 368 (3d Cir. 2002)).  In this context, denial of leave to amend would be highly prejudicial to Plaintiffs.

### B.       There Is No Evidence of Undue Delay or Bad Faith

Plaintiffs' Motion is neither untimely nor made for any improper purpose.  An assessment of undue delay requires courts to "focus on the movant's reasons for not amending sooner" while "bearing in mind the liberal pleading philosophy of the federal rules."  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  Pursuant to the Court's Order, jurisdictional discovery closed on June 5, 2025 and Evolution filed its Renewed Motion to Dismiss on June 12, 2025.  ECF 55; ECF 60.  Under Local Rule of Civil Procedure 7.1(c), "[a] party who intends to amend pursuant to Federal Rule of Civil Procedure 15 shall file a notice of intent to do so within the 14-day limit [to oppose a motion] prescribed by this Rule."  L.R. 7.1(c).  Plaintiffs filed the instant Motion well-within the deadline set forth by this Court's Local Rules of Civil Procedure and only two weeks following the close of jurisdictional discovery.  By any measure, Plaintiffs have not delayed in requesting leave to amend.  *Infineon Techs. AG*, 2009 WL 3150986, at *4 ("Three months . . . is generally not considered a delay that warrants denial of leave to amend a complaint."); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (noting that "only one appellate court uncovered in our research has approved of denial of leave to amend based on a delay of less than one year," and allowing amendment of complaint eleven months after commencement of action).

### C.       The Proposed Amendment Is Not Futile

"Given the liberal standard for amendment of pleadings, 'courts place a heavy burden on opponents who wish to declare a proposed amendment futile.'"  *Diebler*, 2021 WL 5013617, at *5 (quoting *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)).  Once again, Evolution cannot meet this "heavy burden" as Plaintiffs' Proposed Amended Complaint adds facts that further confirm an alter ego relationship exists between

- 7 -

Evolution and its U.S. subsidiaries such that this Court has personal jurisdiction over it. Some of the new allegations drawn from facts obtained or pieced together in jurisdictional discovery are: (1) Evolution controlled HR policies, Corporate Governance policies, Finance and Accounting policies, Compliance policies, mandated a Code of Conduct which trumped any local policies, and training of employees; (2) Evolution restricted its subsidiaries to selling only Evolution branded gaming products; (3) that the Evolution US LLC CEO reported to Evolution's Group CEO; and (4) that Evolution holds monthly strategy meetings with subsidiaries' officers to set and monitor core business strategies. These allegations have not been considered. When accepting the allegations as true and viewing the Proposed Amended Complaint in the light most favorable to Plaintiffs, as the law requires, Plaintiffs' new allegations are more than sufficient to demonstrate the Proposed Amended Complaint is not futile.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant the Motion.

DATED: June 20, 2025

ROBBINS GELLER RUDMAN & DOWD LLP
DEBRA J. WYMAN (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)


                                      s/ Debra J. Wyman
_____
                                    DEBRA J. WYMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 8 -

4899-7522-1839.v1

- 9 -

BERGER MONTAGUE PC
MICHAEL DELL'ANGELO
ANDREW D. ABRAMOWITZ
1818 Market Street, Suite 3600
Philadelphia, PA  19103
Telephone:  215/875-3000
215/875-4604 (fax)
mdellangelo@bm.net
aabramowitz@bm.net

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 20, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Debra J. Wyman
DEBRA J. WYMAN
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
Email:  debraw@rgrdlaw.com

4899-7522-1839.v1

# Mailing Information for a Case 2:24-cv-00326-MRP SKOLNICK v. EVOLUTION AB (publ) et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **GULLIVER BRADY**
  bradyg@sullcrom.com

- **MICHAEL C. DELL'ANGELO**
  mdellangelo@bm.net,eyork@bm.net,sleo@bm.net,courtmail@bm.net,csimon@bm.net,jgionnette@bm.net

- **WILLIAM B FEDERMAN**
  wbf@federmanlaw.com,law@federmanlaw.com

- **ROBERT J. GIUFFRA , JR**
  giuffrar@sullcrom.com

- **JULIA A. MALKINA**
  MALKINAJ@SULLCROM.COM

- **SHANNON ELISE MCCLURE**
  shannon.mcclure@blankrome.com

- **DAVID M. PROMISLOFF**
  david@prolawpa.com

- **DAVID M.J. REIN**
  reind@sullcrom.com

- **Jessica E. Robertson**
  jrobertson@rgrdlaw.com,e_file_sd@rgrdlaw.com,TerreeD@rgrdlaw.com

- **RACHEL SKOLNICK**
  wbf@federmanlaw.com

- **LAURA SABRINA STEIN**
  lstein@rgrdlaw.com,e_file_sd@rgrdlaw.com,DWatts@rgrdlaw.com

- **DEBRA J. WYMAN**
  debraw@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)