**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

RACHEL SKOLNICK,
individually and on behalf of all others
similarly situated,

                Plaintiff,

        v.

EVOLUTION AB (PUBL), MARTIN
CARLESUND, and JACOB KAPLAN,

                Defendants.

Civ. Action No. 2:24-cv-00326-MRP

**EVOLUTION AB'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE**
**TO FILE A SECOND AMENDED COMPLAINT**

Shannon McClure
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 569-5500
shannon.mcclure@blankrome.com

Robert J. Giuffra, Jr. (admitted *pro hac vice*)
David M.J. Rein (admitted *pro hac vice*)
Julia A. Malkina (admitted *pro hac vice*)
Gulliver Brady (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com
bradyg@sullcrom.com

*Counsel for Defendant Evolution AB (publ)*

July 7, 2025

**TABLE OF CONTENTS**

*Page*

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...............................................................................................................................2

I.     AMENDMENT IS FUTILE BECAUSE PLAINTIFFS'
       NEW ALLEGATIONS CANNOT ESTABLISH
       ALTER EGO JURISDICTION.................................................................................2

II.    AMENDMENT IS FUTILE BECAUSE PLAINTIFFS
       STILL DO NOT PLEAD A SECURITIES
       FRAUD CLAIM ......................................................................................................6

III.   PLAINTIFFS' UNDUE DELAY PREJUDICES
       EVOLUTION AB .....................................................................................................7

CONCLUSION ............................................................................................................................8

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Action Manufacturing Co.* v. *Simon Wrecking Co.*,
375 F. Supp. 2d 411 (E.D. Pa. 2005) ...................................................................................4

*Asahi Metal Industries Co.* v. *Superior Court of California, Solano County*,
480 U.S. 102 (1987)............................................................................................................8

*California Public Employees' Retirement System* v. *Chubb Corp.*,
394 F.3d 126 (3d Cir. 2004)...........................................................................................1, 8

*In re Chocolate Confectionary Antitrust Litigation*,
641 F. Supp. 2d 367 (M.D. Pa. 2009) ................................................................................3

*Cureton* v. *National Collegiate Athletic Association*,
252 F.3d 267 (3d. Cir. 2001)..............................................................................................7

*Deardorff* v. *Cellular Sales of Knoxville, Inc.*,
2022 WL 309292 (E.D. Pa. Feb. 1, 2022) .........................................................................2

*E.I. du Pont de Nemours & Co.* v. *Agfa-Gavaert NV*,
335 F. Supp. 3d 657 (D. Del. 2018).............................................................................. 4-5

*In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation*,
735 F. Supp. 2d 277 (W.D. Pa. 2010).................................................................................4

*Fraser* v. *Nationwide Mutual Insurance Co.*,
352 F.3d 107 (3d Cir. 2003)................................................................................................2

*Gammino* v. *Verizon Communications, Inc.*,
2005 WL 3560799 (E.D. Pa. Dec. 27, 2005) ................................................................. 3-4

*Holst* v. *Oxman*,
290 F. App'x 508 (3d Cir. 2008) ........................................................................................1

*Kotowski* v. *JGM Fabricators & Erectors, Inc.*,
2019 WL 13208255 (E.D. Pa. Feb. 25, 2019) ...................................................................7

*Lapine* v. *Materion Corp.*,
2016 WL 3959081 (E.D. Pa. July 22, 2016)......................................................................6

*In re Latex Gloves Products Liability Litigation*,
2001 WL 964105 (E.D. Pa. Aug. 22, 2001) ......................................................................5

*McCarthy* v. *Komori America Corp.*,
    200 F.R.D. 507 (E.D. Pa. 2001)........................................................................................8

*McNicholas* v. *Century Link, Inc.*,
    2022 WL 4002314 (E.D. Pa. Aug. 31, 2022) ...................................................................5

*Schrotberger* v. *Doe*,
    2022 WL 4072962 (E.D. Pa. Sept. 1, 2022) ....................................................................6

*Trinity Industries, Inc.* v. *Greenlease Holding Co.*,
    903 F.3d 333 (3d Cir. 2018)..........................................................................................1, 2

*UHS of Delaware, Inc.* v. *United Health Services, Inc.*,
    2015 WL 539736 (M.D. Pa. Feb. 10, 2015) ...................................................................3

