UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHEL SKOLNICK, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 2:24-cv-00326-MRP |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT UNDER |
| EVOLUTION AB (publ), et al., | ) ) ) | FEDERAL RULE OF CIVIL PROCEDURE 15 |
| Defendants. | ) ) ) | |

4934-4965-0261.v1

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................................................1

II.    ARGUMENT................................................................................................................2

        A.    Plaintiffs Timely Moved for Leave to Amend the Complaint ...............................2

        B.    Amendment Is Not Futile.......................................................................................4

                1.    Factor 1 – Ownership of All or Most of the Subsidiaries' Stock.................4

                2.    Factors 2, 5, and 7 – Common Officers and Directors; Common Use of Employees; Interchange of Managerial and Supervisory Personnel....................................................................................................4

                3.    Factors 3 and 4 – Common Marketing Image and Common Use of a Trademark or Logo ...................................................................................5

                4.    Factors 6 and 9 – Integrated Sales System; Subsidiary Acting as Marketing Arm of or Exclusive Distributor for the Parent..........................6

                5.    Factor 8 – Subsidiaries Perform Business Functions the Parent Would Normally Conduct Through Its Own Agents or Departments ...............................................................................................6

                6.    Factor 10 – Instruction from the Parent to Officers of the Related Corporation ...............................................................................................6

        C.    The PAC Sufficiently States a Federal Securities Fraud Claim .............................7

III.    CONCLUSION............................................................................................................7

4934-4965-0261.v1

## I.    INTRODUCTION

Evolution AB (publ) ("Evolution" or "Defendant") does not present any persuasive arguments that support – let alone justify – the denial of leave to file Plaintiffs' Proposed Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "PAC") (ECF 67-2).  Evolution's cries of "prejudice" and "'undue delay'" are meritless considering Evolution has *already* moved to dismiss the very allegations Plaintiffs seek to add to the record through their PAC. Opp. at 7-8; *see* ECF 60.[1]

First, Defendant's claim of undue delay falls flat.  Defendant's Opposition omits that Plaintiffs proposed a briefing schedule to Defendant that extended the deadlines set forth in the Court's April 24 Order (ECF 55) by four weeks because Plaintiffs' counsel was preparing for a trial that was set to begin the first week of June, and discussed building in a modest amount of time for Plaintiffs to submit an amended complaint incorporating the factual information gleaned from the jurisdictional discovery permitted by the Court *prior* to Evolution filing its motion to dismiss.  On April 30, 2025, Evolution rejected Plaintiffs' proposal.   Under the guise of accommodating Plaintiffs' counsel's trial, Evolution countered with the non-solution of extending its own deadline to move to dismiss the complaint while maintaining the jurisdictional discovery deadline set by the Court (June 5).  Seeing no compromise in Evolution's proposal, Plaintiffs abided by the court-ordered schedule and submitted their PAC only 15 days after the close of jurisdictional discovery. This timeline does not countenance undue delay.

Second, Defendant's argument that Plaintiffs' Motion and Memorandum of Law for Leave to Amend Under Federal Rule of Civil Procedure 15 (ECF 67) (the "Motion") should be considered

---

[1]    All references to "Opposition" or "Opp." are to Defendant's Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF 69) and references to "Complaint" are to the Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF 40).  Unless otherwise noted, all citations are omitted and emphasis is added.

under the Rule 12(b)(6) motion to dismiss standard directly contradicts the Third Circuit's "liberal approach to the amendment of pleadings." *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007), *aff'd*, 297 F. App'x 966 (Fed. Cir. 2008). But even under the Rule 12(b)(6) standard, Defendant's futility arguments pay no heed to the approximately 14 pages of facts Plaintiffs incorporated into the PAC addressing each of the 10 factors courts consider to determine whether an alter ego relationship exists. *See* ECF 67-3 at 2-15; ECF 54 at 5 (citing *In re Latex Gloves Products Liab. Litig.*, 2001 WL 964105, at *3-*4 (E.D. Pa. Aug. 22, 2001)). When viewed holistically and in the light most favorable to the movant, as is required, the PAC confirms this Court may properly exercise jurisdiction over Evolution.

Neither the facts nor the law support Defendant's overblown assertions of prejudice. Plaintiffs respectfully request that the Court grant their Motion.