*Warren* v. *Matthey*,
    2016 WL 215232 (E.D. Pa. Jan. 19, 2016)......................................................................2

*Zeigenfuse* v. *Kemp & Associates, Inc.*,
    2015 WL 7568259 (E.D. Pa. Nov. 25, 2015) .............................................................. 7-8

**Statutes and Rules**

15 U.S.C. § 78u-4(b)................................................................................................................6

Fed. R. Civ. P. 9(b) .................................................................................................................6

E.D. Pa. Civ. R. 7.1(c) ............................................................................................................8

**PRELIMINARY STATEMENT**

The time has come to end this case.  Following jurisdictional discovery and two rounds of motion-to-dismiss briefing, Plaintiffs now seek leave to amend to file a *third* complaint. But Plaintiffs' proposed amendments are futile and will not save their legally flawed claims.  This Court correctly held that Plaintiffs fail to allege personal jurisdiction over Evolution AB, and their proposed amendments do not satisfy this Circuit's "notoriously difficult" burden for pleading alter ego personal jurisdiction. *Trinity Indus., Inc.* v. *Greenlease Holding Co.*, 903 F.3d 333, 365 (3d Cir. 2018).  As explained in Evolution AB's renewed motion to dismiss, Evolution US LLC, Evolution Malta Limited, and NetEnt Americas LLC (together, the "Subsidiaries") independently managed their day-to-day operations without undue control from Evolution AB.  (*See* ECF No. 60-1 ("MTD"); ECF No. 68 ("Reply").)  Because nothing in Plaintiffs' proposed Second Amended Complaint satisfies their "notoriously difficult" pleading burden, Plaintiffs' motion to amend ("Motion") should be denied as futile. *See, e.g.*, *Holst* v. *Oxman*, 290 F. App'x 508, 510 (3d Cir. 2008) (district court "properly denied leave to amend" where "proposed amendment would be futile").

There is more.  Permitting Plaintiffs' amendment and restarting motion-to-dismiss briefing would prejudice Evolution AB.  On April 30, 2025, Plaintiffs proposed to Evolution AB that they would amend their complaint following jurisdictional discovery.  Instead of doing so, Plaintiffs waited to move to amend until *after* Evolution AB filed its renewed motion to dismiss. This Court should not reward Plaintiffs' tactical delay, which would require Evolution AB to incur additional costs briefing its third motion to dismiss. *See Cal. Pub. Emps' Ret. Sys.* v. *Chubb Corp.*, 394 F.3d 126, 163 (3d Cir. 2004) (affirming denial of leave to amend where defendants would "incur the effort and expense of a third motion to dismiss").

**ARGUMENT**

This Court "has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser* v. *Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Warren* v. *Matthey*, 2016 WL 215232, at *9 (E.D. Pa. Jan. 19, 2016). "Thus, in assessing futility, the district court should apply 'the same standard of legal sufficiency [that] applies under Rule 12(b)(6).'" *Id.*

## I.   PLAINTIFFS' PROPOSED AMENDMENT IS FUTILE BECAUSE THEIR NEW ALLEGATIONS DO NOT ESTABLISH ALTER EGO JURISDICTION.

In the Motion, Plaintiffs try to side-step the "notoriously difficult" standard for pleading alter ego jurisdiction. *Trinity*, 903 F.3d at 365. In this Circuit, they must show "an extraordinary level of control" by Evolution AB over the Subsidiaries above and beyond "the kind of control associated with parent-subsidiary relationships." *Deardorff* v. *Cellular Sales of Knoxville, Inc.*, 2022 WL 309292, at *8, *18 (E.D. Pa. Feb. 1, 2022) (denying motion for leave to amend because proposed allegations do not plead alter ego jurisdiction). Plaintiffs' proposed amendment adds 28 new paragraphs that try to plead that the Subsidiaries were alter egos of Evolution AB. (*See* SAC ¶¶ 4-31.) Those allegations mirror the evidence that Plaintiffs cited in opposing Evolution AB's renewed motion to dismiss. (*See* Opp. 4-19.) In its Reply, Evolution AB explained why this evidence did not establish alter ego jurisdiction. (*See* Reply 2-7.) Plaintiffs' new allegations still come nowhere close to pleading alter ego jurisdiction under the ten factors cited by the Court in its April 24, 2025 decision.[1] Evolution AB summarizes below its

---

[1]     These factors are: "(1) ownership of all or most of the subsidiary's stock, (2) common officers and directors, (3) common marketing image, (4) common use of a trademark or logo,

response to the new allegations on each of those ten factors; further response is set forth in Evolution AB's Reply.