## II. ARGUMENT

The Court must "give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This Circuit has noted the "'strong liberality . . . in allowing amendments under Rule 15(a).'" *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (alteration in original) (quoting *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981)). "'[P]rejudice to the non-moving party is the touchstone for the denial of an amendment.'" *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). As such, "the non-moving party must do more than merely claim prejudice." *Bechtel*, 886 F.2d at 652. Defendant does not carry its burden.

### A. Plaintiffs Timely Moved for Leave to Amend the Complaint

There is no undue delay when, as here, the plaintiff promptly requests amendment in the initial stages of litigation. *See NHM Assignments LLC on behalf of Liquidating Tr. v. Gen. Atl. LLC*, 2013 WL 4630022, at *3 (D. Del. Aug. 29, 2013) (allowing amended complaint after jurisdictional

- 2 -

discovery); *Atl. Pier Assocs., LLC v. Boardakan Rest. Partners, LP*, 2010 WL 3431875, at *5 (E.D. Pa. Aug. 30, 2010) (same).

As explained above, Plaintiffs filed their Motion **15 days** after jurisdictional discovery closed. This was reasonable in light of the significant volume of information Plaintiffs obtained, including the Rule 30(b)(6) deposition transcript of Evolution's corporate representative, responses to 22 requests for admission, and multiple sets of documents Evolution produced in response to Plaintiffs' requests for production. Notably, Evolution did not produce its final document production to Plaintiffs until June 5, 2025, the **last day of jurisdictional discovery**.

Defendant's contention that it would face "'undue prejudice'" if now required to draft another motion to dismiss lacks merit. Opp. at 8; *see, e.g.*, *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (defendant's assertions that it would be prejudiced because it would have to "redraft its motion for summary judgment . . . [did] not, without more, establish that prejudice [would] result from permitting the plaintiff to amend"); *Young v. St. Luke's Hosp.*, 2010 WL 1348468, at *4 (E.D. Pa. Mar. 30, 2010) (finding additional time and cost to defend against second amended complaint not prejudicial).[2] In any event, there is no need for Evolution to file another motion to dismiss the Complaint as its most recent motion already argued that the facts Plaintiffs' PAC include are insufficient to establish the Court's jurisdiction over Evolution. *See* ECF 60. Thus, Defendant's proclaimed "prejudice" is illusory.[3]

---

[2]    Defendant's cases are inapposite as the plaintiffs in those cases moved to amend the complaint after **fact** discovery closed. Opp. at 7-8 (citing *Kotowski v. JGM Fabricators & Erectors, Inc.*, 2019 WL 13208255, at *1 n.1 (E.D. Pa. Feb. 25, 2019); *Zeigenfuse v. Kemp & Assocs., Inc.*, 2015 WL 7568259, at *3 (E.D. Pa. Nov. 25, 2015); *McCarthy v. Komori Am. Corp.*, 200 F.R.D. 507, 508-09 (E.D. Pa. 2001)).

[3]    Moreover, any prejudice Evolution may be suffering is of its own making. Evolution refused Plaintiffs' suggested schedule that included filing an amended complaint to incorporate facts gleaned from jurisdictional discovery **before** Evolution renewed its motion to dismiss. Evolution cannot retroactively complain it is prejudiced by Plaintiffs' timing. *See Sullivan-Blake v. FedEx Ground*

- 3 -

4934-4965-0261.v1

### B.    Amendment Is Not Futile

Jurisdictional discovery further confirmed Evolution's entrenchment in its subsidiaries' business affairs.  The *Latex Gloves* alter ego test is not a checklist, meaning "[n]o single factor is dispositive."  *In re Chocolate Confectionery Antitrust Litig.*, 602 F. Supp. 2d 538, 570 (M.D. Pa. 2009); *see also* ECF 54 at 6.  As discussed below, the new facts alleged in the PAC holistically illustrate that Evolution Malta Limited, Evolution US LLC, and NetEnt Americas LLC (the "Pennsylvania subsidiaries") are "'mere department[s] of the parent.'" *In re Enterprise Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 735 F. Supp. 2d 277, 318 (W.D. Pa. 2010).

### 1.    Factor 1 – Ownership of All or Most of the Subsidiaries' Stock

Defendant does not dispute that Factor 1 favors Plaintiffs as Evolution held 100% ownership in the Pennsylvania subsidiaries.  *See, e.g.*, PAC at 4-5; ECF 65-22 at 48-50 (testimony from Evolution's Rule 30(b)(6) corporate representative); ECF 44-3 at 4 (Group CEO Martin Carlesund's ("Carlesund") own admission).  While the Court explained that Factor 1 cannot, on its own, establish alter ego jurisdiction, when considered together with the remaining factors, Evolution's 100% ownership in the Pennsylvania subsidiaries weighs in favor of finding an alter ego relationship.