> **1.    *Evolution AB Did Not Control Its Subsidiaries' Day-to-Day Operations (Factor 10) (MTD 11-13; Reply 2-4).***  As explained in Evolution AB's Reply, Plaintiffs' new allegations (SAC ¶¶ 16-26, 31) fall far short of establishing that Evolution AB exercised the required "autocratic control over other members of the corporate group" to establish alter ego jurisdiction.  *In re Chocolate Confectionary Antitrust Litig.*, 641 F. Supp. 2d 367, 392 (M.D. Pa. 2009).  These allegations do not alter the undisputed evidence that the Subsidiaries (i) had their own management; (ii) hired, fired, and paid their own employees; (iii) entered into their own leases and vendor contracts; (iv) handled their own taxes and banking; (v) conducted their own marketing; and (vi) prepared their own financial statements.  (MTD 3-7, 12.)  As a result, Plaintiffs' proposed amendment plainly does not plead the necessary level of "autocratic control."

The best Plaintiffs can do is to focus on Evolution AB's groupwide policies, including a "group-wide Code of Conduct" and a "global HR policy," and "group-wide mandatory training."  (SAC ¶¶ 18-26.)  But "announcement of general policies and procedures" does not "exceed the boundaries of a traditional parent-subsidiary relationship" and thus does not show alter ego status.  *UHS of Del., Inc.* v. *United Health Servs., Inc.*, 2015 WL 539736, at *3 (M.D. Pa. Feb. 10, 2015); *see Gammino* v. *Verizon Commc'ns, Inc.*, 2005 WL 3560799, at *3 (E.D. Pa. Dec. 27,

---

(5) common use of employees, (6) integrated sales system, (7) interchange of managerial and supervisory personnel, (8) subsidiary performing business functions which the parent would normally conduct through its own agents or departments, (9) subsidiary acting as marketing arm of or exclusive distributor for the parent, and (10) instruction from the parent to officers of the related corporation." (ECF No. 54 ("Op.") at 5 (citing *In re Latex Gloves Prods. Liab. Litig.*, 2001 WL 964105, at *3-4 (E.D. Pa. Aug. 22, 2001)).)

2005) (no alter ego where parent's annual report said it had "a rigorous code of conduct which applies to all employees worldwide").

The same is true for groupwide trainings. *See In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 735 F. Supp. 2d 277, 297 (W.D. Pa. 2010) (declining to find alter ego despite "operating subsidiaries" being able to use "training" "materials provided by" parent), *aff'd*, 683 F.3d 462 (3d Cir. 2012). Plaintiffs assert that Evolution AB "controlled HR policies, Corporate Governance policies" and "mandated a Code of Conduct which trumped any local policies, and training of employees." (Mot. 8.) But the record is clear that the Subsidiaries were "responsible for the day-to-day management of the matters" in their own policies, including "communication," "human resources," "compensation and benefits," "working environment," and "game floor information." (ECF No. 61-1 at 183:3-6; MTD Ex. 4.)

**2. *The Subsidiaries Had Separate Directors and Officers (Factor 2) (MTD 13-14; Reply 4).*** Plaintiffs do not plead that the Subsidiaries had overlapping directors with Evolution AB. (Reply 4.) Although it is "normal for a parent and subsidiary to have *identical* directors and officers," *Action Mfg* v. *Simon Wrecking*, 375 F. Supp. 2d 411, 424 (E.D. Pa. 2005) (emphasis added), Plaintiffs allege only that two Evolution AB *officers* (CEO Martin Carlesund and Chief Strategy Officer Jesper von Bahr) served as Subsidiary *directors* (SAC ¶ 13). That does not satisfy the "notoriously difficult" standard for pleading alter ego jurisdiction.

**3. *The Subsidiaries Had Separate Management (Factor 7) (MTD 14-15; Reply 4-5).*** Plaintiffs do not dispute that the Subsidiaries had separate management from Evolution AB. (MTD 14-15.) As a result, Plaintiffs fall back on alleging reporting lines between officers of the Subsidiaries to Evolution AB officers. (SAC ¶¶ 16-17.) But a parent's mere oversight of a subsidiary is insufficient for alter ego jurisdiction. *See, e.g., E.I. du Pont de Nemours*

*& Co.* v. *Agfa-Gavaert NV*, 335 F. Supp. 3d 657, 672 (D. Del. 2018) ("[t]he simple fact that there are lines on a chart connecting various persons does not make the requisite showing that" a parent "direct[s] the [subsidiary's] business").