### 2.    Factors 2, 5, and 7 – Common Officers and Directors; Common Use of Employees; Interchange of Managerial and Supervisory Personnel

Without offering any case law to support its position, Defendant brushes aside the fact that two of Evolution's executive officers – Carlesund and CSO Jesper von Bahr ("von Bahr") – directed and advised the Pennsylvania subsidiaries.  Opp. at 4; PAC at 6-7.  For example, Carlesund had "sole and exclusive" control over NetEnt while also serving as Evolution's Group CEO.  PAC at 7; ECF 45-6 at 72.  Evolution also held Extended Group Management team meetings to discuss

---

*Package Sys., Inc.*, 2021 WL 3563389, at *8 (W.D. Pa. Aug. 12, 2021) (no undue delay where defendant was aware of potential amendment timing).

- 4 -

strategy matters and monitor targets.  PAC at 7-8.  Defendant seeks to minimize the significance of these meetings by suggesting merely "some officers" attended them.  Opp. at 5.  In contrast to Defendant's *de minimis* portrayal, Evolution's own corporate representative testified that the officers who actively participated in these monthly meetings included Group CEO Carlesund, CSO von Bahr, CFO Jacob Kaplan, and the CEO of Evolution US LLC, Jacob Claesson, who reported directly to Carlesund, as well as other senior executives from other Evolution subsidiaries.  PAC at 8.  The overlap between Evolution's and the Pennsylvania subsidiaries' officers and directors supports a finding of an alter ego relationship.  *See Simeone ex rel. Est. Of Albert Francis Simeone, Jr. v. Bombardier-Rotax GmbH*, 360 F. Supp. 2d 665, 675 (E.D. Pa. 2005).

### 3.    Factors 3 and 4 – Common Marketing Image and Common Use of a Trademark or Logo

Jurisdictional discovery also substantiated that Evolution publicly holds itself and its subsidiaries out as a single entity.  Defendant's Opposition focuses on the Pennsylvania subsidiaries' shared use of Evolution's logo and website, facts that weigh in favor of finding an alter ego relationship.  Opp. at 6; *see Directory Dividends, Inc. v. SBC Commc'ns, Inc.*, 2003 WL 21961448, at *5 (E.D. Pa. July 2, 2003) (same trademark and website compelling evidence of alter ego relationship).  Tellingly, Defendant ***ignores*** that Evolution regularly refers to itself and its subsidiaries collectively as the "Group," and a "single segment" in conference calls and in its annual reports.  PAC at 4; ECF 45-7 at 82; ECF 44-1 at 77.  These repeated representations that Evolution is a single company, the shared use of one website, the appearance of Evolution's logo on its subsidiaries' handbooks, letterhead, and signature blocks, and Evolution's "One Stop Shop" initiative – which ensured that all of Evolution's subsidiaries use the same logo – underscores that Factors 3 and 4 favor Plaintiffs.  PAC at 9.

4.      **Factors 6 and 9 – Integrated Sales System; Subsidiary Acting
as Marketing Arm of or Exclusive Distributor for the Parent**

Evolution's subsidiaries only sell products that are produced or sourced from Evolution and bear its logo.  PAC at 13 (30(b)(6) deposition testimony stating: "As far as I know, our commercial teams are only offering games or products for which the IP is owned by an Evolution subsidiary.") (quoting ECF 65-22 at 87:16-18).  Indeed, Evolution Malta Limited owns all of the intellectual property for Evolution's Live Casino offerings.  *Id.*  That the parent company does not develop or produce its own products does not undermine this factor, particularly here where Evolution dictated the approach to marketing, branding, and sales of the Live Casino offerings, all of which support an alter ego relationship.  *See Simeone*, 360 F. Supp. 2d at 678.

5.      **Factor 8 – Subsidiaries Perform Business Functions the Parent
Would Normally Conduct Through Its Own Agents or
Departments**

Evolution's assertion that the PAC does not address the eighth factor is simply incorrect. Opp. at 5.  Indeed, jurisdictional discovery corroborated that Evolution is a holding company in name only because it only operates its games through its subsidiaries.  PAC at 13.  In any event, "[n]o single factor is dispositive, and the court may consider all relevant evidence to determine whether the parent exercises actual control over a subsidiary beyond that which is characteristic of a usual parent-subsidiary relationship."  *Chocolate*, 602 F. Supp. 2d at 570.