        **4.**       **The Subsidiaries Had Separate Employees (Factor 5) (MTD 15-16; Reply 5).**   Jurisdictional discovery demonstrated that no employees were employed by both Evolution AB and the Subsidiaries, and that the Subsidiaries hired, paid, and fired their thousands of employees. (MTD 3-5, 15-16.) As explained in Evolution AB's Reply, the proposed amendment's references to meetings attended by some officers of Evolution AB and the Subsidiaries (SAC ¶¶ 16-17) are far afield of the required showing for alter ego jurisdiction. (Reply 5.)

        **5.**       **The Subsidiaries Did Not Perform Evolution AB's Activities (Factor 8) (MTD 16-17; Reply 5-6).**   The proposed amendment is silent on the eighth *Latex Gloves* factor, thereby conceding that the Subsidiaries did not perform Evolution AB's activities. *See McNicholas* v. *Century Link, Inc.*, 2022 WL 4002314, at *6 (E.D. Pa. Aug. 31, 2022) (presenting "no evidence whatsoever" as to a factor "weigh[s] against a finding of personal jurisdiction").

        **6.**       **The Subsidiaries Were Not Evolution AB's Marketing Arms or Distributors (Factors 6 and 9) (MTD 17-18; Reply 6).**   Jurisdictional discovery established that (i) Evolution AB operated no studios and developed no products; (ii) Evolution Malta Limited, not Evolution AB, owned the intellectual property used in the Subsidiaries' products; and (iii) the Subsidiaries conducted their own marketing and sales. (*See* MTD 7, 17; Reply 6.) The proposed amendment adds the allegation, not supported by the record, that "Evolution's subsidiaries are not permitted to provide products that are not produced or sourced from Evolution AB or its subsidiaries." (SAC ¶ 28.) In fact, Evolution AB's corporate representative testified otherwise.

(*See* MTD Ex. 1 at 86-87 (Q.  "Are the subsidiaries permitted to provide products to customers that aren't produced or sourced from Evolution AB or any other subsidiaries of Evolution AB?"  A.  "As far as I know, that has never been discussed.").)  Indeed, Evolution AB does not develop or produce any products; only its subsidiaries do.  (MTD 17; Reply 6.)

      *7.     Common Branding Cannot Establish Alter Ego Jurisdiction (Factors 3 and 4) (MTD 18; Reply 6-7).*  The proposed amendment's two new paragraphs (SAC ¶¶ 29-30) alleging that the Subsidiaries "do not maintain their own websites" and "use identical logos" as Evolution AB do not satisfy Plaintiffs' burden to plead alter ego jurisdiction.  *See, e.g.*, *Schrotberger* v. *Doe*, 2022 WL 4072962, at *7 (E.D. Pa. Sept. 1, 2022) ("that both entities have a common website with a unified image does not, in the view of this Court, establish alter ego jurisdiction").  "[A]ttributing a subsidiary's contacts to its parent simply because both operate under the same brand name" would "undermine fundamental corporate theory."  *Lapine* v. *Materion Corp.*, 2016 WL 3959081, at *5 (E.D. Pa. July 22, 2016).

      *8.     Ownership Does Not Establish Alter Ego Jurisdiction (Factor 1) (MTD 18-19; Reply 7).*  Plaintiffs dedicate three paragraphs of their proposed amendment (SAC ¶¶ 10-12) to alleging that Evolution AB wholly owns the Subsidiaries, which this Court already held legally insufficient to show alter ego jurisdiction (Op. 5).

## II.    THE PROPOSED AMENDMENT IS ALSO FUTILE BECAUSE PLAINTIFFS STILL DO NOT PLEAD A SECURITIES FRAUD CLAIM AS A MATTER OF LAW.