6.      **Factor 10 – Instruction from the Parent to Officers of the
Related Corporation**

An alter ego relationship is usually established where Factor 10 is satisfied.  *See Bassil v. Starwood Hotels & Resorts Worldwide, Inc.*, 2014 WL 4795001, at *6 (E.D. Pa. Sept. 26, 2014). Defendant's narrow focus on the Pennsylvania subsidiaries' control over ministerial matters does nothing to rebut that, *inter alia*: (a) Evolution has authority to approve or terminate the employment of the CEO of Evolution US LLC; (b) the Pennsylvania subsidiaries report up to the parent; and

- 6 -

Case 2:24-cv-00326-MRP    Document 72    Filed 07/14/25    Page 9 of 12

(c) Evolution enforces group-wide policies over critical business functions (*e.g.*, Corporate Governance, Finance and Accounting, Code of Conduct), and controls employee training for all of its subsidiaries.  PAC at 8-12.  That Carlesund himself signed a Connecticut property lease on behalf of Evolution US LLC in his capacity as a "Group CEO" undercuts Defendant's reliance on the fact that the Pennsylvania subsidiaries "entered into their own leases."  *Compare* PAC at 7, *with* Opp. at 3.  Defendant ignores that the Pennsylvania subsidiaries did not separately report revenues and that Evolution reviewed and approved the Pennsylvania subsidiaries' budgets.  PAC at 14-15.  In sum, Evolution's control of the Pennsylvania subsidiaries' critical business operations strongly supports an alter ego relationship.

### C.    The PAC Sufficiently States a Federal Securities Fraud Claim

Once again, Defendant regurgitates its arguments that the Complaint should also be dismissed for failing to state a securities fraud claim pursuant to Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").  Opp. at 6-7. But as detailed in Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss the Amended Complaint (ECF 45), the PAC satisfies the PSLRA and Rule 9(b) and shows how Evolution's materially false and misleading statements during the Class Period caused millions of dollars in damages to United States investors.  Jurisdictional discovery confirmed that Defendant's complicated corporate structure cannot shield it from facing Plaintiffs' allegations.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion.

DATED: July 14, 2025

ROBBINS GELLER RUDMAN & DOWD LLP
DEBRA J. WYMAN (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)

s/ Debra J. Wyman
DEBRA J. WYMAN

- 7 -

4934-4965-0261.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

BERGER MONTAGUE PC
MICHAEL DELL'ANGELO
ANDREW D. ABRAMOWITZ
1818 Market Street, Suite 3600
Philadelphia, PA  19103
Telephone:  215/875-3000
215/875-4604 (fax)
mdellangelo@bm.net
aabramowitz@bm.net

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on July 14, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Debra J. Wyman
DEBRA J. WYMAN

ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
Email:  debraw@rgrdlaw.com

4934-4965-0261.v1

# Mailing Information for a Case 2:24-cv-00326-MRP SKOLNICK v. EVOLUTION AB (publ) et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **GULLIVER BRADY**
  bradyg@sullcrom.com

- **MICHAEL C. DELL'ANGELO**
  mdellangelo@bm.net,eyork@bm.net,sleo@bm.net,courtmail@bm.net,csimon@bm.net,jgionnette@bm.net

- **WILLIAM B FEDERMAN**
  wbf@federmanlaw.com,law@federmanlaw.com

- **ROBERT J. GIUFFRA , JR**
  giuffrar@sullcrom.com

- **JULIA A. MALKINA**
  MALKINAJ@SULLCROM.COM

- **SHANNON ELISE MCCLURE**
  shannon.mcclure@blankrome.com,courtmail@blankrome.com

- **DAVID M. PROMISLOFF**
  david@prolawpa.com

- **DAVID M.J. REIN**
  reind@sullcrom.com

- **Jessica E. Robertson**
  jrobertson@rgrdlaw.com,e_file_sd@rgrdlaw.com,TerreeD@rgrdlaw.com

- **RACHEL SKOLNICK**
  wbf@federmanlaw.com

- **LAURA SABRINA STEIN**
  lstein@rgrdlaw.com,e_file_sd@rgrdlaw.com,DWatts@rgrdlaw.com

- **David Tambussi**
  david.tambussi@blankrome.com,arc@blankrome.com,courtmail@blankrome.com

- **DEBRA J. WYMAN**
  debraw@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)