      Plaintiffs' proposed allegations are limited to jurisdiction; they include no new allegations to support the sufficiency of Plaintiffs' securities fraud claim against Evolution AB under the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 and Federal Rule of Civil Procedure 9(b).  As a result, the Court should deny Plaintiffs' proposed amendment as futile for the separate and independent reason that it fails to cure any of the legal

deficiencies in Plaintiffs' pleading that Evolution AB identified in its motion-to-dismiss briefing. (*See* ECF No. 43-1 at 14-25; MTD 19-20; Reply 7.)

### III.    PLAINTIFFS' UNDUE DELAY PREJUDICES EVOLUTION AB.

Where a plaintiff "has had previous opportunities to amend a complaint," its delay in moving "may become undue." *Cureton* v. *NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (affirming denial of leave to file second amended complaint). That is exactly what has happened here, to Evolution AB's prejudice. When holding that Plaintiffs' already-amended complaint failed to plead personal jurisdiction, the Court permitted six weeks of jurisdictional discovery—April 24 to June 5, 2025—after which Evolution AB was to submit a renewed motion to dismiss on June 12, 2025. (Order 1.) On April 30, 2025—less than one week after the Order and almost two months before they moved to amend—Plaintiffs proposed to Evolution AB an extended schedule in which they would file a second amended complaint. Evolution AB responded that it intended to abide by the procedure and schedule set forth in the Court's Order. Plaintiffs did not seek leave to amend in April or May 2025: instead, they proceeded through jurisdictional discovery without further discussion of a motion to amend. Only *after* Evolution AB filed its renewed motion to dismiss on June 12, 2025 did Plaintiffs finally move to amend on *June 20, 2025*.

"[T]he question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton*, 252 F.3d at 273. Plaintiffs certainly were aware of their intention to seek leave to amend when they proposed to do so on April 30, 2025. Yet, Plaintiffs offer no explanation for why they did not promptly ask the Court to revise the procedure in the Order, or move to amend, before Evolution AB incurred the time and expense of preparing a renewed motion to dismiss. *See Kotowski* v. *JGM Fabricators & Erectors, Inc.*, 2019 WL 13208255, at *1 n.1 (E.D. Pa. Feb. 25, 2019) ("failure to explain the delay in filing constitutes undue delay"); *Zeigenfuse* v. *Kemp & Assocs., Inc.*, 2015 WL 7568259, at *3 (E.D. Pa. Nov. 25, 2015) (denying

-7-

motion for leave to amend where plaintiff "failed to provide a reason for the delay in seeking leave"); *McCarthy* v. *Komori Am. Corp.*, 200 F.R.D. 507, 508-09 (E.D. Pa. 2001) (collecting cases where courts denied leave to amend because plaintiffs failed to explain delay).  And in none of the cases Plaintiffs cite (Motion 4) to support amendment after discovery did plaintiffs delay moving to amend until after defendants filed a renewed motion to dismiss, thereby gaining the tactical benefit of reviewing the motion to dismiss to roadmap their amendments.[2]

Evolution AB would face "undue prejudice" if now required to "incur the effort and expense of a third motion to dismiss."  *Chubb*, 394 F.3d at 163.  This prejudice is heightened because, as discussed in the dismissal motions, Plaintiffs have not established that Evolution AB, a Swedish company, is subject to personal jurisdiction in this action.  *See Asahi Metal Indus. Co.* v. *Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 114 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.").

**CONCLUSION**

The Court should deny Plaintiffs' Motion as futile, unduly delayed, and prejudicial to Evolution AB.

---

[2]   Plaintiffs claim that their motion is timely because they filed it within Local Civil Rule 7.1(c)'s deadline.  (Motion 2, 7.)  Not so.  Local Civil Rule 7.1(c) does not provide an independent right to amend a complaint.  Rather, it merely states that "[a] party who intends to amend pursuant to Federal Rule of Civil Procedure 15 shall file a notice of intent to do so within the 14-day limit prescribed by this Rule."  E.D. Pa. Civ. R. 7.1(c).

DATED:  July 7, 2025

Respectfully submitted,

 /s/ *Shannon McClure*

Shannon McClure
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 569-5500
shannon.mcclure@blankrome.com

 /s/ *Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr. (admitted *pro hac vice*)
David M.J. Rein (admitted *pro hac vice*)
Julia A. Malkina (admitted *pro hac vice*)
Gulliver Brady (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com
bradyg@sullcrom.com

*Counsel for Defendant Evolution AB (publ)*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2025, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

/s/ *David M.J. Rein*

David M.J. Rein (admitted *pro hac vice*)